UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACOB STINE, et al., <br><br> Defendants. | Case No. 24-cv-03744-WHO <br><br> **ORDER DENYING TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 17 |

Plaintiff's motion for an immediate temporary restraining order is **DENIED**.

"Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. But if a plaintiff can only show that there are "serious questions going to the merits," a court may still grant interim relief if the balance of hardships "tips sharply in the plaintiff's favor," and the other two *Winter* factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation omitted).

Here, Plaintiff has not shown that it is likely to suffer irreparable harm in the absence of an immediate temporary restraining order while awaiting the hearing on a preliminary injunction. Plaintiff has set a hearing for August 7, 2024, for the Court to decide whether to issue a preliminary injunction to prevent defendants Jacob and Juanita Stine from using or distributing

1  Plaintiff's proprietary information that they allegedly possess.[1]  The record does not support a

2  finding that Plaintiff would suffer irreparable harm if it had to wait until August 7 to obtain the

3  relief sought.

4        The pleadings contain no information implying that Defendants have used or distributed

5  the proprietary information that they have allegedly possessed for several weeks.  Nor does the

6  record currently provide any basis from which the Court could infer that Defendants intend to use

7  or distribute that information before August 7, 2024, or that they have threatened to do so.

8  Defendants have apparently been in possession of the contested proprietary information since June

9  14, 2024.  *See* Motion for Temporary Restraining Order and Order to Show Cause ("Motion")

10  [Dkt. No. 17] 5:11-24.  That they have not acted to exploit the information since that time belies

11  the need for emergency relief.

12  Robin Lavallee, one of Implicit's co-founders, does state in an attached declaration that Jacob

13  Stine's "possession of the La Honda data centers puts the security of key applications used across

14  Implicit's network at risk, forcing Implicit to operate only in a severely degraded capacity."

15  Declaration of Robin Lavallee ("Lavallee Decl.") [Dkt. No. 17-2] ¶ 55.  However, this is

16  insufficient to carry Plaintiff's burden under *Winter* or *Cottrell*.  Plaintiff notes that it has already

17  decoupled its other data centers from La Honda, the data center that is apparently located at Jacob

18  and Juanita Stine's home.  *Id.* ¶ 56.  And the whole point of having three data centers, as Implicit

19  does, is to ensure that they may "continue functioning should one of the data centers fail."  *Id.*

20  ¶ 52.  Plaintiff does not provide further explanation as to why it is operating at a "severely

21  degraded capacity" or whether there are other measures that Plaintiff could reasonably be expected

22  to take that would address the situation without court intervention.  That is not sufficient evidence

23  to justify the extraordinary remedy Plaintiff seeks.  This motion is denied without prejudice.  If, in

24  the coming weeks, new facts emerge suggesting that Defendants intend to use or distribute

---

[1] Plaintiff's motion appears to notice both the temporary restraining order motion and the preliminary injunction motion for hearing on August 7, 2024.  However, the supporting brief suggests that Plaintiff seeks immediate temporary relief enjoining Defendants from using or distributing its proprietary information pending a preliminary injunction hearing on August 7, 2024.  The Court therefore construes Plaintiff's motion as seeking immediate temporary relief prior to the preliminary injunction hearing.

Plaintiff's proprietary information, or if Defendants threaten to do so, Plaintiff may inform the Court immediately, and the Court will revisit Plaintiff's request for relief considering those new facts.

This Order does not address Plaintiff's motion for a preliminary injunction, which will be heard on August 7, 2024, and offers no opinion on whether Plaintiff meets the legal standard for such an injunction.

**IT IS SO ORDERED.**

Dated: July 3, 2024

Rita F. Lin
United States District Judge
as General Duty Judge for
William H. Orrick