1  Jackie M. Ford, Esq. (SBN: 272641)
   jford@structurelaw.com
2  Karen F. Rothschild, Esq. (SBN: 346949)
   krothschild@structurelaw.com
3  STRUCTURE LAW GROUP, LLP
4  1754 Technology Drive, Suite 135
   San Jose, California 95110
5  Telephone: (408) 441-7500
   Facsimile: (408) 441-7501
6

7  Attorneys for Defendants
   JACOB STINE and JUANITA TRAVER STINE
8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOOD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03744-JCS<br><br>**DECLARATION OF JUANITA TRAVER STINE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:   August 7, 2024<br>Time:   2:00 p.m.<br>Judge:  Hon. William H. Orrick |

19      I, Juanita Traver Stine, declare as follows:

20      1.      I make this declaration in support of Defendants Jacob Stine and Juanita Traver

21  Stine's Opposition to Plaintiff's Motion for Temporary Restraining Order. The facts stated

22  herein are true of my knowledge. If called upon, I could and would competently testify thereto.

23      2.      My husband, Jacob Stine, is the co-founder of Implicit Conversions, Inc.

24  ("Implicit" or the "Company"). I joined Implicit primarily as the Payroll Administrator, although

25  my role was later expended to Human Resource Generalist.

26      3.      On May 10, 2024, my husband suffered a medical emergency that required

27  immediate attention, leading to his visit to the hospital as recommended by the crisis center.

28  While he was not hospitalized, he was assessed and deemed to be in crisis, resulting in his

- 1 -
DECLARATION OF JUANITA TRAVER STINE IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

medical leave from work. As the head of Implicit's human resources, I was involved in coordinating my husband's medical leave.

4. On May 13, 2024, I received a message from Robin Lavallee regarding my husband's medical crisis that said: "Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have."

5. Mr. Lavallee and his wife, Isabelle Gagnon, told me they have a family member with autism. On May 16, 2024, while my husband was on medical leave, I conversed with Ms. Gagnon about my husband's leave and expressed my concern that Implicit needed to work with him to provide reasonable medical accommodations. Ms. Gagnon wrote to me:

> I'm the first one to know and take autism into consideration. I've been guiding Robin a lot over the last year about how to interact with … it's a sensitive topic. I know that a big part about this conflict is directly related to Jake's autism. It hurts me to know that it's difficult for Jake; I can see my [family members] in him …"
> (First ellipses in original.)

6. On June 24, 2024, I received a notice from Mr. Lavallee that my employment had been terminated.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of July, 2024.

*Juanita Traver Stine*
Juanita Traver Stine