GRELLAS SHAH LLP

DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

STRUCTURE LAW GROUP, LLP

Jackie M. Ford, Esq. (SBN: 272641)
(jford@structurelawgroup.com)
Karen Rothschild, ESQ. (SBN: 346949)
(krothschild@structurelawgroup.com)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, CA  95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants
JACOB STINE AND JUANITA TRAVER
STINE

August 19, 2024

Honorable Judge William H. Orrick
San Francisco Courthouse
450 Goldengate Ave.
San Francisco, CA 94102

      Re: *Implicit Conversions. Inc. v. Jacob Stine et al*, Case No. 3:24-cv-03744-WHO

Dear Honorable Judge Orrick,

      The parties in the above-titled action write to apprise you of their efforts to agree on a proposed order for preliminary injunction.  After meeting and conferring, Plaintiff Implicit Conversions, Inc. ("Implicit") and Defendants Jacob and Juanita Stine (the "Stines" or "Defendants") were unable to come to an agreement on the language of the proposed preliminary injunction order.  Each party states below their respective positions on the proposed language of the order.  Attached hereto as Exhibit A is Implicit's proposed order, attached hereto as Exhibit B is the Stines' proposed order, and attached hereto as Exhibit C is Implicit's proposed order with the Stines' proposed changes highlighted in redline.

**Implicit's Position**:

      Implicit's proposed order is aligned with the Implicit confidential, proprietary and trade secret information outlined in its Motion for Temporary Restraining Order (Dkt. No. 17) and its reply brief (Dkt. No. 24) in support thereof.  Implicit has now added additional particularized detail to the language of the proposed protective order that, for example, explains the location and types of source code that are subject to the injunction.  Conversely, the Stines' proposals seek to eviscerate the scope of any

Hon. William H. Orrick
August 19, 2024
Page 2 of 5

preliminary injunction by carving out Implicit confidential, proprietary, and trade secret information that the Stines should be enjoined from disclosing, acquiring, or using.

**First**, given that neither Jacob Stine nor Juanita Stine are current employees of Implicit, they should be enjoined from accessing any Implicit computer systems. Implicit's proposed language mirrors that of the Computer Fraud and Abuse Act ("CFAA"), which prohibits, inter alia, "intentionally access[ing] a **computer** without authorization or exceed[ing] authorized access." 18 U.S.C. § 1030(a)(2) (emphasis added). The language of the CFAA specifically refers to "computers," not "physical servers, and restricted accounts," as proposed by the Stines. *See id.* Accordingly, Implicit's proposal adheres to the language of the CFAA.

**Second**, the Stines should be enjoined from disclosing, acquiring, or using any Implicit confidential, proprietary, and trade secret information. Implicit's proposed language mirrors that of the Defend Trade Secret Act ("DTSA"), which defines misappropriation of a trade secret in terms of "acquisition," "disclosure," and "use." *See* 18 U.S. Code § 1839 (5)(A)-(B). Under the Stines' proposed language, the Stines would be enjoined from only disclosing Implicit confidential, proprietary, and trade secret information, but not enjoined from "acquiring" or "using" such information. Clearly, the Stines should be enjoined from not only disclosing the misbegotten information, but also from using any confidential, proprietary or trade secret information they already have in their possession. As ex-employees, they have no authority or lawful right to use such information. They likewise should be enjoined from acquiring any more of this information in the future.

**Third**, the Stines should not have access to any Implicit business development plans and strategic initiatives, information and communications concerning ongoing customer negotiations, confidential customer contracts, internal budgeting and forecasts, and financial records. These documents were either converted when the Stines' refused to return them post-termination or were unlawfully acquired when the Stines accessed Implicit computer systems without authorization. Furthermore, The Stines' attempt redefine financial records as "bank statements; and income statements, balance sheets, statements of cash flows, budget reports, and forecasts as generated by Implicit's accounting software" is unwarranted and leaves out Implicit confidential business records that are not public and to which the Stines should not have access. By way of example, Implicit's capitalization table is one such document. Implicit is a privately-held company and its shareholdings are confidential.

**Fourth**, the Stines should not be entitled to disclose confidential information to third parties or use confidential information in connection with them, regardless of whether such confidential information relates to or was created in collaboration with said third party. Indeed, because the Stines are **not** Implicit employees, the Stines cannot be permitted to access or make use of information that is subject to confidentiality agreements between Implicit and its customers or partners. If a customer or partner of Implicit is seeking confidential information regarding its relationship with Implicit or otherwise, it is Implicit's prerogative to decide whether or not to share that information.

Accordingly, Implicit respectively requests that the Court enter its proposed preliminary injunction order.

Hon. William H. Orrick
August 19, 2024
Page 3 of 5

**Stines' Position**:

As outlined in Defendants' brief opposing the issuance of the preliminary injunction, there is a lack of specificity in the order Implicit proposes.  While the parties were able to narrow some of the issues after meeting and conferring, and perhaps could continue further to do so, there does seems to be a fundamental disagreement about the level of detail that should be required by the order.

