GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN
LAVALLEE

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM OF JUANITA TRAVER STINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 9, 2024<br>Time:          2:00 p.m.<br>Judge:        William H. Orrick<br>Courtroom:  2 - 17th Floor<br><br>Date Action Filed: June 21, 2024 |

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**TABLE OF CONTENTS**

Page (s)

NOTICE OF MOTION AND MOTION ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................2

I.      INTRODUCTION ................................................................................ 2

II.     STATEMENT OF ISSUES ................................................................. 3

III.    RELEVANT FACTUAL ALLEGATIONS ............................................. 4

IV.     PROCEDURAL BACKGRUND................................................................ 5

V.      ARGUMENT ....................................................................................... 5

        A.    Legal Standard ....................................................................... 5

        B.    The Counterclaim Fails To State A Claim For Wrongful Termination Based On Association .......................................................... 6

        C.    The Counterclaim Fails To State A Claim For Intrusion Into Private Affairs ........................................................................10

VI.     CONCLUSION ........................................................................................12

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## TABLE OF AUTHORITIES

**CASES**                                                                Pages (s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................5, 6

*Brown v. Los Angeles Unified School Dist.*,
    60 Cal. App. 5th 1092 (2021)........................................................................6

*Castro-Ramirez v. Dependable Highway Express, Inc.*,
    2 Cal. App. 5th 1028 (2016).........................................................................7

*Humphers v. First Interstate Bank of Oregon*,
    298 Or. 706 (1985) .....................................................................................11

*Shulman v. Group W Productions, Inc.*,
    18 Cal. 4th 200 (1998) ...........................................................................4, 10

*Starr v. Baca*,
    633 F.3d 1191 (9th Cir. 2011)......................................................................6

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007) ...............................................................................11

**STATUTES**

California Penal Code:

    § 502(c) ........................................................................................................5

**RULES**

Federal Rules of Civil Procedure:

    Rule 12(b)(6) ............................................................................................1, 2

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 9, 2024, at 2:00 p.m., or as soon thereafter as may be heard, in Courtroom 2 on the 17th Floor of the above-entitled Court, counterdefendants Implicit Conversions, Inc. and Robin Lavallee will and hereby move for an order dismissing the Counterclaims One and Two of the counterclaim (the "Counterclaim") (Dkt. No. 26) filed by defendant Juanita Traver Stine under Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend, on the grounds that each counterclaim fails to state facts sufficient to state a claim for relief.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  September 4, 2024                  GRELLAS SHAH LLP

By:  __/s/ Dhaivat H. Shah__
     Dhaivat H. Shah, Esq.
     Attorneys for Counterdefendants
     IMPLICIT CONVERSIONS, INC. and ROBIN
     LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

### MEMORANDUM OF POINTS AND AUTHORITIES

Counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee ("Lavallee," and together with Implicit, "counterdefendants") respectfully request that the Court dismiss Counterclaims One and Two of the Counterclaim (the "Counterclaim") (Dkt. No. 26) filed by defendant and counterclaimant Juanita Traver Stine ("Traver Stine") under Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and without leave to amend.

## I.   INTRODUCTION

Traver Stine has filed this retaliatory Counterclaim against Implicit and its CEO, Lavallee, to deflect from her own serious violations of cybercrime and trade secret laws.  The Counterclaim, however, does not contain factual allegations supporting a plausible inference of any wrongdoing by Implicit or Lavallee relating to Traver Stine.

Counterclaim One asserts a claim against Implicit for wrongful termination based on Traver Stine's association with a person perceived to have autism (her husband, Jacob Stine ("Stine")).  But the Counterclaim contains no factual allegations indicating why Traver Stine's personal association with a person perceived to have autism – a personal association that is not alleged to have created extra expenses for Implicit and for which there is no allegation that Traver Stine sought or needed any accommodations – would have substantially motivated Implicit to terminate her.

The Counterclaim states that Implicit wrongfully terminated Traver Stine because it was more convenient to terminate both Stine and Traver Stine than to engage in the interactive process regarding potential accommodations for *Stine* relating to his perceived autism.  But this is illogical and implausible.  Stine's termination alone was sufficient to avoid the interactive process if that was actually Implicit's motive (which it was not).

