GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendant
IMPLICIT CONVERSIONS, INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No.  3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANT IMPLICIT CONVERSIONS, INC.'S ANSWER TO COUNTERCLAIM OF JACOB STINE**<br><br>Date Action Filed: June 21, 2024 |

Under Rule 8 of the Federal Rules of Civil Procedure, counterdefendant Implicit Conversions, Inc. ("Implicit") hereby responds to the counterclaim (the "Counterclaim") (Dkt. No. 25) of counterclaimant Jacob Stine ("Stine") as follows:

**Parties, Jurisdiction, and Venue**

1. As to Paragraph 1 of Stine's Counterclaim, Implicit admits the allegation.

2. As to Paragraph 2 of Stine's Counterclaim, Implicit admits the allegation.

3. As to Paragraph 3 of Stine's Counterclaim, Implicit admits the allegation.

4. As to Paragraph 4 of Stine's Counterclaim, this paragraph contains Stine's jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Implicit admits that this Court has subject matter jurisdiction over Stine's Counterclaim under 28 U.S.C. § 1367.

5. As to Paragraph 5 of Stine's Counterclaim, this paragraph contains Stine's venue allegations, to which no response is required. To the extent a response is deemed required, Implicit admits that venue is proper before this Court.

**General Allegations**

6. As to Paragraph 6 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine and Lavallee were friends before they co-founded Implicit Conversions, LLC, in which they were 50/50 members, in 2019. Implicit further admits that Implicit Conversions, LLC merged into Implicit in 2023, with Implicit being the surviving entity. Implicit further admits that though Stine was not formally appointed to the Implicit Board of Directors through stockholder vote or stockholder consent, both Lavallee and Stine agreed that Stine would join Lavallee, who had been formally appointed, as the second member of Implicit's 2-person Board of Directors. Implicit further admits that until Stine was removed from Implicit's Board of Directors in 2024, Stine acted as an Implicit director, including participating in Board meetings and executing Board resolutions. Implicit denies the remainder of the allegations.

7. As to Paragraph 7 of Stine's Counterclaim, Implicit admits the allegations.

8. As to Paragraph 8 of Stine's Counterclaim, Implicit admits in part and denies in

1  part. Implicit admits that the desktop business computer owned by Implicit and used as an
2  Implicit server was located in Stine's home office and referred to as "Reynard." To the extent
3  that this paragraph, in describing Reynard as a "personal computer," means that it was a
4  business computer designed for use by an individual user as opposed to a mainframe computer
5  designed for use by multiple users, Implicit admits that Reynard is a personal computer. To
6  the extent that this paragraph uses the term "personal computer" to imply that such devices are
7  for only "personal" or consumer use as opposed to business or enterprise use, or that Reynard
8  was not a business computer owned by Implicit, Implicit denies it. Except as admitted,
9  Implicit denies the allegations in this paragraph.

10      9.    As to Paragraph 9 of Stine's Counterclaim, Implicit admits in part and denies in
11  part. Implicit admits that Lavallee and Stine agreed that Lavallee would serve as Implicit's
12  Chief Executive Officer and that Stine would serve as its Chief Technology Officer. Implicit
13  further admits that upon the formation of Implicit, Implicit hired Lavallee as its Chief
14  Executive Officer and Stine as its Chief Technology Officer. Implicit further admits that
15  Lavallee had more responsibility for administrative matters at Implicit than Stine did. Implicit
16  further admits that Lavallee served as the public face of the company. Implicit further admits
17  that on or about April 28, 2022, Lavallee wrote to Stine, "In practice, it doesn't change much.
18  I am not your boss. You are not my boss. It just gives better split of responsibility for the
19  people that we hire. They know who to look up to when they have questions, and that also
20  means that you get to decide for tech questions." Implicit denies that Lavallee's statement on
21  April 28, 2022, was an "arrangement" to which Stine could "agree." Implicit further denies
22  that Lavallee "placed little value on corporate titles." Implicit lacks sufficient knowledge or
23  information to form a belief as to the truthfulness of the remainder of the allegations and on
24  that basis denies them.

