Jackie M. Ford, Esq. (SBN: 272641)
jford@structurelaw.com
Karen F. Rothschild, Esq. (SBN: 346949)
krothschild@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants
JACOB STINE and JUANITA TRAVER STINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOOD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>---<br><br>JACOB STINE, an individual; and JUANITA TRAVER STINE, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>IMPLICIT CONVERSIONS, INC., a Delaware Corporation; and ROBIN LAVALLEE, an individual,<br><br>Counterdefendants. | Case No. 3:24-cv-03744-WHO<br><br>**DEFENDANT JUANITA TRAVER STINE'S OPPOSITION TO COUNTER-DEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Date:      October 9, 2024<br>Time:      2:00 p.m.<br>Judge:     Hon. William H. Orrick |

- 1 -

JUANITA STINE'S OPPOSITION TO COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO

## I.    INTRODUCTION

As the Court knows, this case involves a business dispute between two co-founders of a video game emulation company, where one co-founder, Counterdefendant Robin Lavallee ("Lavallee") wrongfully pushed out co-founder Counterclaimant Jacob Stine ("Stine"). Stine and Lavallee created Implicit Conversions, Inc. ("Implicit") as equals, but while Stine was out on medical leave, Lavallee terminated his employment. Implicit sued Stine and his wife Juanita Traver Stine ("Traver Stine") for alleged post-employment actions and for declaratory relief related to Implicit's ownership.

Traver Stine asserts counterclaims against Implicit relating to Traver Stine's wrongful termination from Implicit, and against both Implicit and Lavallee for intrusion into her private affairs. Traver Stine's first claim for wrongful termination arises from Traver Stine's association with her husband, who was perceived by Implicit as having autism, and Implicit faulting her for his alleged shortcomings in the workplace.

Traver Stine's second claim for intrusion into private affairs arises from Lavallee calling the police to the Stines' home to harass and embarrass Traver Stine and then broadcasting his actions to the other female Implicit personnel.

As will be shown below, both claims are adequately pleaded, and the motion should be denied.

## II.    STATEMENT OF ISSUES

1.    Has Traver Stine met her obligation to put Implicit on adequate notice of the wrongful termination based on her association with a member of a protected class claim, considering that Implicit terminated Traver Stine after she advocated for her husband's perceived disability while he was out on medical leave?

2.    Has Traver Stine met her obligation to put Implicit and Lavallee on notice of the intrusion into private affairs claim against them, considering that Traver Stine reasonably expected her employer to maintain confidentiality in her private affairs, by not announcing their perception of her as the victim of a crime to Implicit's female personnel?

3.    If Traver Stine has not met her burden under issues 1 and/or 2 above, after

JUANITA STINE'S OPPOSITION TO COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO

considering whether there has been bad faith, undue delay, prejudice to the opposing party, futility of amendment, and previous amendments to the counterclaim, should leave to amend be granted?

### III.    FACTS

Traver Stine joined Implicit in 2022 as payroll administrator, but her role was expanded to operating human resources. Counterclaim ¶ 6. Traver Stine's husband exhibited neurodivergent traits including struggling with direct communication, of which Implicit was aware. *Id.* ¶ 9. When her husband went on medical leave, Traver Stine approached Implicit's management team to find ways to support Stine to return to Implicit. *Id.* ¶ 13. Traver Stine and Implicit's management team member met with outside vendors to aid with communications between Lavallee and Stine. *Id.* ¶ 14. These meetings were set to take place while Stine was out on medical leave. *Id.* However, Lavallee expressed to Traver Stine that he and Implicit's management team member had decided that Stine would not be returning to Implicit. *Id.*

Traver Stine's husband was terminated by Lavallee on June 14. *Id.* ¶ 16. That same day, Lavallee emailed Traver Stine a purported performance review stating she was "a failure" at her role in human resources. *Id.* ¶ 17. That same day, in apparent frustration with Stine emailing employees of Implicit to explain that Lavallee had improperly terminated Stine's employment, Lavallee called police to Traver Stine's home to perform a wellness check. *Id.* ¶ 18. The purported wellness check was based on messages sent months ago. *Id.* Lavallee then announced this call to 911 to the female employees of Implicit and an outside vendor over email. *Id.* ¶ 20.

