GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF JUANITA TRAVER STINE**<br><br>Hearing Date: October 9, 2024<br>Time: 2:00 p.m.<br>Judge: William H. Orrick<br>Courtroom: 2 - 17th Floor<br><br>Date Action Filed: June 21, 2024 |

# **TABLE OF CONTENTS**

Page (s)

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. The Counterclaim Fails To State A Claim For Wrongful Termination Based On Association ................................................................................................. 2

    B. The Counterclaim Fails To State A Claim For Intrusion Into Private Affairs ................................................................................................................ 6

III. CONCLUSION ................................................................................................................... 9

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# TABLE OF AUTHORITIES

**CASES**   Pages (s)

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 4

*Brown v. Los Angeles Unified School Dist.*,
    60 Cal. App. 5th 1092 (2021) ....................................................................................... 5

*Castro-Ramirez v. Dependable Highway Express, Inc.*,
    2 Cal. App. 5th 1028 (2016) ......................................................................................... 4

*Humphers v. First Interstate Bank of Oregon*,
    298 Or. 706 (1985) ....................................................................................................... 8

*Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*,
    491 F. Supp. 3d 738 (S.D. Cal. 2020) .......................................................................... 8

*Sanders v. Am. Broadcasting Cos., Inc.*,
    20 Cal. 4th 907 (1999) ................................................................................................. 7

*Shulman v. Group W Productions, Inc.*,
    18 Cal. 4th 200 (1998) ............................................................................................. 7, 8

*Starr v. Baca*,
    633 F.3d 1191 (9th Cir. 2011) ..................................................................................... 5

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007) ................................................................................................. 8

**STATUTES**

Cal. Lab. Code:

    § 230 ......................................................................................................................... 2, 7

    § 230 (f)7 ...................................................................................................................... 7

    § 230(f)7(D) ................................................................................................................. 7

**I.    INTRODUCTION**

The counterclaim (the "Counterclaim") filed by defendant Juanita Traver Stine ("Traver Stine") against Implicit Conversions, Inc. ("Implicit") and its CEO, Robin Lavallee ("Lavallee," and together with Implicit, "counterdefendants"), has no basis in fact or law. The Counterclaim does not allege sufficient facts to create a plausible inference of any wrongdoing by Implicit or Lavallee relating to Traver Stine.

Instead of addressing the defects identified in Implicit and Lavallee's motion to dismiss (the "Motion" or "Mot."), Traver Stine's opposition (the "Opposition" or "Opp.") relies on conclusory statements and misapplication of the relevant law.

Counterclaim One for employment discrimination based on association with a person perceived to have autism fails because the Counterclaim does not allege facts supporting a plausible inference that Traver Stine's personal association with her husband's perceived autism was the motivating factor in her termination. The Opposition does not identify any factual allegations in the Counterclaim showing any impact Traver Stine's *personal* association with her husband's perceived autism had on her ability to perform her job duties, or on Implicit generally. Instead, the facts before this Court – which include admissions made by Traver Stine's husband and co-defendant, Jacob Stine ("Stine"), in his answer to Implicit's complaint – show that Traver Stine only dealt with issues relating to her husband's perceived autism in her *professional* role as Implicit's human resources manager, not her personal role as his wife. The facts further show that Traver Stine was terminated not because of her personal association with her husband's perceived autism, but because she either failed in her professional capacity as an HR manager or because she assisted him in committing computer crimes against Implicit.

That her termination happened to relate to her husband is not sufficient to state a claim for associational discrimination based on disability. The Counterclaim must plead facts supporting a plausible inference that Traver Stine's termination was due to her personal association with her husband's perceived autism, not just a general association with the individual himself. The Counterclaim does not and cannot do so.

Grellas Shah LLP
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014

1	Counterclaim Two for intrusion into private affairs fails because Lavallee's alleged disclosure that he had requested a wellness check on Traver Stine did not reveal any confidential information in which Traver Stine had an objectively reasonable expectation of privacy. Liability cannot be imposed for disclosing information one has no legal obligation to keep confidential. The only authority identified by the Opposition – Labor Code section 230 – applies only to evidence of abuse provided by an employee to an employer in connection with the employee's request for reasonable accommodations as the victim of crime or abuse. It has no applicability here.

Accordingly, Implicit and Lavallee respectfully request that the Court dismiss Traver Stine's Counterclaim in its entirety with prejudice and without leave to amend.

## II.    ARGUMENT

### A.    The Counterclaim Fails To State A Claim For Wrongful Termination Based On Association

Counterclaim One for wrongful termination based on association must be dismissed because the Counterclaim does not allege facts supporting a plausible inference that Traver Stine's *personal* association with a person perceived to have autism was a substantial factor motivating her termination. Traver Stine is married to Stine, but she was also Implicit's human resources manager with professional responsibilities with respect to Implicit's employees, including her husband. *See* Counterclaim ¶¶ 6, 13-14.

There are no allegations indicating Traver Stine's personal association with a person perceived to have autism impacted her work, or Implicit itself, in any way. Traver Stine did not allegedly request any accommodations for herself due to her husband's perceived autism. Nor does the Counterclaim allege that Traver Stine's marriage to a person with perceived autism caused Implicit to incur any additional costs. Whether Stine's perceived autism itself caused Implicit to incur additional costs is immaterial because Stine was already an Implicit employee prior to his June 14 termination and Implicit was therefore already bearing those costs. But the Counterclaim is silent on how Traver Stine's marriage to Stine caused Implicit to incur additional costs.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1  Stine's perceived autism was only an issue for Traver Stine because she was responsible
2  for human resources at Implicit. In fact, the Counterclaim specifically alleges that Traver Stine
3  dealt with issues relating to her husband's perceived autism in her *professional* role as Implicit's
4  human resources manager, not her personal role as Stine's wife. *See* Counterclaim ¶ 13 (alleging
5  that "*[i]n her role as the company's HR leader*, Traver Stine approached William Litshauer
6  ('Litshauer') on the management team, and Lavallee, to raise the issue of Stine's medical leave
7  and ways Implicit could support Stine's return to work" (emphasis added)). The distinction
8  between Traver Stine's personal and professional roles is critical and dooms the Counterclaim's
9  claim for associational discrimination.

10  The Opposition either misunderstands or intentionally ignores this distinction. The Opposition does not identify any facts alleged in the Counterclaim indicating why Traver Stine's personal association with a person with perceived autism would have purportedly motivated Implicit to terminate her. The only motivation alleged in the Counterclaim was purportedly to avoid the interactive process regarding accommodations for Stine. *See id.* ¶ 31 (alleging that Implicit terminated Traver Stine because "it was more convenient for Implicit to [] fire both Stine and Traver Stine rather than have to engage in the interactive process with Stine or Traver Stine for Stine's benefit"). As the Motion noted, this allegation is nonsensical, as Implicit could avoid the interactive process by terminating Stine alone because Traver Stine did not need and never requested any accommodations for herself due to her husband's perceived autism. *See* Mot. 8:7-18. The Opposition does not address this logical failing.

21  The Opposition asserts that "[t]he facts leading up to Traver Stine's termination, including a meritless negative performance review which was leveled at Traver Stine's failure to do something about her husband, suggest that Implicit had a substantial motivating reason to discipline and then terminate Traver Stine due to her association with her husband, who had been fired the same day due to his perceived mental condition." Opp. 6:6-10. This does not follow at all. The facts leading up to Traver Stine's termination are (1) Stine had made threats of harm to himself and others (Counterclaim ¶ 12); (2) Stine had made other employees feel uncomfortable and unsafe in the workplace (*id.* ¶ 17); (3) Traver Stine had failed in her role as

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Implicit's human resources manager to address Stine's behavior and his mistreatment of other employees, as well as other issues relating to Stine (*id.*); and (4) after Stine was terminated and Implicit had disabled his access to Implicit's computer systems, Traver Stine's credentials were used to restore Stine's access, disable Lavallee's access, and take Implicit's computer systems offline. *See* Stine's Answer to Complaint and Counterclaim ("Stine's Answer") (Dkt. 25) at 4:8-11. While Traver Stine's termination was related to her husband, it does not support a claim for associational employment discrimination based on disability. Any human resources employee would have been terminated if they had engaged in the same misconduct as Traver Stine, just as Traver Stine would have been terminated if the employee she failed to properly manage and then aided in a breach of Implicit's computer systems had been someone other than her husband. The termination was due to her professional failings that happened to involve her husband, not her personal association with her husband's perceived disability as required to state a claim for associational employment discrimination. *See Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1037, 1041 (2016).[1]

The Opposition's contention that "[w]hether [Traver Stine's] termination was due to her advocacy for Stine, or for her failure to control him, or for something else, should be for a trier of fact to determine" (Opp. 6:10-12), ignores the federal pleading standards. A complaint must be dismissed where, as here, it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007). Traver Stine's purported "advocacy for Stine" and her alleged "failure to control him" both relate to her professional role as Implicit's human resources manager, not her personal role as Stine's wife. Neither purported reason can support a claim for associational employment discrimination. A plaintiff/counterclaimant is not entitled to subject a defendant to the expenses of discovery just so the trier of fact can explore if there is "something else" there when the plaintiff has failed to

---

[1] The Opposition's assertion that "[i]t also stands to reason that if Stine was wrongfully terminated due to disability discrimination, and Traver Stine was terminated because of her relationship with Stine, then Stine's disability must have been a substantial motivating reason to terminate Traver Stine as well" (Opp. 6:13-15), is similarly inconsistent with the facts before this Court and suffers from the same logical failings.

meet the basic pleading requirements to state a plausible claim for relief. *See Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011). Because the Counterclaim does not plead sufficient facts to state a claim for associational employment discrimination, the claim must be dismissed. *See Twombly*, 550 U.S. at 571.

The Court should dismiss Counterclaim One with prejudice. The claim cannot be amended to state a claim for relief. None of the proposed amendments identified in the Opposition supports a claim for employment discrimination based on association with a person perceived to be autistic. The first two – more details about her performance review and actions she purportedly took to get Stine accommodations in the workplace (Opp. 6:23-25) – relate to her professional role as Implicit's human resources manager. The Counterclaim specifically alleges that Traver Stine only dealt with her husband's perceived autism in her professional role. Counterclaim ¶ 13. The third – further details about the 911 incident which purportedly indicate "that Implicit and Lavallee found it easier to terminate her than to continue employing the wife of a person with a perceived mental condition" (Opp. 6:26-28) – also cannot save the claim. As discussed above, Traver Stine's termination was related to her husband, but it was due to her professional failings in her management of him as an employee and ***her participation with her husband in computer crimes against Implicit after he was terminated***. The Opposition does not identify any purported facts that support a plausible inference that Traver Stine's personal association with her husband's perceived mental condition was the substantial motivating factor in her termination rather than her involvement with him in committing crimes against Implicit. The last proposed amendment – that "[t]he actions of Implicit also appear to be retaliation for Traver Stine having complained about her treatment in the workplace" – has nothing to do with her association with her husband's perceived mental condition at all and therefore cannot support a claim for associational discrimination. *See Brown v. Los Angeles Unified School Dist.*, 60 Cal. App. 5th 1092, 1105 (2021) (noting that an employment discrimination claim must include a discriminatory motive).

The Motion noted two issues that are fatal to the associational discrimination claim: that Traver Stine's personal association with her husband's perceived autism did not impact her

1  ability to perform her job duties or impose any additional burdens on Implicit (i.e. she did not
2  need and never requested any accommodations for herself to deal personally with her husband's
3  perceived autism or require Implicit to incur any additional costs due to that personal
4  association) (Mot. 7:19-8:4), and that the Counterclaim conspicuously omits any mention of her
5  husband's admitted use of Traver Stine's credentials to breach and damage Implicit's computer
6  systems – the event that precipitated Traver Stine's being placed on leave and ultimately
7  terminated. *Id*. 8:28-9:18. The former shows that an associational discrimination claim is
8  entirely meritless and cannot be pled. The latter shows that the claim is being brought in bad
9  faith to retaliate against and harass Implicit and Lavallee. The Opposition does not address
10 either issue. Counterclaim One must be dismissed with prejudice and without leave to amend.

### B. The Counterclaim Fails To State A Claim For Intrusion Into Private Affairs

Counterclaim Two for intrusion into private affairs must be dismissed because the information Lavallee allegedly shared did not disclose any information in which Traver Stine had an objectively reasonable expectation of privacy. The Opposition misrepresents the Counterclaim's allegations and the law to try to salvage this meritless claim.

The Opposition claims Counterclaim Two "alleges that Implicit and Lavallee invaded into her private affairs by both announcing to Implicit's female personnel that he was calling 911 to perform a wellness check on Traver Stine, and then actually doing so, sending police officers to the Stines' home when there was no legitimate basis to do so." Opp. 7:6-9. It is unclear why the Opposition attempts to rewrite the Counterclaim's allegations, as this new version of the claim still does not state plausible a claim for relief. But it does call into question the veracity of the Counterclaim's allegations. The Counterclaim actually alleges that at some point *after* he called the police, Lavallee informed some Implicit employees that "he had called 911 to conduct a wellness check on Traver Stine at her home." Counterclaim ¶ 39; *see also id*. ¶¶ 18-20. This alleged subsequent announcement, and not the call itself, is the purported intrusion alleged in Counterclaim Two. *See id*. ¶ 39.

The call itself cannot support an intrusion claim. The Opposition does not even try to

explain how a request to the police for a wellness check constitutes an actionable intrusion into private affairs, much less identify any authority supporting this contention. *See* Opp. 7:6-28. To state a claim for intrusion, the plaintiff must show that "the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff," and that "the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 232 (1998). The "penetrat[ion of] some zone of physical or sensory privacy surrounding" refers to intrusions such as physical trespass, eavesdropping, or photography in private spaces. *See, e.g.*, *id.* at 232; *Sanders v. Am. Broadcasting Cos., Inc.*, 20 Cal. 4th 907, 917 (1999). A request for a wellness check is not in the same vein as the recognized intrusions.

And it does not matter whether Lavallee's alleged announcement that he had requested a wellness check occurred before or after the alleged request was made. The claim fails because Lavallee did not disclose any information in which Traver Stine had an objectively reasonable expectation of privacy. *See Shulman*, 18 Cal. 4th at 232. Contrary to the Opposition's claim, Labor Code section 230 does not provide that "California employers are legally obligated to keep information regarding an employee's status as a victim of crime, ***and by extension the perceived victim of a crime***, confidential." *See* Opp. 7:16-18 (emphasis added). Section 230 permits employers to request that an employee seeking a reasonable accommodation based on the employee's status as the victim of crime or abuse provide proof that the employee is in fact the victim of domestic violence, sexual assault, or stalking. *See* Cal. Lab. Code § 230(f)(7). It is this actual evidence of abuse provided by the employee – documentation that would go in an employee's personnel file – that the Labor Code requires employers to keep confidential. *See id.* § 230(f)(7)(D). Section 230 is inapplicable because the Counterclaim does not allege that Traver Stine provided Implicit evidence of her status as a victim of crime or abuse to support a request for reasonable accommodations. In fact, the Counterclaim asserts that "there was no reasonable concern for Traver Stine's safety" (Counterclaim ¶ 39) and "[t]here was no basis to [call the police] whatsoever other than to harass the Stines" (*id.* ¶ 18). In other words, the Counterclaim alleges that there was no actual private information about Traver Stine that

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1 Lavallee could have disclosed. This precludes a claim for intrusion as a matter of law.

2 The claim for intrusion into private affairs must also be dismissed with prejudice because any further amendment would be futile. *See, e.g.*, *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (explaining that a district court need not grant leave to amend where amendment would be futile, *i.e.* where the amended complaint would be subject to dismissal). The Opposition asserts that "Traver Stine can amend her claim to add further allegations as to **her** expectations that Lavallee would keep her personal matters confidential from other Implicit personnel." Opp. 7:26-28 (emphasis added). But Traver Stine's subjective expectations are irrelevant. *See Shulman*, 18 Cal. 4th at 232 (holding that an intrusion claim requires "an ***objectively*** reasonable expectation of seclusion or solitude in the place, conversation or data source" (emphasis added)). All Lavallee is alleged to have disclosed is that he requested a wellness check on Traver Stine. *See id*. ¶¶ 20, 39. The Counterclaim does not allege that Lavallee even disclosed the reason he requested the wellness check. *See id*.[2] Even if Lavallee's alleged action of requesting a wellness check somehow constitutes private information (which it does not), Traver Stine had no ***objectively*** reasonable expectation of privacy with respect to Lavallee's actions because Lavallee had no legal obligation to keep his own actions confidential. *See Taus v. Loftus*, 40 Cal. 4th 683, 731 (2007) (agreeing with Oregon Supreme Court's holding in *Humphers v. First Interstate Bank of Oregon*, 298 Or. 706 (1985), that a person cannot be held liable for the tort of intrusion for disclosing information the person was not legally required to keep confidential).

The Opposition also ignores another incurable defect raised by the Motion – that the Counterclaim does not and cannot allege facts supporting a plausible inference that Traver Stine suffered any cognizable injury. *See* Mot. 11:15-27. As explained in the Motion, Traver Stine could not reasonably be humiliated by her coworkers knowing the police had been called to

---

[2] Even if the Counterclaim were amended to allege that Lavallee disclosed the reason he requested the wellness check (i.e. that he suspected Traver Stine was the victim of domestic violence), that still would not state a claim for intrusion into private affairs because, as discussed above, the Counterclaim alleges that there was no basis for Lavallee's concern and therefore that there was no actual private information that could have been disclosed. *See* Counterclaim ¶¶ 18, 39.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

conduct a wellness check on her because the Counterclaim's allegations indicate that Stine's concerning behavior and the potential threat to Traver Stine's safety were already well-known within the company and were effectively public information. *See id.*

Counterclaim Two must be dismissed with prejudice and without leave to amend.

## III.  CONCLUSION

Based on the foregoing, Implicit and Lavallee respectfully request that the Court dismiss the Counterclaim in its entirety with prejudice.

Respectfully submitted,

Dated: September 25, 2024            GRELLAS SHAH LLP

By: /s/ *Dhaivat H. Shah*
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE