GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendant
ROBIN LAVALLEE

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANT ROBIN LAVALLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM OF JACOB STINE**<br><br>Hearing Date:  October 9, 2024<br>Time:  2:00 p.m.<br>Judge:  William H. Orrick<br>Courtroom:  2 - 17th Floor<br><br>Date Action Filed: June 21, 2024 |

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**TABLE OF CONTENTS**

Page (s)

I.    INTRODUCTION ........................................................................................ 1

II.   ARGUMENT .............................................................................................. 2

      A.    Counterclaim One Fails To State A Claim For Breach of Contract .......... 2

      B.    Counterclaim Five Fails To State A Claim For Waiting Time Penalties
            Against Lavallee................................................................................ 5

III.  CONCLUSION ......................................................................................... 7

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**TABLE OF AUTHORITIES**

**CASES** Pages (s)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................... 6

*Aton Center, Inc. v. United Healthcare Ins. Co.*,
93 Cal. App. 5th 1214 (2023) ....................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 6

*Bustamante v. Intuit, Inc.*,
141 Cal. App. 4th 199 (2006) .................................................................................... 2, 3

*Kowbell v. Univ. of S. Cal.*,
No. LA CV17-07896 JAK (ASx),
2018 WL 11417742 (C.D. Cal. Nov. 27, 2018) ...................................................... 2, 3, 4

*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009) ......................................................................................... 6

*Oasis West Realty, LLC v. Goldman*,
51 Cal. 4th 811 (2011) ............................................................................................... 2, 4

*Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*,
491 F. Supp. 3d 738 (S.D. Cal. 2020) ............................................................................ 7

*Shuman v. SquareTrade Inc.*,
No. 20-cv-02725-JCS,
2021 WL 5113182 (N.D. Cal. Nov. 3, 2021) ............................................................. 3, 4

*Usher v. White*,
64 Cal. App. 5th 883 (2021) ...................................................................................... 5, 6

**STATUTES**

Cal. Labor Code:

§ 201 .............................................................................................................................. 5

§ 203 .............................................................................................................................. 5

§ 558.1 ........................................................................................................................... 5

§ 558.1(a) ....................................................................................................................... 6

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

LAVALLEE'S REPLY ISO MOTION TO DISMISS STINE'S COUNTERCLAIM
Case No.  3:24-cv-03744-WHO

## I.   **INTRODUCTION**

Counterclaims One and Five of the Answer to Complaint and Counterclaim (the "Counterclaim") (Dkt. No. 25) filed by defendant and counterclaimant Jacob Stine ("Stine") against counterdefendant Robin Lavallee ("Lavallee") fail to state a claim for relief against Lavallee and must be dismissed with prejudice.  Stine has attempted to manufacture claims against Lavallee to retaliate against him for Implicit Conversions, Inc. ("Implicit")'s termination of and subsequent lawsuit against Stine.  It is evident from Stine's opposition (the "Opposition" or "Opp.") to Lavallee's motion to dismiss (the "Motion" or "Mot.") that Stine has no valid claims against Lavallee.

Counterclaim One for breach of contract fails because the Counterclaim does not allege a valid and enforceable contract between Lavallee and Stine prohibiting Implicit from ever terminating Stine's employment.  The purported contract alleged in the Counterclaim – a vague statement by Lavallee more than eight months before Implicit was formed that he and Stine would not be each other's "bosses" – is not sufficiently definite to form an enforceable contract. The supposed agreement does not allow a "court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached" and therefore cannot be enforced.

In an apparent misunderstanding of basic contract law and the federal pleading requirements, the Opposition asserts that the Counterclaim has sufficiently pled a claim for breach of contract because Lavallee's purported statement indicates the parties agreed to a "deal" of some sort and it is "plausible" that the language encompassed an agreement to never terminate Stine, and Lavallee has in any event been put on notice of the claim Stine is trying to assert. This is not sufficient to state a claim for breach of contract.  The Counterclaim must plead the existence of an enforceable contract that includes the provision alleged to have been breached, which it does not do.

Counterclaim Five for waiting time penalties fails because the Counterclaim does not allege any facts supporting a plausible inference that Lavallee was involved in or had sufficient responsibility for Implicit's payroll processes such that Lavallee can be deemed to have "caused"

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1

the alleged delay in the payment of Stine's final paycheck. The Opposition admits the Counterclaim contains no such allegations. The Opposition's request that the Court consider material beyond the Counterclaim – a statement in Stine's termination letter that Stine would be paid in accordance with Implicit's standard payroll processes – does not save the claim. The only plausible inference that can be drawn from the termination letter is that Lavallee signs termination letters in his role as Implicit's CEO. It does not support a plausible inference that Lavallee is involved in the payroll process.

The Opposition's proposed amendments to Counterclaims One and Five are futile. Accordingly, Lavallee respectfully requests that the Court dismiss Counterclaims One and Five against Lavallee with prejudice and without leave to amend.

## II.    ARGUMENT

### A.    Counterclaim One Fails To State A Claim For Breach of Contract

Counterclaim One for breach of contract must be dismissed because it does not sufficiently plead the existence of a contract not to terminate Stine. Vague statements about not being each other's bosses and about being "'50/50' as to each other within the company" (Counterclaim ¶ 21) are not sufficiently definite to form an enforceable contract. *See Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006). The Opposition misunderstands basic contract law and pleading requirements.

To state a claim for breach of contract, a complaint must plead the existence of a valid and enforceable contract. *See, e.g.*, *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Kowbell v. Univ. of S. Cal.*, No. LA CV17-07896 JAK (ASx), 2018 WL 11417742, at *6 (C.D. Cal. Nov. 27, 2018). The entire purported contract consists of this alleged statement from Lavallee: "I am not your boss. You are not my boss. It just gives better responsibility for the people that we hire. They know who to look up to when they have questions, and that also means that you get to decide for tech questions. So let me know if that works or if that is a deal breaker." Counterclaim ¶ 9. The Opposition does not explain how this purported statement was sufficiently definite to form a valid and enforceable contract to never terminate Stine. Instead, the Opposition asserts that "it is only Lavallee and Stine who can provide evidence as to exactly

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

what is meant by that" and that by saying "'[s]o let me know if that works or if that is a deal breaker,'" "it was clear that [Lavallee] knew exactly what he was offering." Opp. 4:16-19. It is not clear at all what was purportedly being offered. But the Opposition appears to argue that the Counterclaim has sufficiently stated a claim for breach of contract because it has purportedly "plausibly" alleged that there was some sort of "deal between Stine and Lavallee as to the respective roles they would each play" (*id*. 4:19-20) and that "[i]t is plausible that such conduct implied that neither could 'fire' the other, particularly without a chance for any kind of rational discussion and while Stine was on a medical leave" (*id*. 5:5-7).[1] The Opposition also appears to argue that the breach of contract claim has been sufficiently pled because Lavallee has been put on "notice as to the basis of Stine's breach of contract claim." *Id*. 5:3-4. This is not how contract law and the federal pleading standards work.

A contract can only be enforced "if it is sufficiently definite (and this is a question of law) for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Bustamante*, 141 Cal. App. 4th at 209 (citations and internal quotation marks omitted). As explained in the Motion, an amorphous statement from one co-founder to another prior to the company's incorporation that they would not be each other's bosses cannot rise to the level of contractual duty because the court has no standard to determine whether either individual has met his obligations. *See* Mot. 7:9-25. It is not enough that there may have been some sort of "deal" between the parties. "If ... a supposed 'contract' does not provide a basis for determining what obligations the parties have agreed to, and hence does not make possible a determination of whether those agreed obligations have been breached, there is no contract," and the breach of contract claim must be dismissed. *Bustamante*, 141 Cal. App. 4th at 209 (citations and internal quotation marks omitted); *see also Shuman v. SquareTrade Inc.*, No. 20-cv-02725-JCS, 2021 WL 5113182, at *7 (N.D. Cal. Nov. 3, 2021) (dismissing breach of contract claim because the purported contract alleged in the complaint was not sufficiently definite to be enforceable); *Kowbell*, 2018 WL 11417742 at *6 (same). The

---

[1] As discussed in *infra* section II.B, the Opposition is confusing plausibility with possibility. Mere possibility is not sufficient to satisfy the federal pleading standards. *See infra* § II.B.

Counterclaim asserts that the supposed agreement not to be each other's bosses precluded *Implicit* – which was not even a party to the supposed agreement – from ever terminating Stine's employment.  There is nothing in Lavallee's alleged statement remotely suggesting any agreement that Lavallee or Stine would be employed by Implicit in perpetuity.  It does not matter that Lavallee has "notice" of what the Counterclaim is trying to allege if the Counterclaim has failed to plead the basic elements of a claim for relief.  The breach of contract claim must be dismissed because the Counterclaim does not sufficiently allege the existence of an enforceable contract prohibiting Stine's termination.  *See Oasis*, 51 Cal. 4th at 821.

Moreover, the Opposition's contention that a finder of fact can later take evidence of Lavallee's and Stine's subjective intent likewise misunderstands contract formation.  Contracts are formed through objective manifestations of mutual assent.  *See Aton Center, Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1231 (2023) (explaining that "[m]utual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings" (citation and internal quotation marks omitted)).  It is not enough to offer vague contractual language that does not itself objectively show the formation of a contract and say that the parties can later fill in their unspoken subjective intent.

The only authority the Opposition cites is a jury instruction and a case regarding *implied* contracts.  *See* Opp. 4:21-5:1.  The Opposition then asserts that "[e]ven if the words alone did not create a contract – the parties' conduct, in deciding each other's titles and roles in the context of founding a company, created an agreement that one party would not fire the other, particularly without cause."  *Id*. 5:7-10.  By now trying to argue the existence of an implied contract, the Opposition effectively concedes that the purported express contract alleged in the Counterclaim is not sufficiently definite to constitute an enforceable contract.  This requires that the breach of contract claim be dismissed.  *See, e.g.*, *Shuman*, 2021 WL 5113182 at *7; *Kowbell*, 2018 WL 11417742 at *6.

The breach of contract claim should be dismissed with prejudice.  The Opposition fails to explain how these pleading defects can be cured.  The Counterclaim and the Opposition

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

contradict each other as to the basis of the supposed legally binding obligation for Implicit to employ Stine in perpetuity. *Compare* Counterclaim ¶¶ 9, 20-21 (alleging that there was an express agreement precluding Stine's termination) *with* Opp. 5:7-28 (asking the Court to imply an agreement not to terminate Stone based on Stine's and Lavallee's conduct and other statements). Stine cannot pinpoint when Lavallee purportedly bound himself and somehow Implicit to never terminate Stine because there was never any such agreement. Moreover, the Opposition does not indicate that there was a contract between Stine and Implicit, the entity that would become Stine's employer after its formation in 2023 and that ultimately terminated him, or that Stine and Implicit agreed to incorporate any purported agreement between Lavallee and Stine into the terms of Stine's employment when Stine later joined Implicit such that he was not an at-will employee. Counterclaim One for breach of contract should be dismissed with prejudice and without leave to amend.

### B.     Counterclaim Five Fails To State A Claim For Waiting Time Penalties Against Lavallee

The Opposition admits that the Counterclaim does not sufficiently plead that Lavallee "caused" the alleged violation of Labor Code sections 201 and 203 to state a claim for waiting time penalties against Lavallee and asks the Court to take judicial notice of a termination letter sent by Implicit in an attempt to bolster the claim. *See* Opp. 6:14-23. But nothing in that letter remedies the Counterclaim's pleading deficiencies.

An owner or officer of a company can only be held personally liable for waiting time penalties if "when acting on behalf of an employer, the [individual] has personal involvement in the enumerated violations in section 558.1; or, absent personal involvement, has sufficient participation in the activities of the employer—including, for example, over those responsible for the alleged wage and hour violations—such that the [individual] may be deemed to have contributed to, and thus have 'cause[d]' such violations." *Usher v. White*, 64 Cal. App. 5th 883, 886 (2021). The letter does not indicate that Lavallee had any personal involvement in the alleged delay in processing Stine's final paycheck or sufficiently participated in the payment process such that he can be deemed to have caused the alleged violation. All the Opposition can

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

point to is the letter's statement that Stine will be paid in accordance with Implicit's standard payroll practices. *See* Opp. 6:15-16. From this standard form language, the Opposition baselessly asserts that "[i]f Stine was paid late, then it stands to reason that Lavallee 'caused' the late payment based on Lavallee's presentation to this Court that he signed a letter to Stine stating when he would receive his final pay." *Id*. 6:16-19. The Opposition contends this is sufficient to meet *Twombly's* plausibility requirement. *See id*. 6:21-23. It is not.

The Opposition is confusing plausibility with possibility. This distinction has been clearly explained by the Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The only plausible inference the letter supports is that Lavallee, as CEO of Implicit, was responsible for signing termination letters for senior employees. There is no indication whatsoever that Lavallee was involved in the payroll process. Indeed, the Counterclaim alleges that that responsibility belonged to Stine's wife. *See* Counterclaim ¶ 7 (alleging that Juanita Traver Stine was Implicit's payroll administrator). While there may be no facts ruling out the possibility that Lavallee may have been involved in the payroll process, a mere possibility is not enough to state a claim for relief. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 971-72 (9th Cir. 2009) (explaining that allegations may be consistent with a claim for relief where the facts do not rule out the possibility of liability, but dismissing the complaint because the mere possibility of liability is not sufficient to satisfy *Twombly* and *Iqbal*). The Opposition is effectively asking the Court to infer liability based solely on Lavallee's role as CEO of Implicit – exactly what the relevant statute and case law do not permit. *See* Cal. Labor Code § 558.1(a); *Usher*, 64 Cal. App. 5th at 886.

The Court must dismiss Counterclaim Five against Lavallee with prejudice because the proposed amendment – the language from Stine's termination letter stating that Stine would be

LAVALLEE'S REPLY ISO MOTION TO DISMISS STINE'S COUNTERCLAIM
Case No.  3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

paid in accordance with Implicit's standard payroll practices (*see* Opp. 6:24-26) – is futile. *See, e.g.*, *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (explaining that a district court need not grant leave to amend where amendment would be futile, *i.e.* where the amended complaint would be subject to dismissal).

**III.    CONCLUSION**

Based on the foregoing, Lavallee respectfully requests that the Court dismiss Counterclaims One and Five with prejudice.

Respectfully submitted,

Dated: September 25, 2024                    GRELLAS SHAH LLP

By:  /s/ *Dhaivat H. Shah*
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendant
ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

LAVALLEE'S REPLY ISO MOTION TO DISMISS STINE'S COUNTERCLAIM
Case No.  3:24-cv-03744-WHO