Jackie M. Ford, Esq. (SBN: 272641)
*jford@structurelaw.com*
Karen F. Rothschild, Esq. (SBN: 346949)
*krothschild@structurelaw.com*
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants and Counterclaimants
JACOB STINE and JUANITA TRAVER STINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOOD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03744-WHO<br><br>**DEFENDANT JUANITA TRAVER STINE'S ANSWER TO COMPLAINT AND <u>FIRST AMENDED</u> COUNTERCLAIM**<br><br>Judge:    Hon. William H. Orrick |
| JACOB STINE, an individual; and JUANITA TRAVER STINE, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>IMPLICIT CONVERSIONS, INC., a Delaware Corporation; and ROBIN LAVALLEE, an individual,<br><br>Counterdefendants. | |

- 1 -

JUANITA TRAVER STINE'S ANSWER TO COMPLAINT AND FIRST AMENDED COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Juanita Traver Stine ("Traver Stine") hereby responds to Plaintiff Implicit Conversions, Inc.'s ("Plaintiff" or "Implicit") Complaint as follows:

## PRELIMINARY STATEMENT

1. As to Paragraph 1 of Plaintiff's Complaint, Traver Stine admits that Jacob Stine ("Stine") is Plaintiff's former Chief Technology Officer and co-founder but denies the remaining allegations.

2. As to Paragraph 2 of Plaintiff's Complaint, Traver Stine denies the allegations.

3. As to Paragraph 3 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge to admit or deny the allegations but deny that they have caused harm or damages to Plaintiff.

## PARTIES

4. As to Paragraph 4 of Plaintiff's Complaint, Traver Stine admits the allegations.

5. As to Paragraph 5 of Plaintiff's Complaint, Traver Stine admits the allegations.

6. As to Paragraph 6 of Plaintiff's Complaint, Traver Stine admits the allegations.

7. As to Paragraph 7 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information as to Sayed Mahmood Alawi.

8. As to Paragraph 8 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information as to any Doe Defendants, and alleges that Doe defendants are not authorized by federal law.

## JURISDICTION AND VENUE

9. As to Paragraph 9 of Plaintiff's Complaint, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Traver Stine admits that this Court has subject matter jurisdiction over the claims asserted in the Complaint.

10. As to Paragraph 10 of Plaintiff's Complaint, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Traver Stine admits that this Court has jurisdiction over the claims asserted in the

- 2 -

Complaint as to Traver Stine.

11.    As to Paragraph 11 of Plaintiff's Complaint, this paragraph contains Plaintiff's venue allegations, to which no response is required. To the extent a response is deemed required, Traver Stine admits that this Court has venue over the claims asserted in the Complaint.

## FACTS

12.    As to Paragraph 12 of Plaintiff's Complaint, Traver Stine admits in part and denies in part. Traver Stine denies the allegations to the extent that Implicit Conversions, LLC, was co-founded by Stine and Robin Lavallee ("Lavallee"). Implicit Conversions, LLC, was founded by Stine as the sole member. Traver Stine admits that Implicit Conversions, LLC, was restructured to add Lavallee as a member.

13.    As to Paragraph 13 of Plaintiff's Complaint, Traver Stine admits the allegations.

14.    As to Paragraph 14 of Plaintiff's Complaint, Traver Stine admits that Stine was on the board of directors of Implicit. Defendants denies the remainder of the allegations.

15.    As to Paragraph 15 of Plaintiff's Complaint, Traver Stine admits in part and denies in part. Traver Stine admits the allegations to the extent that Implicit issued 4,250,000 shares of Common Stock to Lavallee and 4,250,000 shares of Common Stock to Stine, both subject to vesting over a 4-year period on or around January 26, 2023. Traver Stine denies the remaining allegations.

16.    As to Paragraph 16 of Plaintiff's Complaint, Traver Stine admits the allegations.

17.    As to Paragraph 17 of Plaintiff's Complaint, Traver Stine admits the allegations.

18.    As to Paragraph 18 of Plaintiff's Complaint, Traver Stine denies the allegations.

19.    As to Paragraph 19 of Plaintiff's Complaint, Traver Stine denies that Lavallee made Stine the CTO. Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

20.    As to Paragraph 20 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations

- 3 -

contained herein, on that basis denies each and every allegation.

21.    As to Paragraph 21 of Plaintiff's Complaint, Traver Stine denies that she was hired on April 1, 2024. Traver Stine admits the remaining allegations.

22.    As to Paragraph 22 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

23.    As to Paragraph 23 of Plaintiff's Complaint, Traver Stine denies that the actions were taken by Implicit, but admits that they were taken by Lavallee purporting to act for Implicit.

24.    As to Paragraph 24 of Plaintiff's Complaint, Traver Stine admits that Lavallee took steps to block Stine's computer access. Traver Stine denies the remainder of the allegations.

25.    As to Paragraph 25 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

26.    As to Paragraph 26 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

27.    As to Paragraph 27 of Plaintiff's Complaint, Traver Stine denies the allegation.

28.    As to Paragraph 28 of Plaintiff's Complaint Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

29.    As to Paragraph 29 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

30.    As to Paragraph 30 of Plaintiff's Complaint, Traver Stine admits the allegations.

31.    As to Paragraph 31 of Plaintiff's Complaint, Traver Stine admits the allegations.

32.    As to Paragraph 32 of Plaintiff's Complaint, Traver Stine admits the allegations.

33. As to Paragraph 33 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein.

34. As to Paragraph 34 of Plaintiff's Complaint, Traver Stine admits in part and denies in part. Traver Stine admits that a letter was received. Traver Stine denies the remainder of the allegations.

35. As to Paragraph 35 of Plaintiff's Complaint, Traver Stine denies the allegations.

36. As to Paragraph 36 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

37. As to Paragraph 37 of Plaintiff's Complaint, Traver Stine admits the allegations.

38. As to Paragraph 38 of Plaintiff's Complaint, Traver Stine admits in part and denies in part. Traver Stine admits the allegations to the extent that a letter was received, and that a courier service was offered. Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

39. As to Paragraph 39 of Plaintiff's Complaint, Traver Stine denies the allegations on the premise that the supposed buy-out of unvested shares is illegitimate, Lavallee and Stine are equal partners, and Stine's termination was wrongful.

40. As to Paragraph 40 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein.

41. As to Paragraph 41 of Plaintiff's Complaint, Traver Stine admits that on the morning of June 20, 2024, Jacob Stine, through counsel, sent an Action By Written Consent of the Majority Stockholders, signed by Jacob Stine and Alawi, as Implicit stockholders. The written consent states that Jacob Stine is an Implicit Board member and removes Lavallee from the Implicit Board and appoints Juanita Traver Stine and Alawi to the Board. Denied as to the

remainder of the allegations.

42.    As to Paragraph 42 of Plaintiff's Complaint, Traver Stine admits that such actions were taken but denies the color that Plaintiff puts on these allegations.

43.    As to Paragraph 43 of Plaintiff's Complaint, Traver Stine admits in part and denies in part. Traver Stine admits to the allegations to the extent that documents were sent to Implicit personnel. Traver Stine denies that the actions caused, and continue to cause, significant confusion and disruption to Plaintiff's workplace and to its business.

44.    As to Paragraph 44 of Plaintiff's Complaint, Traver Stine denies the allegations.

## COUNTS

## FIRST COUNT

**[Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*]**

**[Against Jacob Stine and Juanita Traver Stine]**

45.    As to Paragraph 45 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

46.    As to Paragraph 46 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

47.    As to Paragraph 47 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

48.    As to Paragraph 48 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

49.    As to Paragraph 49 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

50.    As to Paragraph 50 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is deemed

required, Traver Stine denies the allegations.

51. As to Paragraph 51 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

52. As to Paragraph 52 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

53. As to Paragraph 53 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## SECOND COUNT

### [Violation of California Penal Code § 502(c) *et seq.*]

### [Against Jacob Stine and Juanita Traver Stine]

54. As to Paragraph 54 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

55. As to Paragraph 55 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

56. As to Paragraph 56 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

57. As to Paragraph 57 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

58. As to Paragraph 58 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

59. As to Paragraph 59 of Plaintiff's Complaint, this paragraph contains Plaintiff's

conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

60. As to Paragraph 60 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

61. As to Paragraph 61 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

62. As to Paragraph 62 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

63. As to Paragraph 63 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

64. As to Paragraph 64 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

65. As to Paragraph 65 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

66. As to Paragraph 66 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

67. As to Paragraph 67 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

//

//

JUANITA TRAVER STINE'S ANSWER TO COMPLAINT AND FIRST AMENDED COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO

**THIRD COUNT**

**[Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836]**

**[Against Jacob Stine and Juanita Traver Stine]**

68. As to Paragraph 68 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

69. As to Paragraph 69 of Plaintiff's Complaint, Traver Stine admits that material company systems are password protected, but denies the remainder of the allegations.

70. As to Paragraph 70 of Plaintiff's Complaint, lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

71. As to Paragraph 71 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

72. As to Paragraph 72 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

73. As to Paragraph 73 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

74. As to Paragraph 74 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

75. As to Paragraph 75 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

76. As to Paragraph 76 of Plaintiff's Complaint, Traver Stine denies the allegations.

77. As to Paragraph 77 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed

- 9 -

required, Traver Stine denies the allegations.

78.    As to Paragraph 78 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## FOURTH COUNT

**[Violation of the California Uniform Trade Secrets Act, Cal. Civil Code § 3426 et. seq]**

**[Against Jacob Stine and Juanita Traver Stine]**

79.    As to Paragraph 79 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

80.    As to Paragraph 80 of Plaintiff's Complaint, Traver Stine admits that material company systems are password protected, but denies the remainder of the allegations.

81.    As to Paragraph 81 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained herein, on that basis denies each and every allegation.

82.    As to Paragraph 82 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

83.    As to Paragraph 83 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

84.    As to Paragraph 84 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

85.    As to Paragraph 85 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

86.    As to Paragraph 86 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed

required, Traver Stine denies the allegations.

87.    As to Paragraph 87 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

88.    As to Paragraph 88 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

89.    As to Paragraph 89 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## FIFTH COUNT

### [Breach of Contract]

### [Against Jacob Stine]

90.    As to Paragraph 90 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

91.    As to Paragraph 91 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

92.    As to Paragraph 92 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

93.    As to Paragraph 93 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

94.    As to Paragraph 94 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

95.    As to Paragraph 95 of Plaintiff's Complaint, this paragraph contains Plaintiff's

- 11 -

allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

96. As to Paragraph 96 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

97. As to Paragraph 97 of Plaintiff's Complaint, this paragraph contains Plaintiff's allegations against Co-Defendant Stine, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## SIXTH COUNT

### [Breach of Duty of Loyalty]

### [Against Juanita Traver Stine]

98. As to Paragraph 98 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

99. As to Paragraph 99 of Plaintiff's Complaint, Traver Stine denies that her start date was April 1, 2024 but admits the remaining allegations.

100. As to Paragraph 100 of Plaintiff's Complaint, this this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

101. As to Paragraph 101 of Plaintiff's Complaint, Traver Stine lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein, and on that basis denies each and every allegation.

102. As to Paragraph 102 of Plaintiff's Complaint, this this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

103. As to Paragraph 103 of Plaintiff's Complaint, this this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

104. As to Paragraph 104 of Plaintiff's Complaint, this this paragraph contains

- 12 -

Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## SEVENTH COUNT

### [Declaratory Relief]

### [Against Jacob Stine, Juanita Traver Stine, and Alawi]

105.    As to Paragraph 105 of Plaintiff's Complaint, Traver Stine incorporates her responses to each allegation contained in Plaintiffs' Complaint herein as if separately pleaded.

106.    As to Paragraph 106 of Plaintiff's Complaint, this paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

107.    As to Paragraph 107 of Plaintiff's Complaint, Traver Stine denies the allegations.

108.    As to Paragraph 108 of Plaintiff's Complaint, Traver Stine denies the allegations.

109.    As to Paragraph 109 of Plaintiff's Complaint, Traver Stine denies the allegations.

110.    As to Paragraph 110 of Plaintiff's Complaint, Traver Stine admits the allegations.

111.    As to Paragraph 111 of Plaintiff's Complaint, Traver Stine admits the allegations.

112.    As to Paragraph 112 of Plaintiff's Complaint, Traver Stine admits the allegations.

113.    As to Paragraph 113 of Plaintiff's Complaint, this paragraph contains Plaintiff's prayer for relief request, to which no response is required. To the extent a response is deemed required, Traver Stine denies the allegations.

## AFFIRMATIVE DEFENSES

Traver Stine alleges the following separate affirmative defenses to the Complaint, and as to each alleged claim contained therein:

1.    The Complaint, and each count thereunder, fails to state facts sufficient to constitute a cause of action.

2.    Implicit has failed to mitigate its damages.

JUANITA TRAVER STINE'S ANSWER TO COMPLAINT AND FIRST AMENDED COUNTERCLAIM
CASE NO. 3:24-CV-03744-WHO

3. Traver Stine is entitled to a credit or offset for any amounts that may be due to Implicit for any amounts due pursuant to her counterclaim.

4. Implicit would be unjustly enriched if allowed to recover the sums alleged in the Complaint.

5. All damages claimed to have been suffered by Implicit were caused by its own fault such that any recovery herein should be barred.

6. The computer system or systems that Defendants accessed do not constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

7. Implicit's claim under California Penal Code § 502(c) fails to state a claim upon which relief can be granted because the complaint does not allege an "injury" as defined under § 502(b)(8).

8. The cause of action alleged in the Complaint based upon the Uniform Trade Secrets Act, Cal. Civil Code § § 3426 et seq., is barred to the extent Plaintiff has failed to undertake reasonable efforts to maintain the secrecy of its alleged trade secrets.

9. The cause of action alleged in the Complaint based upon the Uniform Trade Secrets Act, Cal. Civil Code §§ 3426 et seq., is barred because Defendants did not use the alleged trade secrets improperly.

10. The cause of action alleged in the Complaint based upon the Uniform Trade Secrets Act, Cal. Civil Code §§ 3426 et seq., is barred to the extent the alleged trade secrets are readily ascertainable.

11. Duties owed by Traver Stine, were prevented or excused, and as a result, the Complaint fails, in whole or in part.

12. Claims for attorney's fees and damages under the "Violation of the Computer Fraud and Abuse Act" may be barred as the Act does not permit recovery of attorney's fees or punitive damages under 18 U.S.C. § 1030.

13. Claims for attorney's fees and damages under "Trade Secrets Misappropriation Under Federal Defend Trade Secrets Act" may be barred due to a failure to meet the requirements of 18 U.S.C. § 1836.

- 14 -

14. The Complaint may be barred, in whole or in part, by the doctrine of unclean hands.

15. The Complaint may be barred, in whole or in part, by the doctrine of estoppel.

16. Each and every cause of action in the Complaint fails to allege facts sufficient to show recovery of punitive damages.

17. Implicit fails to define and fails to meet the definition of what constitutes a trade secret under the Trade Secrets Act, 18 U.S.C. § 1836. Furthermore, Implicit fails to specify which alleged trade secrets Stine allegedly utilized, if any, or any trade secrets that possess independent economic vale to invoke the protections of the Act.

18. Traver Stine did not misappropriate any trade secrets. Traver Stine did not acquire, disclose, or use any trade secrets improperly or without authorization.

19. The information at issue does not qualify as a trade secret under the Trade Secrets Act, 18 U.S.C. § 1836, because Implicit did not take reasonable measures to keep it secret.

Traver Stine acknowledges that she does not have sufficient knowledge or information from which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. She therefore reserves the right to assert any additional affirmative defenses in the event that discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

A. That Plaintiff takes nothing by reason of its Complaint;

B. For all recoverable costs of suit incurred herein to the extent permitted by law;

C. For attorney fees incurred herein, under all applicable provisions of law;

D. for such other relief as the Court may deem just and proper.

**<u>AMENDED COUNTERCLAIM</u>**

Pursuant to the Federal Rules of Civil Procedure, Rule 13, Defendant and Counterclaimant Juanita Traver Stine hereby alleges as follows:

//

**Parties, Jurisdiction, and Venue**

1.      Juantia Traver Stine ("Traver Stine") is an individual residing in the State of California.

2.      Traver Stine is informed and believes, and thereon alleges, that Counterdefendant Implicit Conversions, Inc. ("Implicit") is a Delaware corporation.

3.      Traver Stine is informed and believes, and thereon alleges, that Counterdefendant Robin Lavallee ("Lavallee") is a resident of Pennsylvania.

4.      The Court has subject matter jurisdiction over Counterclaimant's claims under 28 U.S.C. § 1367. The Counterclaim does not require any other independent basis of jurisdiction, including the addition of the additional party.

5.      Venue is proper before this Court as Counterdefendant Implicit brought the Complaint before this Court and Counterclaimant does not dispute that venue is appropriate here pursuant to 28 U.S.C. § 1391, as set forth in paragraph 11 of the Answer and Affirmative Defenses.

**General Allegations**

6.      Traver Stine joined her husband's, Jacob Stine ("Stine"), company Implicit that he founded with Lavallee in early 2022 as a Payroll Administrator. Her role was expanded to include operating Human Resources for the company in or around March 2023.

7.      Implicit was aware of Stine's neurodivergent traits consistent with those who have autism. These included struggles with direct communication.

8.      On Friday, May 10, 2024, Stine and Traver Stine met to discuss various issues surrounding the workplace, particularly communication issues with other employees. Stine did not seem to be aware of any outstanding issues. Traver Stine and Stine began to discuss ways that Stine could improve communication skills.

9.      The meeting had to be ended because Stine began to demonstrate that he was in a medical crisis. The medical crisis continued to intensify over the next day and on May 11th, Stine sought medical attention. This led to Stine needing to take some time off work to address his health needs.

- 16 -

10.   On or about May 13, 2024, Lavallee messaged Traver Stine that "Jake has always been writing stuff like that on Slack (self-harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have."

11.   In her role as the company's HR leader, Traver Stine approached William Litshauer ("Litshauer") on the management team, and Lavallee, to raise the issue of Stine's medical leave and ways Implicit could support Stine's return to work. In other words, Traver Stine started the interactive process to see if there were any reasonable accommodations Implicit could offer Stine to address his medical and health needs. Lavallee suggested working with an outside vendor who could assist with better communication between Lavallee and Stine.

12.   On or about May 16, 2024, Traver Stine and Litshauer held a meeting with this vendor who could mediate to see if it would be a good fit for Implicit. A second meeting was scheduled on or about May 23, 2024, while Stine was still on medical leave. Despite this, just prior to the scheduled meeting, Lavallee expressed to Traver Stine that Lavallee and Litshauer had agreed that Stine could not come back to work at all. Nevertheless, Litshauer suggested that he and Traver Stine still meet with the vendor for the scheduled second meeting or discovery, which they did. When the vendor followed up after the second meeting, Litshauer responded vaguely and Traver Stine never heard anything about the vendor again.

13.   On June 14, 2024, while Stine was still on medical leave, Lavallee purported to terminate Stine's employment.

14.   That same day, Lavallee manufactured reasons as to why Traver Stine did not meet her HR duties with respect to Stine. He emailed Traver Stine a purported "performance review" which stated that her HR role was "a failure." The reasons for this "failure" consisted of the following:

a.   Because Employee A's improved performance coincided with Stine's medical leave departure, there should have been "proper HR follow-ups on this matter."

b.   Employee B's complaints about Stine should have resulted in Traver Stine implementing "[a] formal improvement plan."

c.   Unspecified "multiple issues" regarding Stine on which Traver Stine

- 17 -

failed to follow up.

15.    As a result of these "failures," most of Traver Stine's duties were removed from her, including her responsibilities for HR, payroll, and anything related to finances. This took place to prior to Traver Stine's credentials being used to access Implicit's computer systems.

16.    Later that night, Lavallee called 911 to the Stines' home, resulting in an unnecessary police visit. There was no basis to do this whatsoever other than to harass the Stines. The police reported that they were checking in on "disturbing messages" sent "months ago." Clearly any concern for safety was feigned given the passage of time between the alleged messages and the call to 911.

17.    But Lavallee was not finished.

18.    Lavallee then sent an email to the female employees of Implicit and included a female external vendor informing them he had called 911 to perform a wellness check on Traver Stine. There was absolutely no reason to do this, other than to make a sexist display of hostility against Traver Stine.

19.    On June 16, 2024, Traver Stine sent a written dispute of the performance review to Litshauer as she did not feel comfortable bringing the complaint up to Lavallee, particularly after the 911 incident. Regarding the specific points above, Traver Stine responded in part as follows:

a.    Regarding Employee A, she had specifically mentioned this employee to Lavallee on May 10, 2024 and Lavallee denied there were any issues. Litshauer had previously held meetings with this employee, and Traver Stine held a meeting this employee on May 20th and had a future meeting scheduled for June 18th. Litshauer had recently reported this employee was making progress.

b.    Regarding Employee B, Lavallee had previously told Traver Stine that because this employee would not feel comfortable talking to Traver Stine, he and Stine would address the issues directly without Traver Stine's involvement.

c.    Regarding the third situation, per the above, it was unclear to which issues Lavallee was referring. Lavallee previously apologized to Traver Stine on or about May

- 18 -

13, 2024 about not telling her about previous concerns with Stine.

20.    On June 24, 2024, Traver Stine received paperwork indicating that she had been terminated as of that same date.

## COUNTERCLAIM ONE

### [Adverse Employment Action in Violation of Public Policy]

### [Against Implicit]

21.    Counterclaimant realleges and incorporates herein by reference all preceding paragraphs of this Counterclaim as though fully set forth herein.

22.    Traver Stine was an hourly employee who was promised "up to a maximum of forty (40) hours per week" per a written contract.  Her wages depended on the number of hours Implicit needed her to work.

23.    While Stine was still on leave, Lavallee terminated Stine's employment with Implicit on June 14, 2024. Per his First Amended Counterclaim, Stine alleges that his termination was unlawful and rooted in disability discrimination. Implicit's refusal to engage in the interactive process with Stine, refusal to provide reasonable accommodations for Stine, and ultimate termination of Stine was rooted in Lavallee's growing animosity towards Stine and his autistic traits, in violation of the Fair Employment and Housing Act ("FEHA").

24.    Also on June 14, 2024, and as an extension of Lavallee's animosity towards Stine, Lavallee turned his emotions onto Traver Stine, based on her marital relationship with Stine, removing most of her job responsibilities and calling her a "failure."  In reality, Lavallee had previously told Traver Stine not to be concerned with the issues he ultimately cited for the reasons for her demotion.

25.    This was done in violation of public policy, as Stine was a protected employee under FEHA.  Lavallee suddenly became hostile against Traver Stine for both her attempting to seek accommodations for Stine, and for failing to control Stine's alleged workplace communications, which were tied to his autistic traits.  This was despite previously telling Traver Stine not to be concerned with any potential communication issues related to Stine's relationship with Employees A and B.

26.     As an hourly employee who was not guaranteed forty hours a week, the removal of the majority of Traver Stine's job responsibilities would necessarily result in a reduction of her hours and by extension her compensation.

27.     Traver Stine was harmed by the purported demotion and reduction of responsibilities and hours, suffering emotional distress and the anticipation of her reduced role at Implicit as well as a reduced schedule.

28.     Implicit's actions were committed with oppression, fraud or malice such that an award of punitive damages is appropriate.

## COUNTERCLAIM TWO

**[Adverse Employment Action Based On Association with Member of FEHA Protected Class]**

**[Against Implicit]**

29.     Traver Stine realleges and incorporates herein by reference all preceding paragraphs of this Counterclaim as though fully set forth herein.

30.     Traver Stine was the wife of an Implicit employee, Stine, who was perceived as having autism.

31.     Stine was wrongfully terminated by Implicit on June 14, 2024.  As alleged in Stine's Counterclaim, Implicit's refusal to engage in the interactive process with Stine, refusal to provide reasonable accommodations for Stine, and ultimate termination of Stine was rooted in Lavallee's growing animosity towards Stine and his autistic traits, in violation of the Fair Employment and Housing Act.

32.     The same day as Stine's termination, and as an extension of Lavallee's animosity towards Stine, Lavallee turned his emotions onto Traver Stine, based on her association with Stine, removing most of her job responsibilities and calling her a "failure" for not controlling her husband's autistic traits.  In reality, Lavallee had previously told Traver Stine not to be concerned with the issues he ultimately cited for the reasons for her demotion.

33.     As an hourly employee with no guaranteed number of hours, this necessarily meant a pay cut.

- 20 -

34. Traver Stine was able to perform the essential duties of her job, as she always had.

35. Traver Stine was harmed by the purported demotion and reduction of responsibilities and hours, suffering emotional distress and the anticipation of her reduced role at Implicit as well as a reduced schedule.

36. Traver Stine's association with her husband was a substantial motivating reason for Implicit' s decision to demote Traver Stine and therefore reduce her working hours and compensation.

37. Traver Stine received a right to sue letter from the California Civil Rights Department on July 29, 2024, and on November 4, 2024 provided further notice to California Civil Rights Department. That same day, she received confirmation of the validity of her original right to sue letter.

38. Traver Stine is additionally entitled to attorney's fees and costs pursuant to Cal. Gov. Code § 12965.

39. Implicit's actions were committed with oppression, fraud or malice such that an award of punitive damages is appropriate.

## COUNTERCLAIM THREE

### [Defamation]

### [Against Lavallee]

40. Traver Stine realleges and incorporates herein by reference all preceding paragraphs of this Counterclaim as though fully set forth herein.

41. On June 14, 2024, Lavallee made statements to a 911 operator indicating that Traver Stine was the victim or potential victim of domestic violence at the hands of her husband. Lavallee knew this statement was false, or made it with reckless disregard for the trust or falsity of the report.

42. The law enforcement personnel reasonably understood Lavallee's statements to be true. This was highly offensive to both Stine as an alleged abuser, and Traver Stine as an alleged victim. The Stines do not have a history of domestic abuse.

- 21 -

43. Lavallee did not believe the statements he made to law enforcement, particularly that there was concern for Traver Stine's safety, were true. He only made the call to law enforcement as a flex of power over Stine and Traver Stine because he was mad at Stine for blocking his computer access.

44. That the 911 call was not motivated out of any legitimate concern for the Stines' safety is further demonstrated by the fact that promptly after making the call, Lavallee sent an email to the female employees of Implicit and included a female external vendor informing them he had called 911 to perform a wellness check on Traver Stine at the Stines' home. There was absolutely no reason to do this; Lavalee's intention was to make a sexist display of hostility against Traver Stine and damage Stine's reputation.

45. Law enforcement visited the Stines' home at around 10:30pm on June 14, 2024.

46. As a woman of color, and knowing that in the video game community there is a phenomenon called "SWATTING" which involves making false reports to police so that the SWAT team shows up to an unsuspecting victim's home, this was terrifying and traumatic to Traver Stine.

47. Lavallee additionally sent an email to the female employees of Implicit and included a female external vendor informing them he had called 911 to perform a wellness check on Traver Stine. There was absolutely no reason to do this, other than to make a sexist display of hostility against Traver Stine and insult Stine.

48. As a result of Lavallee's actions, Traver Stine has suffered damages in an amount to be proven at trial.

49. Lavallee's actions were committed with oppression, fraud or malice such that an award of punitive damages is appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Traver Stine prays for a judgment as follows:

A. For damages in an amount according to proof at trial;

B. For punitive damages;

C. That the Court enter judgment dismissing the Complaint;

- 22 -

D.  That the Court enter judgment in favor of Traver Stine;

E.  That Traver Stine be awarded attorneys' fees and costs incurred herein to the extent permitted by law;

F.  That Traver Stine be awarded such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Juanita Traver Stine hereby demands a jury trial.


Date: November 4, 2024                    STRUCTURE LAW GROUP, LLP


                                          By: /s/Jackie Ford
                                              Jackie Ford, Esq.
                                              Karen Rothschild, Esq.
                                              Attorneys for Defendants JACOB STINE
                                              and JUANITA TRAVER STINE

- 23 -