GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
VIVI T. LEE, ESQ. (SBN 247513)
(vl@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>JACOB STINE, an individual; JUANITA TRAVER STINE, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual,<br><br>Counterdefendants. | Case No. 3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S NOTICE OF MOTIONS AND MOTIONS TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16 AND DISMISS UNDER FED. R. CIV. PROC. 12(B) THE AMENDED COUNTERCLAIM OF JUANITA TRAVER STINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: January 15, 2025<br>Time: 2:00 p.m.<br>Judge: William H. Orrick<br>Courtroom: 2 - 17th Floor<br><br>Date Action Filed: June 21, 2024 |



GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# TABLE OF CONTENTS

Page (s)

NOTICE OF MOTIONS AND MOTIONS .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 2

I. INTRODUCTION .......... 2

II. STATEMENT OF ISSUES .......... 4

III. RELEVANT FACTUAL ALLEGATIONS .......... 6

IV. PROCEDURAL BACKGROUND .......... 7

V. ARGUMENT .......... 8

A. The Court Should Strike Counterclaim Three And Award Lavallee His Attorneys' Fees And Costs .......... 8

B. The Court Should Dismiss The Amended Counterclaims In Its Entirety .......... 10

1. Legal Standard .......... 10

2. Counterclaim Two Fails To State A Claim For Adverse Employment Action Based On Association With A Member Of A FEHA-Protected Class .......... 11

a. The Amended Counterclaim Fails To Allege That Traver Stine Suffered An Adverse Employment Action .......... 11

b. The Amended Counterclaim Fails To Plausibly Allege That Traver Stine's Association With A Person With Perceived Autism Was A Substantial Factor In Any Adverse Employment Action .......... 13

c. The Amended Counterclaim Fails To Allege That Traver Stine Suffered Any Damage Proximately Caused By The Alleged Adverse Employment Action .......... 16

3. Counterclaim One Fails To State A Claim For Adverse Employment Action In Violation Of Public Policy .......... 17

4. Counterclaim Three Fails To State A Claim For Defamation .......... 19

VI. CONCLUSION .......... 21

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# TABLE OF AUTHORITIES

## CASES

Pages (s)

*Akers v. County of San Diego*,
95 Cal. App. 4th 1441 (2002) ........ 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 10

*Brown v. Los Angeles Unified School Dist.*,
60 Cal. App. 5th 1092 (2021) ........ 11

*Castro-Ramirez v. Dependable Highway Express, Inc.*,
2 Cal. App. 5th 1028 (2016) ........ 13, 15

*Chabak v. Monroy*,
154 Cal. App. 4th 1502 (2007) ........ 9

*Comstock v. Aber*,
212 Cal. App. 4th 931 (2012) ........ 9

*Correia v. Santos*,
191 Cal. App. 2d 844 (1961) ........ 20

*Hanson v. Lucky Stores, Inc.*,
74 Cal. App. 4th 215 (1999) ........ 18, 19

*Hecimovich v. Encinal School Parent Teacher Org.*,
203 Cal. App. 4th 450 (2012) ........ 20

*Herring Networks, Inc. v. Maddow*,
8 F.4th 1148 (9th Cir. 2021) ........ 5, 9

*John Doe 2 v. Sup. Ct.*,
1 Cal. App. 5th 1300 (2016) ........ 19

*Johnson v. Autozone, Inc.*,
No. 2:11–003395–GEB–EFB,
2013 WL 5157187 (E.D. Cal. Sep. 12, 2013) ........ 18

*Maloney v. T3Media, Inc.*,
853 F.3d 1004 (9th Cir. 2017) ........ 9

*Mamou v. Trendwest Resorts, Inc.*,
165 Cal. App. 4th 686 (2008) ........ 11, 16

*McCrae v. Dept. of Corr. and Rehab.*,
142 Cal. App. 4th 377 (2006) ........ 12

*McGarry v. Univ. of San Diego*,
154 Cal. App. 4th 97 (2007) ........ 21

*Metabolife Int'l, Inc. v. Wornick*,
264 F.3d 832 (9th Cir. 2001)....................9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Medical Progress*,
890 F.3d 828 (9th Cir. 2018)....................9

*Regalia v. The Nethercutt Collection*,
172 Cal. App. 4th 361 (2009)....................19, 20, 21

*St. Myers v. Dignity Health*,
44 Cal. App. 5th 301 (2019)....................11

*Starr v. Baca*,
633 F.3d 1191 (9th Cir. 2011)....................11

*Thomas v. Dept. of Corr.*,
77 Cal. App. 4th 507 (2000)....................12

**STATUTES**

Cal. Civ. Code:

§ 46.................... 19

§ 47.................... 10

§ 47(b)(5) .................... 4, 6, 21

Cal. Civ. Proc. Code:

§ 425.16.................... 4, 8

§ 425.16(b)....................1, 10

§ 425.16(b)(1) ....................8, 9, 10

§ 425.16(b)-(c) ....................10

§ 425.16(c) ....................1, 2, 9

Cal. Pen. Code:

§ 502(c) ....................7

**RULES**

Fed. R. Civil. Proc.:

12(b)(6) ....................1, 2

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## NOTICE OF MOTIONS AND MOTIONS

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 15, 2025, at 2:00 p.m., or as soon thereafter as may be heard, in Courtroom 2 on the 17th Floor of the above-entitled Court, counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee ("Lavallee") will and hereby move for an order (1) striking Counterclaim Three of the Answer to Complaint and Amended Counterclaim (the "Amended Counterclaim") (Dkt. No. 56) filed by defendant Juanita Traver Stine under section 425.16(b) of the California Code of Civil Procedure on the grounds that it arises from Lavallee's acts in furtherance of his rights of petition or free speech; (2) dismissing the Counterclaims One, Two and Three under Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend, on the grounds that the Amended Counterclaim fails to state facts sufficient to state a claim for relief; and (3) for attorneys' fees and costs under section 425.16(c) of the California Code of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: December 3, 2024

GRELLAS SHAH LLP

By: */s/ Dhaivat H. Shah*
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**MEMORANDUM OF POINTS AND AUTHORITIES**

Counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee ("Lavallee," and together with Implicit, "counterdefendants") respectfully request that the Court (1) strike Counterclaim Three of the Amended Counterclaim (the "Amended Counterclaim") (Dkt. No. 56) filed by defendant and counterclaimant Juanita Traver Stine ("Traver Stine") under section 425.16(b) of the California Code of Civil Procedure; (2) dismiss Counterclaims One, Two and Three under Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and without leave to amend; and (3) award attorneys' fees and costs under section 425.16(c) of the California Code of Civil Procedure.

## I. INTRODUCTION

This is the second retaliatory counterclaim filed by Traver Stine against Implicit and Lavallee. This one fails too.

Traver Stine filed her first counterclaim shortly after Implicit sued her for violations of cybercrime and trade secret laws. Traver Stine responded by suing Implicit and Lavallee for wrongful termination based on association with a person perceived to have autism, and for intrusion into private affairs. The counterclaim was marred by glaring omissions of key facts – notably, that while Traver Stine was still an Implicit employee, her credentials had been used to breach Implicit's computer systems to allow her husband, Jacob Stine ("Stine"), to gain unauthorized access to Implicit's systems where he engaged in malicious activity. Stine's answer ***admitted*** that Traver Stine's credentials had been used to give him access. It was the use of Traver Stine's credentials to breach Implicit's systems that precipitated her suspension and ultimate termination.

In dismissing Traver Stine's wrongful termination claim, the Court held that "[t]he facts as pleaded fail to plausibly allege that Stine's disability was a substantial factor motivating Implicit's termination of Traver Stine." Dkt. 55 ("MTD Order") 8:15-27. The Court also stated that any wrongful termination claim would have to directly address Traver Stine's apparent complicity in computer crimes: "She attempts now to distance herself from these circumstances, but if she is to plausibly state a claim for wrongful termination based on association, she will

need to address them head-on." *Id.* 8:25-27.

In dismissing the intrusion claim, the Court held that "Lavallee's communicating to other Implicit employees that he had called the police to conduct a wellness check on [Traver Stine]" did not constitute an intrusion into private affairs. *Id.* 10:11-13.

Traver Stine has now filed an Amended Counterclaim that abandons both original claims. The Amended Counterclaim instead attempts to recast the same alleged facts as claims for adverse employment action in violation of the Fair Employment and Housing Act ("FEHA") (Counterclaim Two) and public policy based on her association with a person perceived to have autism (Counterclaim One), and a claim for defamation (Counterclaim Three). These claims fare no better.

Counterclaims One and Two fail for three distinct reasons.

First, the Amended Counterclaim fails to plausibly allege that Traver Stine suffered an adverse employment action. The Amended Complaint alleges that Traver Stine received a negative performance review after hours on June 14, 2024. In the performance review, Implicit allegedly stated that it intended to modify Traver Stine's duties to take away HR and payroll duties. But a negative performance review is not of itself an adverse employment action. And Traver Stine's role or duties never changed because, within hours of receiving that performance review, she apparently assisted Stine in committing cybercrimes against Implicit, resulting in her suspension with pay followed by her termination. Traver Stine never returned to work and Implicit took no action regarding Traver Stine's employment

Second, the Amended Counterclaim fails to plausibly allege that Implicit took any adverse employment action against Traver Stine due to her association with a person perceived to have autism. The Amended Counterclaim does not allege facts plausibly showing that the negative performance review was substantially motivated by Traver Stine's association with her husband's perceived autism rather than her poor performance in managing Stine in her role as Implicit's HR leader.

Third, the Amended Counterclaim also fails to plead any damages proximately caused by the negative performance review. Traver Stine did not suffer any adverse action proximately

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

caused by the negative performance review because she was suspended and then terminated for her cybercrimes before she ever returned to work.

Counterclaim Three for defamation violates California's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, Cal. Code Civ. Proc. § 425.16, because it arises from Lavallee's acts in furtherance of his rights of petition or free speech. The defamation claim arises from Lavallee's call to 911 to request a wellness check on Traver Stine, which is a protected activity under California's anti-SLAPP statute. The defamation claim must be stricken, and Lavallee must be awarded his attorneys' fees and costs, because Traver Stine has not presented a sufficient legal basis for her claim attacking Lavallee's protected activities. A statement to a law enforcement agency that Traver Stine may be the victim of domestic violence is not defamatory. The statement is not defamation per se because it does not tend directly to injure with respect to her profession. That Traver Stine may be the victim of domestic violence does not disqualify her from her profession as an HR employee. Because the statement is not defamation per se, the Amended Counterclaim must plead special damages proximately caused by the statement, which it does not even attempt to do. Counterclaim Three also fails for the separate reason the Amended Counterclaim fails to allege that the purported defamatory statements were made with reckless disregard for their truth or falsity and are therefore privileged. *See* Cal. Civ. Code § 47(b)(5).

Accordingly, Implicit and Lavallee respectfully request that the Court strike Counterclaim Three, dismiss Traver Stine's Amended Counterclaim in its entirety, and award Lavallee his attorneys' fees and costs.

## II. <u>STATEMENT OF ISSUES</u>

1. A claim for adverse employment action based on association with a member of a protected class requires the plaintiff to allege that she suffered an adverse employment action, that the disability was a substantial factor motivating the adverse employment action, and that she suffered damages proximately caused by the adverse employment action. Counterclaim Two alleges that Implicit gave Traver Stine a negative performance review due to Lavallee's animosity towards Traver Stine's husband, who is perceived to have autism, and that Implicit

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

removed most of her job duties. Implicit never took any actions against Traver Stine as a result of the performance review, however, because she was suspended with full pay the next business day due to her breach of Implicit's computer system, and that she did not suffer any damages proximately caused by the performance review for the same reason. The Amended Counterclaim also does not address the Court's previous finding that Traver Stine had not identified any reasons from which the Court could infer that "Stine's disability was a 'substantial factor motivating [Implicit's] adverse employment action.'" Should the Court dismiss Counterclaim Two for associational discrimination in violation of FEHA because the Amended Counterclaim does not allege facts supporting each element of the claim?

2. A claim for adverse employment action in violation of public policy also requires the plaintiff to allege that she suffered an adverse employment action, that the disability was a substantial factor motivating the adverse employment action, and that she suffered damages proximately caused by the adverse employment action. Counterclaim One for adverse employment action in violation of public policy is derivative of Counterclaim Two for adverse employment action in violation of FEHA. Should the Court dismiss Counterclaim One because the statutory claim from which it is derived fails?

3. Claims arising from an act in furtherance of a defendant's constitutional rights to free speech are subject to special motions to strike under California's anti-SLAPP statute. If the defendant makes a prima facie showing that the claim arises from protected activity, then the claim must be stricken, and the defendant must be awarded his attorneys' fees and costs, "if the plaintiff presents an insufficient legal basis for the claims or no reasonable jury could find for the plaintiff." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021) (citation and internal quotation marks omitted). Counterclaim Three asserts a claim for defamation against Lavallee based on his call to 911 to request a wellness check on Traver Stine. Communications to the police are protected activity under California's anti-SLAPP statute. Should the Court strike Counterclaim Three and award Lavallee his attorneys' fees and costs because the claim arises from protected activity and the Amended Counterclaim does not allege facts plausibly stating a claim for defamation?

4. A claim for defamation requires a defamatory statement. If a statement does not fall within any of the statutory categories for defamation per se, then the plaintiff must plead and prove special damages caused by the statement. A statement that someone may be the victim of domestic violence does not fall within any of the defamation per se categories. Should the Court dismiss Counterclaim Three because the Amended Counterclaim does not plead special damages caused by the alleged statement that Traver Stine may be the victim of domestic violence?

5. A statement to law enforcement is privileged unless the speaker made a knowingly false report or one with reckless disregard for its truth or falsity. *See* Cal. Civ. Code § 47(b)(5). The Amended Counterclaim fails to plausibly allege that the statements were either intentionally false or with reckless disregard for their truth or falsity given that Traver Stine's husband's prior violent outbursts coupled with the unexplained use of her credentials to breach Implicit's systems would lead to reasonable concerns about her safety. Should the Court dismiss Counterclaim Three because the alleged statements were privileged?

## III. <u>RELEVANT FACTUAL ALLEGATIONS</u>

The Amended Counterclaim alleges that Traver Stine's husband co-founded Implicit with Lavallee. Amended Counterclaim ¶ 6. Traver Stine allegedly joined the company in 2022 as its Payroll Administrator. *Id.* Her role allegedly expanded in or around March 2023 to include operating human resources. *Id.*

Traver Stine's husband, Stine, is allegedly perceived to have autism. *Id.* ¶ 7. On May 10, 2024, Stine allegedly began to demonstrate that he was in a "medical crisis." *Id.* ¶ 8. Stine allegedly sought medical attention the next day and took a leave of absence from Implicit. *Id.* ¶ 9. On or about May 13, 2024, Lavallee wrote to Traver Stine: "'Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have.'" *Id.* ¶ 10.

The Amended Counterclaim alleges that Traver Stine, in her role as Implicit's HR leader, began the interactive process to discuss potential accommodations for Stine. *Id.* ¶ 11. Lavallee and another member of Implicit's management team subsequently told Traver Stine that Stine

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

could not return to Implicit. *Id.* ¶ 12. On June 14, 2024, Implicit terminated Stine's employment. *Id.* ¶ 13. On that same day, Lavallee emailed Traver Stine a performance review which stated that her HR role was "a failure" because, among other things, she failed to address the concerns of two employees regarding Stine's disturbing behavior and failed to follow up on multiple other issues relating to Stine. *Id.* ¶ 14. Implicit allegedly removed Traver Stine's duties, including her responsibilities for HR, payroll, and anything related to finances. *Id.* ¶ 15. Traver Stine's credentials were then used to breach Implicit's computer systems ***within hours*** of her receipt of the performance review. *Id.*

Later on June 14, 2024, after Implicit's computer systems had been breached using Traver Stine's credentials, Lavallee called the police to conduct a wellness check on Traver Stine and subsequently told some Implicit employees what he had done. *Id.* ¶¶ 16, 18. Traver Stine was placed on paid leave on June 17, 2024. Implicit terminated Traver Stine on June 24, 2024. *Id.* ¶ 20.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## IV. PROCEDURAL BACKGROUND

On June 24, 2024, Implicit filed a complaint against Traver Stine alleging claims for violation of the Computer Fraud and Abuse Act, violation of California Penal Code section 502(c), *et seq.*, violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, and breach of the duty of loyalty relating to Traver Stine's involvement in the alleged unauthorized access to Implicit's protected computers, the damage to Implicit's protected computers, and the alleged misappropriation of Implicit's trade secrets, among other things. Implicit also sought declaratory relief.

On August 2, 2024, Traver Stine filed her Answer to Implicit's complaint and counterclaims against Lavallee and Implicit. Traver Stine's original counterclaim alleged a claim for wrongful termination based on association with a person perceived to have autism against Implicit and a claim for intrusion into private affairs against Implicit and Lavallee. By order entered on October 15, 2024, the Court dismissed both claims. The Court dismissed the wrongful termination claim because "[t]he facts as pleaded fail to plausibly allege that Stine's disability was a substantial factor motivating Implicit's termination of Traver Stine." MTD

Order 8:15-16. The Court explained that the counterclaim "fails to mention that Traver Stine had been helping Stine manipulate Implicit's computer systems immediately before she was suspended and then terminated" (*id.* 8:22-23) and that the counterclaim had failed to "allege facts from which [the Court] could infer that Stine's disability was a 'substantial factor motivating [Implicit's] adverse employment action.'" *Id.* 9:10-12 (citation omitted). The Court dismissed the intrusion claim because "she does not state how Lavallee's communicating to other Implicit employees that he had called the police to conduct a wellness check on her revealed information that was related to her personnel file." *Id.* 10:11-13. The Court could therefore not "infer that Lavallee intruded into a 'private place, conversation or matter' about which Traver Stine had a 'reasonable expectation of privacy.'" *Id.* 10:14-17.

Traver Stine filed the Amended Counterclaim on November 4, 2024. Unable to address Traver Stine's involvement in the computer fraud committed against Implicit "head on" as directed by the Court, the Amended Counterclaim abandons the claim for wrongful termination and instead asserts a claim against Implicit for adverse employment action based on association with a person with a perceived disability for allegedly demoting Traver Stine and reducing her hours and responsibilities in the hours before she committed the computer fraud. *See* Amended Counterclaim ¶¶ 32-36. The Amended Counterclaim also asserts a claim for adverse employment action in violation of public policy for the same reason. *See id.* ¶¶ 22-27. The Amended Counterclaim recasts the intrusion claim based on Lavallee's request for a wellness check on Traver Stine as a claim for defamation against Lavallee. *See id.* ¶¶ 41-47.

## V. **ARGUMENT**

### A. **The Court Should Strike Counterclaim Three And Award Lavallee His Attorneys' Fees And Costs**

California's anti-SLAPP statute, Cal. Code. Civ. Proc. § 425.16, permits a defendant to file a "special motion to strike" a plaintiff's complaint. Cal. Civ. Proc. Code § 425.16(b)(1). An anti-SLAPP motion involves a two-step inquiry: "'To prevail on an anti-SLAPP motion, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech.' [Citation.] If the defendant

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

satisfies this requirement, '[t]he burden then shifts to the plaintiff ... to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal.'" *Herring*, 8 F.4th at 1155 (citations omitted). A district court must grant the motion and strike the claims arising from the protected activity "if the plaintiff presents an insufficient legal basis for the claims or no reasonable jury could find for the plaintiff." *Id.* (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001)) (internal quotation marks omitted). The anti-SLAPP statute is to be construed broadly "'to allow for early dismissal of meritless [F]irst [A]mendment cases aimed at chilling expression through costly, time-consuming litigation.'" *Herring*, 8 F.4th at 1155 (quoting *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1009 (9th Cir. 2017)).

To avoid a collision between California's state procedural rules and the Federal Rules of Civil Procedure, district courts review anti-SLAPP motions under different standards depending on the basis of the motion. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Medical Progress*, 890 F.3d 828, 833 (9th Cir. 2018). If a defendant moves to strike "on purely legal arguments," then the motion is analyzed under Rules 8 and 12. *Herring*, 8 F.4th at 1155. If the defendant asserts a "factual challenge," then the motion triggers discovery and is analyzed under the summary judgment standard. *Id.* at 1156. A defendant who prevails on an anti-SLAPP motion is entitled to recover his attorneys' fees and costs. *See* Cal. Code Civ. Proc. § 425.16(c); *Planned Parenthood*, 890 F.3d at 833 (noting that section 425.16(c)'s fees and costs provision does not conflict with the Federal Rules and is therefore available for motions brought in federal court).

Counterclaim Three, for defamation, arises from Lavallee's purported acts in furtherance of his right of petition or free speech, within the meaning of Cal. Code. Civ. Proc. § 425.16(b)(1). "The law is that communications to the police are within SLAPP." *Comstock v. Aber*, 212 Cal. App. 4th 931, 941-42 (2012) (collecting cases); *accord Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1511 (2007) (holding that a claim for defamation arising from allegedly false reporting of child molestation to police "clearly" arose from defendants' petitioning activity and therefore satisfied first prong of anti-SLAPP motion). Counterclaim Three alleges that Lavalle defamed

Stine by making "statements to a 911 operator indicating that Traver Stine was the victim or potential victim of domestic violence at the hands of her husband." Amended Counterclaim ¶ 41. The Amended Counterclaim describes Lavallee's purported acts of defamation as statements to "law enforcement" and alleges that law enforcement visited Traver Stine's home in response to Lavallee's expressed concerns. *Id.* ¶¶ 43,45. The defamation claim therefore falls squarely within the ambit of Cal. Code. Civ. Proc. § 425.16(b)(1).

The burden therefore shifts to Traver Stine to show that Counterclaim Three has legal merit. Traver Stine cannot satisfy her burden, however, because Counterclaim Three fails to plausibly state a claim for defamation. As discussed in further detail in section V.B.4 below, the defamation claim fails because the Amended Counterclaim (1) does not allege a defamatory statement; (2) does not plead special damages; and (3) does not overcome the conditional privilege for statements to law enforcement under Cal. Civ. Code § 47. Therefore, Counterclaim Three must be stricken and Lavallee must be awarded his attorneys' fees and costs. *See* Cal. Code Civ. Proc. §§ 425.16(b)-(c).

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

### B. The Court Should Dismiss The Amended Counterclaim In Its Entirety

#### 1. Legal Standard

A district court should grant a motion to dismiss if the counterclaimant has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

### 2. Counterclaim Two[1] Fails To State A Claim For Adverse Employment Action Based On Association With A Member Of A FEHA-Protected Class

Counterclaim Two purports to allege a claim for adverse employment action based on Traver Stine's association with a member of a FEHA-protected class, *i.e.*, a person perceived to have autism.

To state a claim for adverse employment action in violation of FEHA, a complaint must allege facts showing "(1) the employee's membership in a classification protected by the statute; (2) discriminatory animus on the part of the employer toward members of that classification; (3) an action by the employer adverse to the employee's interests; (4) a causal link between the discriminatory animus and the adverse action; (5) damage to the employee; and (6) a causal link between the adverse action and the damage." *Mamou v. Trendwest Resorts, Inc.*, 165 Cal. App. 4th 686, 713 (2008); *see also Brown v. Los Angeles Unified School Dist.*, 60 Cal. App. 5th 1092, 1105 (2021) (identifying elements of claim).

#### a. <u>The Amended Counterclaim Fails To Allege That Traver Stine Suffered An Adverse Employment Action</u>

Counterclaim Two fails at the threshold because the Amended Complaint fails to allege that Traver Stine suffered an adverse employment action.

An "adverse employment action" is an action "that materially affects the terms, conditions, or privileges of employment . . . ." *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 318 (2019) (citation and internal quotation marks omitted). "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient . . . The plaintiff must show the employer's retaliatory actions had a detrimental and substantial effect on the plaintiff's employment." *Id.* (citation and internal quotation marks omitted).

Implicit allegedly issued Traver Stine a negative performance review. The issuance of

[1] This brief addresses Counterclaim Two before Counterclaim One because the latter is derivative of the former. This order of argument is therefore more logical.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

a negative performance review, however, does not rise to the level of adverse employment action to support a discrimination claim because the issuance itself does not materially affect the terms, conditions, or privileges of employment. *See Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1457 (2002) (explaining that the "a mere oral or written criticism of an employee . . . does not meet the definition of an adverse employment action under FEHA"); *McCrae v. Dept. of Corr. and Rehab.*, 142 Cal. App. 4th 377, 392 (2006) (finding that negative memoranda and letter of instruction included in plaintiff's supervisor's files themselves "do not rise to the level of an adverse employment action" even though they "might later be cited as part of the reason for an employment decision").

Written criticisms are only actionable "where the employer wrongfully uses the negative evaluation to substantially and materially change the terms and conditions of employment." *Akers*, 95 Cal. App. 4th at 1457. While Implicit allegedly indicated it intended to remove certain duties from Traver Stine because of her poor performance, the change in an employee's duties is not of itself an adverse employment action. *See Thomas v. Dept. of Corr.*, 77 Cal. App. 4th 507, 511 (2000) (noting that an adverse employment action must be "more disruptive than . . . an alteration of job responsibilities"). The Amended Complaint does not allege that Implicit said that it would not give Traver Stine other additional duties to replace those that had been removed. Nor does it allege that Implicit told Traver Stine that it would reduce her wages or reduce her hours.

The Amended Complaint speculates that Implicit would have reduced Traver Stine's hours and wages in the future as a necessary consequence of removing some of her duties and with the assumption that she would not be given additional duties. But this is mere conjecture.

And even if the removal of some of Traver Stine's job duties were deemed an adverse employment action, Implicit ***never had the chance*** to actually take any action as a result of its performance review. The Amended Complaint alleges that Implicit issued Traver Stine its negative performance review and communicated its intent to modify her job duties after the close of business hours on June 14. But ***Traver Stine apparently engaged in computer fraud against Implicit just hours later by helping her husband breach and take over Implicit's***

***computer systems***. Implicit suspended Traver Stine ***with full pay*** the next business day due to her breach of the computer system before terminating her on June 24, 2024. Dkt. 26 ("Original Counterclaim") ¶¶ 22-23; MTD Order 8:22-27. At no time did Traver Stine have a job with reduced duties because her own unlawful conduct got her suspended and fired before she could ever return to work.

Because Traver Stine never actually suffered an adverse employment action, Counterclaim Two must be dismissed.

**b. <u>The Amended Counterclaim Fails To Plausibly Allege That Traver Stine's Association With A Person With Perceived Autism Was A Substantial Factor In Any Adverse Employment Action</u>**

Counterclaim Two must also be dismissed because the Amended Counterclaim does not allege facts supporting a plausible inference that Traver Stine's personal association with her husband's perceived autism was the motivating factor for her negative performance review.

While association with a person perceived to have a disability qualifies as a disability, "the disability must be a substantial factor motivating the employer's adverse employment action." *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1037 (2016).

Associational discrimination claims typically arise in three contexts: "expense," "disability by association," and "distraction." *Id.* at 1041. Courts have provided examples of each category:

> (1) [Expense] his spouse has a disability that is costly to the employer because the spouse is covered by the company's health plan;
>
> (2a) [Disability by association] the employee's homosexual companion is infected with HIV and the employer fears that the employee may also have become infected, through sexual contact with the companion; (2b) (another example of disability by association) one of the employee's blood relatives has a disabling ailment that has a genetic component and the employee is likely to develop the disability as well (maybe the relative is an identical twin);
>
> (3) [Distraction] the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's



GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

> satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours.

*Id.* While these categories are not exclusive, they are illustrative of the limited circumstances in which an associational discrimination claim can be brought. The Amended Counterclaim does not and cannot allege sufficient facts to support such a claim.

The Amended Counterclaim does not allege facts indicating why Traver Stine's association with a person with perceived autism would have purportedly motivated Implicit to give her a poor performance review. None of the contexts in which associational discrimination claims typically arise applies to Traver Stine's situation. She does not allege that her association with a person with perceived autism caused any additional expense for Implicit. Autism is not contagious or transferable between spouses, so there was no concern about disability by association. There is also no issue with distraction. The Amended Counterclaim does not and cannot allege that Traver Stine ever requested an accommodation for herself because she needed to manage her husband's perceived autism in her personal capacity outside the workplace.

The Amended Counterclaim cannot decide what motive to claim Lavallee had. Counterclaim Two alleges in conclusory terms that Traver Stine was purportedly "demoted" due to "Lavallee's growing animosity towards Stine and his autistic traits." Amended Counterclaim ¶ 31. But the Amended Counterclaim alleges elsewhere that Lavallee's alleged animosity was due to Traver Stine's "attempting to seek accommodations for Stine, and for failing to control Stine's alleged workplace communications, which were tied to his autistic traits." *Id.* ¶ 25. The Amended Counterclaim does not allege facts supporting either conclusory assertion, neither of which supports a claim for associational discrimination. While Stine's perceived autism may have had some impact on Stine's performance or Traver Stine's professional responsibilities as an Implicit human resources employee, Traver Stine's ***personal*** association with Stine's perceived autism had no impact on her employment at Implicit or her poor performance review.

The Amended Counterclaim tries to confuse the issues by claiming Lavallee "call[ed] [Traver Stine] a 'failure' for not controlling her husband's autistic traits." Amended Counterclaim ¶ 32. In addition to being a misrepresentation of the performance review, this

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

assertion reflects a misunderstanding of the law. As this Court explained in ruling on Implicit and Stine's previous motion to dismiss, "Implicit framed [the performance review] as her failure in dealing with other employees' issues with Stine, and her apparent failure in dealing with him as an employee. While those reasons were connected to Stine and how Traver Stine handled him in her capacity as HR leader, none of the reasons given [in the original Counterclaim] for Traver Stine's termination, at least that she has identified thus far, are recognizably connected to Stine's perceived autism. Again, to state a plausible claim, Traver Stine must allege facts from which I could infer that Stine's disability was a 'substantial factor motivating [Implicit's] adverse employment action.'" MTD Order 9:5-12 (quoting *Castro-Ramirez*, 2 Cal. App. 5th at 1037). The Amended Counterclaim attempts to recast the failed wrongful termination claim as a claim for adverse employment action to avoid having to address the computer fraud issue but does not address the distinction between her professional responsibilities over Stine and her personal association with his disability, which the Court explained was needed to state a plausible claim for adverse employment action based on associational disability.

The Amended Counterclaim still acknowledges that the alleged failure to control Stine refers to a failure in Traver Stine's professional role as an Implicit human resources employee, not in her personal role as Stine's wife. *See id.* ¶¶ 14, 32. Any Implicit human resources manager would have had the same professional obligation to address Stine's conduct to ensure a safe workplace for other Implicit employees. *See id.* ¶ 14 (identifying Traver Stine's performance problems raised by Implicit, including failing to address concerns of two other Implicit employees regarding Stine's behavior and failing to follow up on multiple other issues relating to Stine). The Amended Counterclaim still contains no facts supporting a plausible inference that the substantial motivating factor in Traver's Stine's performance review was her personal association with Stine's perceived autism. It just alleges, with no support whatsoever, that Traver Stine's negative performance review was "an extension of Lavallee's animosity towards Stine" (*id.* ¶ 32) and that her "association with her husband was a substantial motivating reason for Implicit' s decision to demote Traver Stine and therefore reduce her working hours and compensation." *Id.* ¶ 36. Mere conclusory statements are entitled to no weight in

considering a motion to dismiss. *See Iqbal*, 556 U.S. at 663.

But even if those allegations were true, they fail to state a claim. The Amended Counterclaim does not appear to recognize – or perhaps is intentionally trying to avoid an issue it cannot overcome – that association with a person who happens to have a disability is not sufficient to state a claim for associational discrimination. The disability itself must be the motivating reason for the alleged adverse employment action, not animus towards the person who has a disability generally. Thus, even if it were true that Traver Stine's negative performance review was "an extension of Lavallee's animosity towards Stine" and that her "association with her husband was a substantial motivating reason for Implicit's decision to demote Traver Stine and therefore reduce her working hours and compensation" (though the Amended Counterclaim does not plead any facts supporting such a finding), that would not mean that Stein's *disability* was a motivating reason for the alleged adverse employment action (though, as previously explained, there was no adverse employment action in the first place).

The Amended Counterclaim's allegations indicate that Implicit believed Traver Stine had failed in her role as the HR leader because she failed to address issues related to Stine that were negatively impacting the company and other employees, and perhaps even used her role to enable Stine, which concerned Implicit. Amended Counterclaim ¶ 14. Those fears were borne out just hours after Implicit sent the performance review to Traver Stine when Traver Stine used her credentials to enable her husband's breach of Implicit's computer systems. *Id.* ¶ 15. The Amended Counterclaim does not allege facts supporting a plausible inference that Implicit was substantially motivated to write the review due to any discriminatory animus towards Traver Stine at all, much less based on her personal association with her husband's perceived autism as required to state a claim for associational discrimination. This requires that Counterclaim Two be dismissed.

**c. <u>The Amended Counterclaim Fails To Allege That Traver Stine Suffered Any Damage Proximately Caused By The Alleged Adverse Employment Action</u>**

Counterclaim Two must also be dismissed because the Amended Counterclaim does not plead damages caused by the purported adverse employment action. *See Mamou*, 165 Cal. App.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

4th at 713. Implicit never actually took any actions against Traver Stine as a result of her poor performance review and never even had an opportunity to do so.

Counterclaim Two alleges that Implicit decided to "reduce her working hours and compensation" (Amended Counterclaim ¶ 36) but does not allege that this ever happened. Rather, Traver Stine was suspended with full pay the following business day due to her participation in the breach of Implicit's computer system just hours after she received her performance review. Original Counterclaim ¶¶ 22-23; MTD Order 8:22-27. The assertion that Traver Stine suffered "emotional distress" due to the "anticipation of her reduced role at Implicit as well as a reduced schedule" (Amended Counterclaim ¶ 35) is similarly meritless. Implicit indicated that it intended to change her role at Implicit due to her failure as an HR leader, not "reduce" her role or reduce her schedule. *See* Amended Counterclaim ¶ 15 (alleging that Implicit removed her current duties as a result of her performance review, not that it stated that it would give her no duties or reduce her hours). Whatever Traver Stine purportedly "anticipated" was unfounded and not proximately caused by the performance review. Moreover, it is not clear when Traver Stine could have even suffered the supposed emotional distress because immediately after she received her performance review, she joined her husband in breaching Implicit's computer systems. Stine Amended Counterclaim 4:3-12, 4:19-22, ¶ 76. Any emotional distress she supposedly suffered would have had to have occurred after her participation in computer fraud, which she had to know would negatively affect her role and hours with Implicit, and which in fact is what precipitated her suspension and termination. *See* MTD Order 8:22-27.

Counterclaim Two must also be dismissed for failure to plausibly allege that that Traver Stine suffered damages proximately caused by any adverse employment action.

### 3. Counterclaim One Fails To State A Claim For Adverse Employment Action In Violation Of Public Policy

Counterclaim One is derivative of Counterclaim Two and asserts the same claim for adverse employment action as Counterclaim Two but alleges violation of public policy instead of FEHA. Counterclaim One must be dismissed for the same reasons as Counterclaim Two.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

To state a claim for adverse employment action in violation of public policy, a complaint must allege "(1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination or adverse action was a violation of public policy; [and] (4) the termination or adverse action was a legal cause of plaintiff's damages." *McCarthy v. R.J. Reynolds Tobacco Co.*, 819 F. Supp. 2d 923, 937 (E.D. Cal. 2011). If the public policy claim is derivative of the statutory claim, and the statutory claim fails, then the public policy claim also fails. *See Johnson v. Autozone, Inc.*, No. 2:11–003395–GEB–EFB, 2013 WL 5157187, at *14 (E.D. Cal. Sep. 12, 2013); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) (explaining that "because [plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails").

Like Counterclaim Two, Counterclaim One alleges that on June 14, 2024, after Implicit had terminated Stine and "as an extension of Lavallee's animosity towards Stine, Lavallee turned his emotions onto Traver Stine, based on her marital relationship with Stine, removing most of her job responsibilities and calling her a 'failure.'" Amended Counterclaim ¶ 24. This allegedly violated public policy because Stine was a protected person under FEHA due to his perceived autism. *Id.* ¶¶ 23, 25. Lavallee allegedly "became hostile against Traver Stine for both her attempting to seek accommodations for Stine, and for failing to control Stine's alleged workplace communications, which were tied to his autistic traits." *Id.* ¶ 25. The Amended Counterclaim alleges that that "the removal of the majority of Traver Stine's job responsibilities would necessarily result in a reduction of her hours and by extension her compensation" (*id.* ¶ 26) and that she was allegedly "harmed by the purported demotion and reduction of responsibilities and hours, suffering emotional distress and the anticipation of her reduced role at Implicit as well as a reduced schedule." *Id.* ¶ 27. These are the same allegations that form the basis of the FEHA claim. The public policy claim is therefore derivative of the FEHA claim.

As discussed above, the Amended Counterclaim does not allege facts supporting a plausible claim for associational discrimination in violation of FEHA because (1) Traver Stine did not actually suffer any adverse employment actions; (2) even if she had, the purported adverse employment action was not substantially motivated by animus towards Traver Stine due

to her personal association with her husband's perceived autism; and (3) Traver Stine did not suffer any damages proximately caused by the purported adverse employment action. *See supra* § V.B.2. Because the FEHA claim must be dismissed, the adverse employment action in violation of public policy claim must also be dismissed. *See Hanson*, 74 Cal. App. 4th at 229.

**4. Counterclaim Three Fails To State A Claim For Defamation**

The Amended Counterclaim's defamation claim must be dismissed because the alleged statement about Traver Stine was not defamation per se and the Amended Counterclaim fails to plead special damages. The defamation claim also fails because the statements to law enforcement were privileged.

To state a claim for defamation, a complaint must allege "'(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage.'" *John Doe 2 v. Sup. Ct.*, 1 Cal. App. 5th 1300, 1312 (2016) (citation omitted). "The defamatory statement must specifically refer to, or be of and concerning, the plaintiff." *Id.* (citation and internal quotation marks omitted). A statement that falls within one of the first four categories of section 46 of the Civil Code is slander per se and does not require proof of actual damages. *See* Cal. Civ. Code § 46; *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361, 367 (2009). A statement that does not fall within the statutory categories is slander per quod and requires the plaintiff to plead and prove special damages. *See* Cal. Civ. Code § 46; *Regalia*, 172 Cal. App. 4th at 367.

The alleged statement about Traver Stine – that she may be the victim of domestic violence – does not fall within any of the slander per se categories. Accordingly, the Amended Counterclaim must plead special damages proximately caused by the alleged statement, which it does not do.

The Amended Counterclaim alleges that on the evening of June 14, 2024, after Stine had been terminated and after Stine had breached Implicit's computer systems, disabled Lavallee's access to Implicit's computer systems, and taken Implicit's systems offline, "Lavallee made statements to a 911 operator indicating that Traver Stine was the victim or potential victim of domestic violence at the hands of her husband." Amended Counterclaim ¶ 41. Lavallee

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

allegedly "knew this statement was false, or made it with reckless disregard for the trust or falsity of the report." *Id.* Lavallee allegedly "only made the 911 call as a flex of power over Stine and Traver Stine because he was mad at Stine for blocking his computer access." *Id.* ¶ 43. Lavallee then allegedly informed certain female Implicit employees and a female vendor that he had requested a wellness check on Traver Stine "to make a sexist display of hostility against Traver Stine and damage Stine's reputation." *Id.* ¶ 44. The Amended Complaint only alleges general damages, *i.e.*, that Traver Stine allegedly "suffered damages in an amount to be proven at trial." *Id.* ¶ 48.

The failure to plead special damages is fatal to Counterclaim Three. A statement that someone may be the victim of domestic violence does not fall within any of the slander per se categories. It does not charge Traver Stine with a crime; does not impute in her the present existence of an infectious, contagious, or loathsome disease; and it does not impute on her impotence or want of chastity. Cal. Civ. Code § 46. The final category – "[t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits" (*id.*) – also does not apply. That provision relates solely to professional occupation, not reputation generally. *See, e.g.*, *Hecimovich v. Encinal School Parent Teacher Org.*, 203 Cal. App. 4th 450, 471 (2012) (finding that statement plaintiff was "unfit to coach" was not slander per se because plaintiff was a not a professional coach but a lawyer who volunteered to coach children, and the statement thus "[did] not have a tendency to injure plaintiff in his profession"); *Correia v. Santos*, 191 Cal. App. 2d 844, 853 (1961) (finding the statements were not slander per se because they condemned plaintiff as "an individual rather than as a person engaged in a particular occupation; related to characteristics required in all pursuits of life and not peculiarly required of a radio announcer; and were not of that nature which would tend directly to injure him in his occupation as such announcer"). The types of statements that fall within this category are those that allege "unethical activity or incompetence" and "'go to a characteristic particularly relevant to the victim's occupation.'" *Regalia*, 172 Cal.

App. 4th at 369 (citation omitted). "'Courts seem to be looking for conduct that might be deemed to reflect character or at least habitual misconduct rather than a passing peccadillo.'" *Id.* (citation omitted). Potentially being a victim of domestic violence does not have a tendency directly to injure Traver Stine in her profession as a human resources employee because it does not impute on her any disqualification her profession peculiarly requires. The Amended Counterclaim alleges that Traver Stine was personally "offended" by the alleged statement but does not – because it cannot – explain how the alleged statement disqualified her in her profession. *See* Amended Counterclaim ¶ 42.

Because the alleged statement is not slander per se, the Amended Counterclaim must plead special damages. *See* Cal. Civ. Code § 46; *Regalia*, 172 Cal. App. 4th at 367. The Amended Counterclaim makes no attempt to do that. It only includes a conclusory assertion that "Traver Stine has suffered damages in an amount to be proven at trial." The defamation claim must therefore be dismissed.

Counterclaim Three must also be dismissed because the alleged defamatory statement is privileged. Despite Traver Stine's attempts to obscure escalating concerns about Stine's behavior, the circumstances of Stine's purported "medical crisis," Traver Stine's receipt of an email from Lavallee stating that Lavallee now realized that he needed to take Stine's previous threats of harm to himself and others seriously now that Stine had acted on his threats, and Stine's erratic actions upon being terminated from Implicit that implicated not just Stine but also Traver Stine in serious crimes against Implicit, the Amended Counterclaim's allegations reveal that Lavallee's request for a wellness check on Traver Stine was well-founded based on the information known to Lavallee and therefore not knowingly false or made with reckless disregard for the truth or falsity of the request. *See* Cal. Civ. Code § 47(b)(5); *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 114 (2007). The defamation claim must therefore be dismissed.

## VI. CONCLUSION

Based on the foregoing, Implicit and Lavallee respectfully request that the Court strike Counterclaim Three; dismiss the Amended Counterclaim in its entirety with prejudice; and

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

award Lavallee his attorneys' fees and costs.

Respectfully submitted,

Dated: December 3, 2024

GRELLAS SHAH LLP

By: */s/ Dhaivat H. Shah*

Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014