Implicit cited <u>Dish Network LLC v. Ramirez</u>, 2016 WL 3092184, in its moving papers.  That case is exemplary by the level of detail that was in the order permanently enjoining the defendant from committing specified acts:

 Defendant is hereby permanently enjoined from:

(a) manufacturing, importing, offering to the public, providing, or otherwise trafficking in passcodes to the NFPS service, any other code or password used in accessing an IKS server, and any other technology or part thereof that is used in circumventing DISH Network's security system or receiving DISH Network programming without authorization;

(b) circumventing or assisting others in circumventing the DISH Network security system, or receiving or assisting others in receiving DISH Network's satellite signal without authorization; and

(c) testing, analyzing, reverse engineering, manipulating, or extracting code, data, or information from DISH Network's satellite receivers, smart cards, satellite stream, or any other part or component of the DISH Network security system.

Taking notes from the <u>Dish Network</u> case, in addition to <u>Scott v. Schedler</u> (5th Cir. 2016) 826 F. 3d 207 cited in Defendants' opposition, the level of specification in the proposed order is not tailored enough to prevent only the specific conduct.  It is additionally overly vague such that an ordinary person reading the order would not be able to ascertain what conduct is proscribed.

<u>"Access" and "Computer Systems"</u>

It is unclear what is meant in this context.  Would sending an email to all the Implicit employees constitute "accessing" Implicit's "computer system"?  What if the "computer system" is publicly available, such as on GitHub where Implicit has a public-facing page where users can interface with Implicit?  However, if the language is limited to restricting access to the physical servers and accounts which are restricted, the order will be clear and will honor Implicit's intent.

<u>"Acquiring" and "Using"</u>

Further, Defendants take issue with the inclusion of the terms "acquiring" and "using" as proposed as these terms fail to adequately describe what actions are prohibited. Specifically, the term "acquiring" could be interpreted to limit Defendants from receiving information from third parties that are the rightful holders of the information. Implicit has confidential agreements to make products for third parties as part of their work in video game emulation, but the third parties that receive the product from Implicit hold the right to use that information as they see fit. The use of "acquiring" as stated in the

Hon. William H. Orrick
August 19, 2024
Page 4 of 5

draft proposed order would seemingly punish Defendants for being provided that information from rightful holders of the information should they try to use it. Defendants' proposed limitation to just disclosure to third parties, coupled with the fact that they would be enjoined from accessing Implicit's physical servers and restricted accounts, would be narrowly tailored enough to honor Implicit's intent.

The order should only extend to information that Implicit owns or has a the right/obligation to protect

"[A]ll source code and software tools which are protected by Implicit logins from Git, GitHub, and GitLab; all source code from any Implicit source code repository; all confidential partner source code (except where the disclosing party authorizes such action); all generated binary files; all intermediate object files; all game symbol files" should be clarified that these must either be owned by Implicit, or that Implicit must protect.

As the listed items may refer to the intellectual property of third parties, the decision of whether to provide that information to the Stines should remain with the third party. Implicit should not be able to limit Defendants from otherwise receiving the same information from the third party. Video game emulation is a small field and the language as Implicit has drafted could be interpreted to limit the Defendants from working with third parties that otherwise have a right to use both information they own, and information that the information that Implicit may consider confidential, provided the third party provides the consent. Otherwise this could be considered a restraint on trade. Defendants should not be prevented from working in the industry if they are enjoined from "touching" any Implicit information, even if properly authorized by third parties. This would go beyond the scope of the motion. Defendants' proposed language recognizes the rights of third parties who also have a right to disclose this information.

Business development plans and strategic initiatives, etc., are too vague

Defendants' counsel met and conferred with Implicit's counsel regarding the remaining issues in the draft order and as of 8:30pm on August 19th were not able to come to a conclusion regarding several of Implicit's terms including "business development plans and strategic initiatives" and "financial records." Upon asking for specifics, none were provided. For instance, there was agreement that the Defendants' payroll records would not be included in the definition of "financial record." But Implicit's counsel was not able to specifically identify what needed to be kept confidential. Defendants seek to remove such language until further information can be provided to determine what exactly is sought to be enjoined. Relying on vague terms such as "business development plans and strategic initiatives," which are unknown to Defendants, could lead to later confusion as what is or is not a business development plan or a strategic initiative and could result in a mini-trial should Implicit seek to enforce this order.

It is unclear what is meant by "information and communications concerning ongoing customer negotiations;" Defendants are not privy to Implicit's ongoing communications with clients and thereby would not know what information, communications or negotiations are ongoing after their departure. These vague terms provide no guidance to Defendants, as the field of video game emulation contains few companies and customers and Defendants are entitled to know what they are restrained from doing.

Hon. William H. Orrick
August 19, 2024
Page 5 of 5

By further example, "financial records" as written could include Defendants' payroll and tax information to which they are entitled.  Clearly such would go beyond the scope of the order, but that's not what the proposed language says.  Defendants have done their best to honor what they believe is Implicit's intent, by identifying what they believe Implicit is after.  No examples were provided to Defendants during the meet and confer process.

For the foregoing reasons, the Stines request that the Court enter the proposed order which is attached hereto as Exhibit B.

Respectfully submitted,

GRELLAS SHAH LLP

*/s/ Dhaivat Shah*

*Dhaivat H. Shah*
Attorneys for Implicit, Conversions, Inc.


STRUCTURE LAW GROUP LLP

*/s/ Jackie Ford*

Jackie Ford, Esq.
Attorneys Defendants JACOB STINE AND JUANITA TRAVER STINE

# EXHIBIT A

GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVERS STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:24-cv-03744-WHO<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Upon review of Plaintiff Implicit Conversion, Inc.'s ("Implicit") Motion for Preliminary Injunction ("Motion"), the supporting declaration, exhibits, and the entire record in this matter, and good cause appearing, the Motion is GRANTED IN PART.

The Court orders as follows:

(1) Jacob Stine and Juanita Stine are enjoined from accessing Implicit's computer system; and

(2) To the extent any of the following information is not publicly available or is not kept confidential, Jacob Stine and Juanita Stine are enjoined from acquiring, using, or disclosing to any third-party (other than to those with a need-to-know, such as attorneys of record or expert witnesses, and in accordance with any stipulated protective order entered in this litigation), all of the following Implicit confidential, proprietary, and trade secret information, including: all source code and software tools which are protected by Implicit logins from Git, GitHub, and GitLab; all source code from any Implicit source code repository; all confidential partner source code; all generated binary files; all intermediate object files; all game symbol files; business development plans and strategic initiatives; information and communications concerning ongoing customer negotiations; confidential customer contracts; internal budgeting and forecasts; and financial records.

IT IS SO ORDERED.

DATED: _____

_____
Honorable William H. Orrick
United States District Judge

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 3:24-cv-03744-WHO

# EXHIBIT B

GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>             Plaintiff,<br><br>        vs.<br><br>JACOB STINE, an individual, JUANITA TRAVERS STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.  3:24-cv-03744-WHO<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Upon review of Plaintiff Implicit Conversion, Inc.'s ("Implicit") Motion for Preliminary Injunction ("Motion"), the supporting declaration, exhibits, and the entire record in this matter, and good cause appearing, the Motion is GRANTED IN PART.

The Court orders as follows:

(1) Jacob Stine and Juanita Stine are enjoined from accessing Implicit's physical servers, and restricted accounts that Implicit owns; and

(2) To the extent any of the following information is not publicly available or is not kept confidential, Jacob Stine and Juanita Stine are enjoined from disclosing to any third-party (other than to those with a need-to-know, such as attorneys of record or expert witnesses, and in accordance with any stipulated protective order entered in this litigation), all of the following Implicit-owned confidential, proprietary, and trade secret information, or any such of the following information to the extent that Implicit has the right or responsibility to protect: all source code and software tools which are protected by Implicit logins from Git, GitHub, and GitLab; all source code from any Implicit source code repository; all confidential partner source code (except where the disclosing party authorizes such action); all generated binary files; all intermediate object files; all game symbol files; confidential customer contracts; bank statements; and income statements, balance sheets, statements of cash flows, budget reports, and forecasts as generated by Implicit's accounting software.

IT IS SO ORDERED.

DATED: _____

_____
Honorable William H. Orrick
United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# EXHIBIT C

GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

| IMPLICIT CONVERSIONS, INC, a Delaware Corporation, | Case No.  3:24-cv-03744-WHO |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| vs. | |
| JACOB STINE, an individual, JUANITA TRAVERS STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive, | |
| Defendants. | |

Upon review of Plaintiff Implicit Conversion, Inc.'s ("Implicit") Motion for Preliminary Injunction ("Motion"), the supporting declaration, exhibits, and the entire record in this matter, and good cause appearing, the Motion is GRANTED IN PART.

The Court orders as follows:

(1) Jacob Stine and Juanita Stine are enjoined from accessing Implicit's ~~computer system; and~~physical servers, and restricted accounts that Implicit owns; and

(2) To the extent any of the following information is not publicly available or is not kept confidential, Jacob Stine and Juanita Stine are enjoined from ~~acquiring, using, or~~ disclosing to any third-party (other than to those with a need-to-know, such as attorneys of record or expert witnesses, and in accordance with any stipulated protective order entered in this litigation), all of the following Implicit-owned confidential, proprietary, and trade secret information, ~~including~~or any such of the following information to the extent that Implicit has the right or responsibility to protect: all source code and software tools which are protected by Implicit logins from Git, GitHub, and GitLab; all source code from any Implicit source code repository; all confidential partner source code~~;~~ (except where the disclosing party authorizes such action); all generated binary files; all intermediate object files; all game symbol files; ~~business development plans and strategic initiatives; information and communications concerning ongoing customer negotiations;~~ confidential customer contracts; ~~internal budgeting~~bank statements; and income statements, balance sheets, statements of cash flows, budget reports, and forecasts~~; and financial records.~~ as generated by Implicit's accounting software.

IT IS SO ORDERED.

DATED: _____

_____
Honorable William H. Orrick
United States District Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014