The Counterclaim's factual allegations indicate that Traver Stine had failed to address issues relating to Stine's behavior in Traver Stine's professional role as Implicit's human resources manager.  The Counterclaim also strategically omits key facts precipitating Traver Stine's termination that Stine admitted to in his answer to Implicit's complaint:  that after Implicit terminated Stine and revoked his access to Implicit's computer systems, Traver Stine's

2

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

credentials were used to access Implicit's computer administration system, restore Stine's access, disable Lavallee's access, and take Implicit's computer systems offline. Traver Stine was immediately placed on leave and subsequently terminated when Implicit discovered her involvement in the breach of Implicit's computer systems. Counterclaim One must be dismissed with prejudice because the Counterclaim does not and cannot allege a claim for wrongful termination based on associational discrimination.

Counterclaim Two asserts a claim against Lavallee and Implicit for intrusion into private affairs because Lavallee informed some Implicit employees that he had asked the police to conduct a wellness check on Lavallee. But Lavallee's alleged disclosure did not reveal any confidential information about Traver Stine in which she had an objectively reasonable expectation of privacy. Lavallee is alleged to have disclosed only his own actions, which he had no legal duty to keep confidential. A claim for improper intrusion cannot be maintained if the defendant was under no legal obligation to maintain the information as confidential.

Accordingly, Implicit and Lavallee respectfully request that the Court dismiss Traver Stine's Counterclaim in its entirety.

## II.    STATEMENT OF ISSUES

1.    A claim for wrongful termination based on association with a member of a protected class requires the plaintiff to show that the disability was a substantial factor motivating the employer's adverse employment action. The Counterclaim alleges that Traver Stine was terminated based on her association with her husband who is perceived to have autism, because it was allegedly more convenient for Implicit to terminate both Stine and Traver Stine than to engage in the interactive process regarding accommodations for *Stine*. The Counterclaim does not allege that Traver Stine ever requested any accommodations for herself due to her husband's perceived autism or that Traver Stine's association with her husband's perceived autism created any additional expenses for Implicit or caused any personal distraction for Traver Stine that interfered with her work for Implicit. Should the Court dismiss the associational discrimination claim because the Counterclaim does not allege facts indicating why Traver Stine's association with a person with perceived autism would have purportedly

motivated Implicit to terminate her?

2.      A claim for intrusion into private affairs requires the plaintiff to show that "the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff," and that "the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 232 (1998).  The Counterclaim alleges that Lavallee and Implicit intruded into Traver Stine's private affairs when Lavallee informed some Implicit employees that he had called the police to conduct a wellness check on Traver Stine.  Should the Court dismiss the intrusion claim because Lavallee only disclosed information regarding his own actions that he had no legal duty to keep confidential and did not disclose any confidential information from Traver Stine's personnel file?

### III.      RELEVANT FACTUAL ALLEGATIONS

The Counterclaim alleges that Traver Stine's husband co-founded Implicit with Lavallee.  Counterclaim ¶ 6.  Traver Stine allegedly joined the company in 2022 as its Payroll Administrator.  *Id*.  Her role allegedly expanded in or around March 2023 to include operating human resources.  *Id.*

Traver Stine's husband, Stine, is allegedly perceived to have autism.  *Id*. ¶ 9.  On May 10, 2024, Stine allegedly began to demonstrate that he was in a "medical crisis."  *Id*. ¶ 10.  Stine allegedly sought medical attention the next day and took a leave of absence from Implicit.  *Id*. ¶ 11.  On or about May 13, 2024, Lavallee wrote to Traver Stine:  "'Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have.'"  *Id*. ¶ 12.

The Counterclaim alleges that Traver Stine, in her role as Implicit's HR leader, began the interactive process to discuss potential accommodations for Stine.  *Id*. ¶ 13.  Lavallee and another member of Implicit's management team subsequently told Traver Stine that Stine could not return to Implicit.  *Id*. ¶ 14.  On June 14, 2024, Implicit terminated Stine's employment.  *Id*. ¶ 16.  On that same day, Lavallee emailed Traver Stine a performance review which stated that her HR role was "a failure" because, among other things, she failed to address the concerns of

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

two employees regarding Stine's disturbing behavior and failed to follow up on multiple other issues relating to Stine. *Id*. ¶ 17.

Later on June 14, 2024, Lavallee called the police to conduct a wellness check on Traver Stine and subsequently told some Implicit employees what he had done. *Id*. ¶ 18. Traver Stine was placed on paid leave on June 17, 2024. *Id*. ¶¶ 21-22. Implicit terminated Traver Stine on June 24, 2024.

## IV.    PROCEDURAL BACKGROUND

On June 24, 2024, Implicit filed a complaint against Traver Stine alleging claims for violation of the Computer Fraud and Abuse Act, violation of California Penal Code section 502(c), *et seq.*, violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, and breach of the duty of loyalty relating to Traver Stine's involvement in the alleged unauthorized access to Implicit's protected computers, the damage to Implicit's protected computers, and the alleged misappropriation of Implicit's trade secrets, among other things. Implicit also sought declaratory relief.

On August 2, 2024, Traver Stine filed her Answer to Implicit's complaint and Counterclaims against Lavallee and Implicit. Traver Stine's Counterclaim One alleges a claim for wrongful termination based on association with a person perceived to have autism against Implicit and Counterclaim Two alleges a claim for intrusion into private affairs against Implicit and Lavallee.

## V.    ARGUMENT

### A.    Legal Standard

A district court should grant a motion to dismiss if the counterclaimant has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Further, "the tenet that a court must accept as true all of the allegations contained in a complaint

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

IMPLICIT & LAVALLEE'S MOTION TO DISMISS TRAVER STINE'S COUNTERCLAIM
Case No. 3:24-cv-03744-WHO

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

### B.    The Counterclaim Fails To State A Claim For Wrongful Termination Based On Association

Counterclaim One purports to allege a claim for wrongful termination based on Traver Stine's association with a person perceived to have autism. But the Counterclaim does not allege facts supporting a plausible inference that Traver Stine's husband's perceived autism was a substantial factor motivating her termination. The Counterclaim alleges that Traver Stine was employed in Implicit's human resources department and is married to Stine, who was an Implicit employee perceived to have autism. Counterclaim ¶¶ 25-26. Stine allegedly suffered a medical incident that caused him to take a leave of absence, during which time Traver Stine allegedly attempted to engage in the interactive process with Implicit management for Stine's benefit. *Id.* ¶ 28. Implicit allegedly informed Traver Stine on June 14, 2024, that she "did not meet her HR duties with respect to Jake Stine" and subsequently terminated her on June 24, 2024. *Id.* ¶ 30. The Counterclaim alleges that her association with her autistic husband was a substantial motivation in her termination. *Id.* ¶ 32. These allegations are not sufficient to state a claim for wrongful termination based on association.

To state a claim for wrongful termination, the plaintiff must allege facts showing that the plaintiff "(1) was a member of a protected class; (2) was qualified for the position sought or was performing competently in the position already held; (3) suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) some other circumstance suggests discriminatory motive." *Brown v. Los Angeles Unified School Dist.*, 60 Cal. App. 5th 1092, 1105 (2021). While association with a person perceived to have a disability qualifies as

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

a disability, "the disability must be a substantial factor motivating the employer's adverse employment action." *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1037 (2016). Associational discrimination claims typically arise in three contexts: "expense," "disability by association," and "distraction." *Id*. at 1041. Courts have provided examples of each category:

> (1) [Expense] his spouse has a disability that is costly to the employer because the spouse is covered by the company's health plan;
>
> (2a) [Disability by association] the employee's homosexual companion is infected with HIV and the employer fears that the employee may also have become infected, through sexual contact with the companion; (2b) (another example of disability by association) one of the employee's blood relatives has a disabling ailment that has a genetic component and the employee is likely to develop the disability as well (maybe the relative is an identical twin);
>
> (3) [Distraction] the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours.

*Id*. While these categories are not exclusive, they are illustrative of the limited circumstances in which an associational discrimination claim can be brought. The Counterclaim does not and cannot allege sufficient facts to support such a claim.

The Counterclaim does not allege facts indicating why Traver Stine's association with a person with perceived autism would have purportedly motivated Implicit to terminate her. None of the contexts in which associational discrimination claims typically arise applies to Traver Stine's situation. Her association with a person with perceived autism did not involve any additional expense for Implicit. Implicit was already bearing any additional employer expenses relating to Stine's perceived autism prior to Traver Stine's hiring because Stine himself was already employed by Implicit. *See* Counterclaim ¶ 6. Autism is not contagious or transferrable between spouses, so there was no concern about disability by association. There is also no issue with distraction. The Counterclaim does not and cannot allege that Traver Stine ever requested an accommodation for herself because she needed to manage her husband's perceived autism in

her personal capacity outside the workplace. While Stine's perceived autism may have had some impact on Stine's performance or Traver Stine's professional responsibilities as an Implicit human resources employee, Traver Stine's **personal** association with Stine's perceived autism had no impact on her employment at Implicit or her termination from Implicit.

Because the Counterclaim cannot identify any facts supporting a plausible inference of associational discrimination, it instead relies on conclusory, illogical and nonsensical statements. The Counterclaim alleges that "it was more convenient for Implicit to (a) fire both Stine and Traver Stine rather than have to engage in the interactive process with Stine or Traver Stine for Stine's benefit, and (b) concoct reasons that Traver Stine did not control her neurodivergent husband as the basis for her termination." Counterclaim ¶ 31. This assertion makes no sense. The referenced interactive process was allegedly to discuss accommodations for Stine, not Traver Stine. *See id*. ¶ 13. Implicit had no need to terminate Traver Stine if it just wanted the purported "convenience" of avoiding the interactive process relating to Stine. That could be achieved by terminating Stine alone. The Counterclaim does not allege that Traver Stine needed or ever requested any accommodations for herself due to her husband's perceived autism. An alleged desire to avoid the interactive process for **another employee** cannot support a plausible inference that Implicit was substantially motivated to terminate Traver Stine due to her association with a person with perceived autism.

The Counterclaim tries to confuse the issues by referencing Traver Stine's alleged failure to "control her neurodivergent husband as the basis for her termination." Counterclaim ¶ 31. But the Counterclaim acknowledges that the alleged failure to control Stine refers to a failure in Traver Stine's professional role as an Implicit human resources employee, not in her personal role as Stine's wife. *See id*. ¶¶ 17, 31. Any Implicit human resources manager would have had the same professional obligation to address Stine's conduct to ensure a safe workplace for other Implicit employees. *See id*. ¶ 17 (identifying Traver Stine's performance problems raised by Implicit, including failing to address concerns of two other Implicit employees regarding Stine's behavior and failing to follow up on multiple other issues relating to Stine).

Moreover, the Counterclaim attempts to mislead the Court by omitting key facts

IMPLICIT & LAVALLEE'S MOTION TO DISMISS TRAVER STINE'S COUNTERCLAIM
Case No.  3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

admitted by Stine in his answer to Implicit's complaint in this action. On June 14, 2024, after Implicit had terminated Stine and disabled his access to Implicit's computer systems, Traver Stine's credentials were used to access Implicit's Google Admin system, restore Stine's access to Implicit's computer systems, and disable Lavallee's access to Implicit's computer systems. Stine's Answer to Complaint and Counterclaim ("Stine's Answer") (Dkt. 25) at 4:8-11. Stine further admitted that after Traver Stine's credentials were used to restore Stine's access to Implicit's computer systems that Implicit had revoked, Stine used his wrongfully obtained access to email all Implicit employees and took Implicit's computer systems offline. *Id*. 4:18-21. Implicit suspended Traver Stine immediately after this breach of its computer systems. *See* Counterclaim ¶ 22. Stine's Answer is deliberately vague as to who used Traver Stine's credentials to breach and damage without authorization Implicit's computer systems. But whether it was Stine or Traver Stine herself is irrelevant with respect to the propriety of Traver Stine's termination. Traver Stine either (1) made the changes herself, which is grounds for termination; (2) gave her credentials to Stine to allow him to make the changes, which is also grounds for termination; or (3) in the highly improbable case that Traver Stine was unaware of what her husband was doing, was so careless with the security of her credentials and Implicit's protected computer systems that Stine was able to use her credentials without her knowledge, which is also grounds for termination.

There are no facts supporting a plausible inference that the substantial motivating factor in Traver's Stine's termination was her personal association with Stine's perceived autism. The Counterclaim and Stine's Answer reveal that Implicit had serious concerns about Traver Stine's performance in her human resources role and had no choice but to suspend and ultimately terminate Traver Stine because she allowed her credentials to be used to breach Implicit's computer systems, to restore access to a terminated employee whose access had been revoked, to disable the access of Implicit's CEO, and to take Implicit's computer systems offline, thereby disrupting Implicit's business operations. Traver Stine was terminated due to her own misconduct. Counterclaim One should be dismissed with prejudice.

IMPLICIT & LAVALLEE'S MOTION TO DISMISS TRAVER STINE'S COUNTERCLAIM
Case No. 3:24-cv-03744-WHO

### C.      The Counterclaim Fails To State A Claim For Intrusion Into Private Affairs

Counterclaim Two purports to allege a claim for intrusion into private affairs against Lavallee and Implicit because Lavallee allegedly informed other Implicit employees and an outside vendor that he had called the police to conduct a wellness check on Traver Stine.  *See* Counterclaim ¶ 39.  These allegations are not sufficient to state such a claim.

The two elements of a claim for intrusion are "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman*, 18 Cal. 4th at 231.  The first element requires the plaintiff to show that "the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff," and that "the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Id*. at 232.  The Counterclaim cannot meet the first element because the information Lavallee allegedly shared did not disclose any information in which Traver Stine had an objectively reasonable expectation of privacy. The Counterclaim asserts that Traver Stine had a reasonable expectation "that personal issues related to her personnel file and [sic] would be kept confidential" (Counterclaim ¶ 38), but the information allegedly shared was not confidential information from her personnel file.  Lavallee is alleged to have shared only that *he* had called the police to conduct a wellness check on Traver Stine, i.e. his own actions.  *See id*. ¶ 39.  He is not alleged to have shared any private information he obtained from Traver Stine or her personnel file.  He is not even alleged to have shared the reason he requested the wellness check. *See id*.  Moreover, the Counterclaim asserts that "there was no reasonable concern for Traver Stine's safety" (*id*. ¶ 39) and "[t]here was no basis to [call the police] whatsoever other than to harass the Stines" (*id*. ¶ 18).  If there was no basis for Lavallee to be concerned about Traver Stine's safety, then there was no private information about Traver Stine that Lavallee could have disclosed.

The Counterclaim is asking this Court to expand the intrusion tort in a manner the California Supreme Court has declined to do:  "to impose liability upon a person simply for revealing information that the person was under no specific legal obligation to maintain

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

confidential." *Taus v. Loftus*, 40 Cal. 4th 683, 731 (2007) (agreeing with Oregon Supreme Court's holding in *Humphers v. First Interstate Bank of Oregon*, 298 Or. 706 (1985), that a person cannot be held liable for the tort of intrusion for disclosing information the person was not legally required to keep confidential). Lavallee's call to the police to conduct the wellness check was not the act of an employer relating to an employee's employment. It was a personal action by Lavallee out of concern for a friend. *See* Stine's Answer at 16:2-5 (alleging that Lavallee and Stine "had been friends for years before they co-founded what would become Implicit Conversions, LLC in 2019"). Traver Stine did not have an objectively reasonable expectation of privacy with respect to Lavallee's personal actions, which Lavallee was not legally required to keep confidential. Indeed, even if he had learned from Traver Stine that someone else had requested a wellness check on her, he could not be held liable for intrusion for sharing that information with others. *See Taus*, 40 Cal. 4th at 731 (agreeing that "a person generally has no right to maintain an action for improper intrusion against a relative or close friend for voluntarily disclosing personal information about him or her to another").

Moreover, even if Lavallee or Implicit could somehow be liable for disclosing information about Lavallee's personal actions (which they cannot), the intrusion claim still fails because the Counterclaim's allegations do not support a plausible inference that Traver Stine suffered any cognizable injury. Traver Stine could not reasonably be humiliated by her coworkers knowing the police had been called to conduct a wellness check on her because the Counterclaim's allegations indicate that Stine's concerning behavior was already well-known within the company. The Counterclaim is deliberately vague about the "medical crisis" that required Stine to take a leave of absence but acknowledges that Lavallee messaged Traver Stine shortly after the "medical crisis" that "'Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have.'" *Id*. ¶ 12. The Counterclaim also indicates that at least two other Implicit employees had complained about Stine's disturbing behavior. *See id*. ¶ 17. Concerns about Stine's behavior and the potential threat to Traver Stine's safety were effectively public information.

The intrusion claim must be dismissed with prejudice.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## VI.   CONCLUSION

Based on the foregoing, Implicit and Lavallee respectfully request that the Court dismiss the Counterclaim in its entirety with prejudice.

Respectfully submitted,

Dated: September 4, 2024          GRELLAS SHAH LLP


By:  /s/ *Dhaivat H. Shah*
      Dhaivat H. Shah, Esq.
      Attorneys for Counterdefendants
      IMPLICIT CONVERSIONS, INC. and ROBIN
      LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014