25      10.   As to Paragraph 10 of Stine's Counterclaim, Implicit admits in part and denies
26  in part. Implicit denies that it had few corporate formalities. Implicit admits that it issued
27  stock. Implicit further admits that it issued 4,250,000 shares of Common Stock to Lavallee
28  and 4,250,000 shares of Common Stock to Jacob Stine, both subject to vesting over a 4-year

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1  period.

2  11.  As to Paragraph 11 of Stine's Counterclaim, Implicit admits the allegations.

3  12.  As to Paragraph 12 of Stine's Counterclaim, Implicit admits the allegations.

4  13.  As to Paragraph 13 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Lavallee and Gagnon acknowledged that Stine exhibited traits similar to Lavallee's family members with autism. Implicit admits that it believed that Stine exhibited traits consistent with those with autism. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

14.  As to Paragraph 14 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit denies that Stine and Lavallee had an understanding that Stine could vent his personal stresses related to the workplace to Lavallee privately so that he was better able to perform his job. Implicit admits that Lavallee and Stine sent each other direct messages about concerns relating to the operation of Implicit but denies that the purpose of these messages was to vent frustrations. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

15.  As to Paragraph 15 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine took a leave of absence on or about May 10, 2024. Implicit denies that the incident precipitating Stine's leave stemmed from Stine and Lavallee having a communication breakdown. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

16.  As to Paragraph 16 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Lavallee wrote to Traver Stine, "Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have." Implicit denies the remainder of the allegations.

17.  As to Paragraph 17 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit denies that Stine's leave of absence was a medical leave. Implicit admits the remainder of the allegations.

18. As to Paragraph 18 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine's counsel wrote to Lavallee on May 31, 2024, stating that Stine had retained counsel, that Stine remained on medical leave, and that further communication would be forthcoming. Implicit admits that on June 14, 2024, Implicit sent Stine a letter informing Stine that he had been terminated from Implicit. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

19. As to Paragraph 19 of Stine's Counterclaim, Implicit admits the allegations.

20. As to Paragraph 20[1] of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine's counsel sent to Implicit a document purporting to be a majority stockholder consent and purporting remove Lavallee from Implicit's Board of Directors and appointing Traver Stine and Alawi to the Board effective June 19, 2024. Implicit denies that this document was executed by a majority of Implicit's stockholders or that it had any legal effect. Implicit admits that Stine's counsel also sent to Implicit a document purporting to be a board consent and purporting to remove Lavallee from Implicit's Board of Directors effective June 20, 2024. Implicit denies that this document was executed by Implicit's Board of Directors or that it had any legal effect. Except as admitted, Implicit denies all allegations in this paragraph.

21. As to Paragraph 21 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that on June 17, 2024, Lavallee signed a "Resolution Adopted by Written Consent of Stockholders in Lieu of Special Meeting" removing Stine from the Implicit Board of Directors. Except as admitted, Implicit denies all allegations in this paragraph.

## COUNTERCLAIM ONE

**[Breach of Contract]**

**[Counterdefendant Lavallee]**

---

[1] The Counterclaim contains two paragraphs numbered "20" and two paragraphs numbered "21." This Answer responds to the paragraphs in the order in which they appear in the Counterclaim.

20. As to Paragraph 20 of Stine's Counterclaim, Implicit incorporates its responses to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

21. As to Paragraph 21 of Stine's Counterclaim, Implicit denies the allegations.

22. As to Paragraph 22 of Stine's Counterclaim, Implicit denies there was an agreement between Stine and Lavallee. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

23. As to Paragraph 23 of Stine's Counterclaim, Implicit denies the allegations.

24. As to Paragraph 24 of Stine's Counterclaim, Implicit denies the allegations.

## COUNTERCLAIM TWO

**[Wrongful Termination Based On Membership In Protected Class (Disparate Treatment – Cal. Gov. Code § 12940(a))]**

**[Counterdefendant Implicit]**

25. As to Paragraph 25 of Stine's Counterclaim, Implicit incorporates its responses to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

26. As to Paragraph 26 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine was employed by Implicit from its founding through June 14, 2024, when Implicit terminated his employment. Implicit admits that Lavallee terminated Stine's employment on behalf of Implicit and in Lavallee's capacity as Implicit's Chief Executive Officer. Implicit admits that it perceived Stine as having autism. Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegation that Stine is a person perceived by others as having autism, and on that basis denies the allegation.

27. As to Paragraph 27 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that while Stine was employed at Implicit, Lavallee and other employees discussed Stine's contention that he had autism. Implicit further admits that Lavallee, on behalf of Implicit, wrote to Stine while Stine was on leave and asked Stine to resign from Implicit. Implicit further admits that it asked Stine to resign and subsequently terminated Stine's employment. Except as admitted, Implicit denies all allegations in this

1  paragraph.

2  28.  As to Paragraph 28 of Stine's Counterclaim, Implicit denies the allegations.

3  29.  As to Paragraph 29 of Stine's Counterclaim, Implicit lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis denies the allegations.

30.  As to Paragraph 30 of Stine's Counterclaim, Implicit denies the allegations.

31.  As to Paragraph 31 of Stine's Counterclaim, Implicit denies the allegations.

32.  As to Paragraph 32 of Stine's Counterclaim, Implicit denies the allegations.

## COUNTERCLAIM THREE

### [Disability Discrimination - Failure to Engage in Interactive Process (Cal. Gov. Code § 12940(n))]

### [Counterdefendant Implicit]

33.  As to Paragraph 33 of Stine's Counterclaim, Implicit incorporates its responses to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

34.  As to Paragraph 34 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Lavallee's wife, Isabelle Gagnon, was an Implicit employee and that Lavallee and Gagnon acknowledged that Stine exhibited traits similar to Lavallee's family members who had autism. Implicit denies the remainder of the allegations.

35.  As to Paragraph 35 of Stine's Counterclaim, Implicit denies the allegations.

36.  As to Paragraph 36 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Lavallee wrote to Stine on Implicit's behalf and asked Stine to resign from Implicit. Implicit denies the remainder of the allegations.

37.  As to Paragraph 37 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that it engaged in an interactive process regarding Stine but that Stine indicated that he did not want any accommodations. Implicit further admits that Implicit terminated Stine while Stine was on leave. Implicit denies the remainder of the allegations.

38.  As to Paragraph 38 of Stine's Counterclaim, Implicit denies the allegations.

39.  As to Paragraph 39 of Stine's Counterclaim, Implicit lacks sufficient

1  knowledge or information to form a belief as to the truthfulness of the allegations contained

2  therein and on that basis denies the allegations.

3      40.    As to Paragraph 40 of Stine's Counterclaim, Implicit denies the allegations.

4      41.    As to Paragraph 41 of Stine's Counterclaim, Implicit denies the allegations.

5      42.    As to Paragraph 42 of Stine's Counterclaim, Implicit denies the allegations.

## COUNTERCLAIM FOUR

**[Failure to Provide Reasonable Accommodations – Cal. Gov. Code § 12940(m)]**

**[Counterdefendant Implicit]**

9      43.    As to Paragraph 43 of Stine's Counterclaim, Implicit incorporates its responses

10  to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

11      44.    As to Paragraph 44 of Stine's Counterclaim, Implicit denies the allegations.

12      45.    As to Paragraph 45 of Stine's Counterclaim, Implicit admits in part and denies

13  in part. Implicit admits that it terminated Stine. Implicit denies the remainder of the

14  allegations.

15      46.    As to Paragraph 46 of Stine's Counterclaim, Implicit lacks sufficient

16  knowledge or information to form a belief as to the truthfulness of the allegations contained

17  therein and on that basis denies the allegations.

18      47.    As to Paragraph 47 of Stine's Counterclaim, Implicit denies the allegations.

19      48.    As to Paragraph 48 of Stine's Counterclaim, Implicit denies the allegations.

20      49.    As to Paragraph 49 of Stine's Counterclaim, Implicit denies the allegations.

## COUNTERCLAIM FIVE

**[Waiting Time Penalties – Cal. Labor Code § 201, 203]**

**[Counterdefendants Implicit and Lavallee]**

24      50.    As to Paragraph 50 of Stine's Counterclaim, Implicit incorporates its responses

25  to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

26      51.    As to Paragraph 51 of Stine's Counterclaim, this paragraph contains Stine's

27  conclusions of law, to which no response is required. To the extent a response is deemed

28  required, Implicit admits the allegations.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

52. As to Paragraph 52 of Stine's Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required. To the extent a response is deemed required, Implicit admits the allegations.

53. As to Paragraph 53 of Stine's Counterclaim, this paragraph contains Stines conclusions of law, to which no response is required. To the extent a response is deemed required, Implicit admits the allegations.

54. As to Paragraph 54 of Stine's Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required. To the extent a response is deemed required, Implicit admits that Labor Code section 558.1 states that "an owner, director, officer, or managing agent of the employer" who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Implicit denies the remainder of the allegations.

55. As to Paragraph 55 of Stine's Counterclaim, Implicit denies the allegations.

56. As to Paragraph 56 of Stine's Counterclaim, Implicit denies the allegations.

57. As to Paragraph 57 of Stine's Counterclaim, Implicit denies the allegations.

## COUNTERCLAIM SIX

### [Declaratory Relief]

### [Counterdefendant Implicit]

58. As to Paragraph 58 of Stine's Counterclaim, Implicit incorporates its responses to each allegation contained in Stine's Counterclaim herein as if separately pleaded.

59. As to Paragraph 59 of Stine's Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required. To the extent a response is deemed required, Implicit admits the allegations.

60. As to Paragraph 60 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that on June 17, 2024, Lavallee signed a "Resolution Adopted by Written Consent of Stockholders in Lieu of Special Meeting" removing Stine from the Implicit Board of Directors. Except as admitted, Implicit denies all allegations in this paragraph.

61. As to Paragraph 61 of Stine's Counterclaim, Implicit denies the allegations.

1  62. As to Paragraph 62 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine's counsel sent to Implicit a document purportedly signed by Alawi and Stine and purporting to remove Lavallee from the Implicit Board of Directors and placing Traver Stine and Alawi on the Implicit Board of Directors. Except as admitted, Implicit denies all allegations in this paragraph.

63. As to Paragraph 63 of Stine's Counterclaim, Implicit admits in part and denies in part. Implicit admits that Stine's counsel sent to Implicit a document purporting to be a board consent signed by Alawi, Stine and Traver Stine and purporting to remove Lavallee as CEO and make Stine temporary CEO. Except as admitted, Implicit denies all allegations in this paragraph.

64. As to Paragraph 64 of Stine's Counterclaim, Implicit denies the allegations.

65. As to Paragraph 65 of Stine's Counterclaim, Implicit denies the allegations.

66. As to Paragraph 66 of Stine's Counterclaim, Implicit denies the allegations.

67. As to Paragraph 67 of Stine's Counterclaim, this paragraph contains Stine's prayer for relief, to which no response is required. To the extent a response is deemed required, Implicit denies the allegations.

**AFFIRMATIVE DEFENSES**

Implicit alleges the following separate affirmative defenses to the Counterclaim, and as to each alleged count contained therein:

1. The Counterclaim, and each count contained therein, fails to state facts sufficient to constitute a cause of action against Implicit.

2. All of the claims in the Counterclaim are barred by Stine's unclean hands.

3. The Counterclaim, and each purported count therein, is barred by the doctrine of laches.

4. Stine, by his words and conduct, is estopped from alleging each count set forth in the Counterclaim.

5. Stine, by his words and conduct, has waived the claims in the Counterclaim, and each count stated therein.

6. The Counterclaim, and each purported count therein, is barred by fraud.

7. The Counterclaim, and each purported count therein, is barred by mistake.

8. Implicit's compliance with the statutes, rules and regulations preclude any liability to Stine.

9. Implicit's liability, if any, under the Counterclaim is precluded because Implicit has substantially complied with all applicable statutes and regulations, and any violation was due to mere technical imperfections of form that did not result in any damage to Stine or amount to a material violation of any applicable statute or regulation.

10. At all times mentioned in the Counterclaim, Implicit's actions were legal acts.

11. The Counterclaim is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit.

12. The Counterclaim is barred, in whole or in part, for failure to exhaust administrative remedies to the extent the allegations contained in the Counterclaim exceed the scope of the underlying charge(s) of discrimination and/or Stine failed to timely and properly file charges.

13. At all times relevant to the acts alleged in the Counterclaim, Implicit acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Stine were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.

14. All decisions made by Implicit with respect to Stine and all actions taken with respect to Stine's employment were made in good faith and without malice, ill will, fraud, oppression or any other improper motive.

15. Stine cannot establish a prima facia case of wrongful termination, discrimination, or failure to provide reasonable accommodations under any of the statutes identified in the Counterclaim.

16. Stine's termination was based upon a bona fide occupational qualification.

17. Implicit is informed and believes, and on that basis alleges, that Stine's action is barred because Implicit acted reasonably, with justification and in good faith, based upon all

1  known relevant facts and circumstances, to its own legally-protected interests.

2      18.    Implicit is informed and believes, and on that basis alleges, that Stine's action is
3  barred because Stine refused to engage in the interactive process and refused to agree to any
4  accommodations.

5      19.    Stine cannot recover from Implicit because Stine did not suffer any damages
6  from any conduct by Implicit.

7      20.    Implicit is informed and believes, and on that basis alleges, that Stine's request
8  for damages must be denied because Implicit's actions were and are protected by privilege.

9      21.    Implicit is informed and believes, and on that basis alleges, that Implicit's
10 actions were not a substantial factor in causing any harm to Stine, and any harm to Stine was
11 caused by others.

12     22.    Implicit is informed and believes, and on that basis alleges, that Stine is seeking
13 to recover more than he is entitled to in this case and award of the judgment sought by Stine
14 would unjustly enrich him.

15     23.    Should Stine recover from Implicit, then Implicit is entitled to a set-off of any
16 amounts found owing against sums owed by Stine to Implicit.

17     24.    Implicit is informed and believes, and on that basis alleges, that Stine has no
18 right to a demand for judgment requesting attorneys' fees.

19     25.    Implicit is informed and believes, and on that basis alleges, that Stine has no
20 right to a demand for judgment requesting punitive damages.

21     26.    Stine failed to mitigate his damages, if any.

22     27.    Implicit lacks sufficient knowledge or information upon which to form a belief
23 as to whether there are additional, as yet unstated, affirmative defenses available, and Implicit
24 thus reserves the right to assert such additional affirmative defenses if they are discovered and
25 deemed proper.

26 **PRAYER FOR RELIEF**

27 WHEREFORE, Implicit respectfully requests that the Court enter judgment as follows:
28     A.    That Stine take nothing by reason of the Counterclaim and that judgment be

rendered in favor of Implicit;

      B.      That Implicit be awarded its costs of suit incurred in defense of this action according to proof at trial; and

      C.      For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2024                      GRELLAS SHAH LLP

By:  /s/ Dhaivat H. Shah
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendant
IMPLICIT CONVERSIONS, INC.