On June 16, Traver Stine wrote in a dispute to her performance review, which is discussed in further detail below. *Id.* ¶ 21. Lavallee responded that the complaint would be investigated, that she was placed on paid leave. *Id.* ¶ 21. She was then terminated on June 24, 2024. *Id.* ¶ 23.

### IV.    LEGAL AUTHORITY AND ANALYSIS

#### A.    Legal Standard

A federal complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Federal Rules of Civil Procedure 8(a)(2).* When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Rescuecom Corp. v. Google Inc.,* 562 F3d

123, 127 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a detailed factual allegation is not required for a complaint, as a short and plain statement of the claim will suffice. *Id.* at 562.  The facts the plaintiff alleges must add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court may augment the facts and inferences in the complaint by considering matters of public record, considering that the noticed facts are not "subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

In the context of a 12(b)(6) motion, "'The standard for granting leave to amend is generous.' [Citation.]   The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995, (9th Cir. 2011) quoting *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir.1990).

**B.**      **Traver Stine's First Counterclaim States a Plausible Claim to Relief for Wrongful Termination as Implicit terminated Traver Stine due to her Association with Stine**

The counterclaim alleges that Implicit terminated Traver Stine based upon her association with her husband Stine, a person qualifying as being a member of a protected class under FEHA. Stine was perceived by Implicit as having autism and was employed at Implicit until his termination on June 14, 2024. Before her husband was terminated, Traver Stine advocated for accommodations Implicit could implement to create a pathway for Stine to return to Implicit after medical leave such as hiring a vendor to assist Implicit in communication training. Instead of implementing the training, Lavallee informed Traver Stine that Stine would not be welcome to return to Implicit after his medical leave.

The moving papers ignore Traver Stine's rebuttal points to the negative "performance review" she received on June 14th which focused on her husband.  June 14th was the day Stine was terminated. Counterclaim ¶ 30. Stine alleges he was wrongfully terminated based on his

- 4 -

perceived mental condition.  *See* Dkt. No. 25.  The June 14th performance review stated Traver Stine was a "failure" because a particular employee's performance improved when Stine went on medical leave, and another employee's complaints about Stine should have resulted in a formal improvement plan.  Counterclaim ¶ 17.a. and b.  That same day, Lavallee announced to Implicit personnel that he was calling 911 to the Stines' home.  Counterclaim ¶ 20.

On June 16th, Traver Stine submitted a complaint to William Litshauer, a member of the Implicit management team, to address the meritless criticisms against her. Regarding the first employee situation, "she had specifically mentioned this employee to Lavallee on May 10, 2024, and Lavallee denied there were any issues. Litshauer had previously held meetings with this employee, and Traver Stine held a meeting this employee on May 20th and had a future meeting scheduled for June 18th. Litshauer had recently reported this employee was making progress." Counterclaim ¶ 21.a..  Regarding the second employment situation, "Lavallee had previously told Traver Stine that because this employee would not feel comfortable talking to Traver Stine, he and Stine would address the issues directly without Traver Stine's involvement."  Counterclaim ¶ 21.b. On June 17th, she was told her complaints would be investigated.  Counterclaim ¶ 22.  She was terminated on June 24th. Counterclaim ¶ 23.

Where a plaintiff's association with a person with a mental condition is a "substantial motivating reason" for an employer's decision to terminate an employee, a claim for disability-based associational discrimination will lie.  *See* Directions to Judicial Council of California Civil Jury Instructions (CACI) No. 2547 (Disability-Based Associational Discrimination – Essential Factual Elements; citing *Harris v. City of Santa Monica,* 56 Cal.4th 203, 232 (2013).

While disability-based associational discrimination typically arises in the context of "expense," "disability by association," or "distraction," these categories are "illustrative rather than an exhaustive, list of the kind of circumstances in which we might find associational discrimination.  The common thread among the [] categories is simply that they are instances in which the 'employer has a motive to discriminate against a nondisabled employee who is merely associated with a disabled person.' [Citation.]   As we discuss above, this is an element of a plaintiff's prima facie case—that the plaintiff's association with a disabled person was a

- 5 -

substantial motivating factor for the employer's adverse employment action." *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1042 (2016), quoting *Larimer v. International Business Machines Corp.*, 370 F.3d 698, 702 (7th Cir. 2004). In *Castro-Ramirez*, the court recognized that "Our facts do not fit neatly within one of the *Larimer* categories either, but a jury could reasonably infer the requisite discriminatory motive." *Id.*

The facts leading up to Traver Stine's termination, including a meritless negative performance review which was leveled at Traver Stine's failure to do something about her husband, suggest that Implicit had a substantial motivating reason to discipline and then terminate Traver Stine due to her association with her husband, who had been fired the same day due to his perceived mental condition. Whether her termination was due to her advocacy for Stine, or for her failure to control him, or for something else, should be for a trier of fact to determine. Counterclaim ¶ 31.

It also stands to reason that if Stine was wrongfully terminated due to disability discrimination, and Traver Stine was terminated because of her relationship with Stine, then Stine's disability must have been a substantial motivating reason to terminate Traver Stine as well.

If the Court is inclined to dismiss this claim, Traver Stine seeks leave to amend. In considering leave to amend, the Court should consider five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011), quoting *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir.1990). Here, there have been no prior amendments, and there is nothing to indicate that Traver Stine is seeking to amend out of bad faith, that amendment will cause any delay of the action, or that Lavallee or Implicit will suffer any untoward prejudice. The amendment would not be futile. Traver Stine can amend this disability-based associational discrimination claim to allege further details of her purported performance review and attempts she made at getting Stine accommodations in the workplace. Traver Stine can further allege details of the 911 incident which indicate that Implicit and Lavallee found it easier to terminate her than to continue employing the wife of a person with a perceived mental condition. The actions of Implicit also appear to be retaliation for Traver Stine having

complained about her treatment in the workplace.  If the Court does grant this motion, then leave to amend should be granted.

### C.    Traver Stine's Second Counterclaim States a Plausible Claim to Relief for Invasion into Private Affairs as Lavallee, had sensitive personal information on Traver Stine and announced that sensitive information to Traver Stine's Coworkers

Traver Stine's second counterclaim alleges that Implicit and Lavallee invaded into her private affairs by both announcing to Implicit's female personnel that he was calling 911 to perform a wellness check on Traver Stine, and then actually doing so, sending police officers to the Stines' home when there was no legitimate basis to do so.  Counterclaim ¶¶ 18-20.  The police officers who visited the Stines indicated that they were following up on messages that were sent "months ago."  Counterclaim ¶ 18.

The tort of intrusion "has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Sanders v. American Broadcasting Co.*, 20 Cal.4th 907, 914, (1999) internal citations omitted.  "Privacy for purposes of the intrusion tort must be evaluated with respect to the identity of the alleged intruder and the nature of the intrusion." *Sanders, supra,* 20 Cal.4th at pp. 917–918.  California employers are legally obligated to keep information regarding an employee's status as a victim of crime, and by extension the perceived victim of a crime, confidential.  *See* Labor Code § 230.  Traver Stine, like any employee, expected her employer to keep such information confidential.  If Lavallee believed Traver Stine was the victim of a potential crime, he had a duty to keep such information confidential.  That Lavallee would then publicize the fact that he was calling 911 to the Stines' home to Implicit's female personnel is highly offensive to a reasonable person.  While Lavallee attempts to draw a distinction be saying what he did was merely done in his personal capacity, he has offered no plausible explanation why he needed to announce his 911 call to Implicit's female personnel.

If the Court is inclined to grant the motion as to this claim, Traver Stine can amend her claim to add further allegations as to her expectations that Lavallee would keep her personal matters confidential from other Implicit personnel.

- 7 -

## V.    CONCLUSION

For the foregoing reasons, Traver Stine respectfully requests that this Court deny Implicit and Lavallee's Motion to Dismiss her Counterclaims.


Date:  September 18, 2024                                 STRUCTURE LAW GROUP, LLP


                                                         By: _____
                                                              Jackie Ford, Esq.
                                                              Karen Rothschild, Esq.
                                                              Attorneys for Defendants JACOB STINE
                                                              and JUANITA TRAVER STINE

JUANITA STINE'S OPPOSITION TO COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO