GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
VIVI T. LEE, ESQ. (SBN 247513)
(vl@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IMPLICIT CONVERSIONS, INC, a Delaware Corporation,

Plaintiff,

vs.

JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,

Defendants.

JACOB STINE, an individual; JUANITA TRAVER STINE, an individual,

Counterclaimants,

vs.

IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual,

Counterdefendants.

Case No. 3:24-cv-03744-WHO

**COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S REPLY IN SUPPORT OF MOTIONS TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16 AND DISMISS UNDER FED. R. CIV. PROC. 12(B) THE AMENDED COUNTERCLAIM OF JUANITA TRAVER STINE**

Hearing Date: January 15, 2025
Time: 2:00 p.m.
Judge: William H. Orrick
Courtroom: 2 - 17th Floor

Date Action Filed: June 21, 2024

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# TABLE OF CONTENTS

Page (s)

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. Counterclaim Three Violates California's Anti-SLAPP Statute And Must be Stricken .......... 3

B. The Court Should Dismiss The Amended Counterclaim In Its Entirety .......... 6

1. Counterclaim Two Fails To State A Claim For Adverse Employment Action Based On Association With A Member Of A FEHA Protected Class .......... 6

2. Counterclaim One Fails To State A Claim For Adverse Employment Action In Violation Of Public Policy .......... 10

3. Counterclaim Three Fails To State A Claim For Defamation .......... 10

III. CONCLUSION .......... 14

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## TABLE OF AUTHORITIES

### CASES

Pages (s)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 10

*Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028 (2016) .......... 9

*Chabak v. Monroy*, 45 Cal. App. 4th 1667 (1996) .......... 3

*Comstock v. Aber*, 212 Cal. App. 4th 931 (2012) .......... 3

*Correia v. Santos*, 191 Cal. App. 2d 844 (1961) .......... 12

*Flatley v. Mauro*, 39 Cal. 4th 299 (2006) .......... 4

*Garrick v. Garrick*, No. 22-cv-04549-JST, 2023 WL 4109694 (N.D. Cal. June 21, 2023) .......... 4

*Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215 (1999) .......... 10

*Herring Networks, Inc. v. Maddow*, 8 F. 4th 1148 (9th Cir. 2021) .......... 3

*In re Peck*, 295 B.R. 353 (Bankr. 9th Cir. 2003) .......... 11

*John Doe 2 v. Sup. Ct.*, 1 Cal. App. 5th 1300 (2016) .......... 5, 11

*Johnson v. Autozone, Inc.*, No. 2:11–003395–GEB–EFB, 2013 WL 5157187 (E.D. Cal. Sep. 12, 2013) .......... 10

*Kenne v. Stennis*, 230 Cal. App. 4th 953 (2014) .......... 4

*Lefebvre v. Lefebvre*, 199 Cal. App. 4th 696 (2011) .......... 3, 4, 5

*Lugo v. Pixior, LLC*, 101 Cal. App. 5th 511 (2024) .......... 4

*McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97 (2007) .......... 14

*Moore v. Rodriguez*, No. 20-cv-01481-BAS-BGS,

2021 WL 2222590 (S.D. Cal. June 2, 2021) .......... 4

*Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858 (2009) .......... 11

*Planned Parenthood Fed'n of. Am., Inc. v. Ctr. for Med. Progress*, 890 F. 3d 828 (9th Cir. 2018) .......... 6

*Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361 (2009) .......... 11, 12

*St. Myers v. Dignity Health*, 44 Cal. App. 5th 301 (2019) .......... 7

*Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011) .......... 10

*Thomas v. Dept. of Corr.*, 77 Cal. App. 4th 507 (2000) .......... 7

**STATUTES**

California Civil Code:

§ 46 .......... 11, 12

§ 47(b)(5) .......... 14

California Code of Civil Procedure:

§ 425.16 .......... 1, 4

§ 425.16(b) .......... 1, 14

§ 425.16(b)(1) .......... 3

§ 425.16(c) .......... 6, 14

California Labor Code:

§ 230(f)(7)(D) .......... 12

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## I. INTRODUCTION

Defendant and counterclaimant Juanita Traver Stine's ("Traver Stine") opposition (the "Opposition" or "Opp.") to counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee's ("Lavallee") motion to strike and dismiss (the "Motion" or Mot.") misstates and misapplies the law and simply repeats the amended counterclaim's (the "Amended Counterclaim") conclusory allegations while ignoring the facts and admissions identified by the Motion that contradict those allegations. The Opposition fails to identify factual allegations within the Amended Counterclaim that plausibly plead the claims alleged.

After the Court dismissed Traver Stine's claim for intrusion into private affairs, Traver Stine and her husband and co-defendant, Jacob Stine ("Stine"), both amended their counterclaims to allege claims for defamation against Lavallee based on that same 911 call. But Lavallee's request for a wellness check on Traver Stine was based on the information available to him at that time, including Stine's repeated threats of harm to himself and others; Stine's recent violent actions upon hearing unfavorable information regarding his job performance; Traver Stine's apparent agreement with Lavallee's statement to her that Lavallee now realized that he needed to take Stine's previous threats seriously now that Stine had acted on them; Traver Stine's unexplained radio silence on the evening of June 14, 2024; and Traver Stine's credentials being used to trespass into and harm Implicit's computer systems.

Lavallee's alleged statements to law enforcement regarding his concern for Traver Stine's safety arise from his right of petition and free speech under California Code of Civil Procedure § 425.16. That the Amended Counterclaim contains a conclusory assertion that Lavallee's alleged statement to law enforcement was false does not bring the alleged statement outside the scope of the anti-SLAPP statute. Because Counterclaim Three arises from protected activity and the Amended Counterclaim fails to sufficiently plead a claim for defamation, the claim must be stricken under Cal. Code Civ. Proc. § 425.16(b).

Counterclaim Three fails to state a claim for defamation because Lavallee's alleged statement about Traver Stine – that she was the potential victim of domestic violence – is not defamatory. It does not fall within any of the defamation per se categories and therefore requires

the pleading and proving of special damages, which the Opposition concedes the Amended Counterclaim does not do. Contrary to the Opposition's assertion otherwise, that the alleged statement purportedly charges someone else with a crime does not mean that the statement is defamatory per se as to Traver Stine. Moreover, the statement is privileged as a communication to law enforcement. The Amended Counterclaim is devoid of factual allegations plausibly alleging that Lavallee's statements to law enforcement were deliberately false or made with reckless disregard as to their truth or falsity.

Counterclaim Two for adverse employment action based on association with a member of a protected class in violation of the California Fair Employment and Housing Act ("FEHA") is similarly meritless. This claim was contrived to replace the wrongful termination claim the Court previously dismissed and avoid having to address Traver Stine's commission of computer crimes against Implicit that actually led to her termination. But this claim fares no better than the wrongful termination claim. Traver Stine never suffered any adverse employment actions because of her negative performance review because she was suspended and then terminated for breach of Implicit's computer systems before Implicit could make any changes. The Opposition does not address this factual problem at all. Nor does it address the implausibility of the Amended Counterclaim's allegations of "emotional distress." Because Traver Stine committed the computer crimes immediately after receiving her performance review, any purported emotional distress she allegedly suffered due to anticipation of reduced wages and hours resulted from her illegal activities that she had to have known would cause her to be fired, not a performance review in which a reduction of wages and hours was never indicated. The lack of damages independently requires the dismissal of Counterclaim Two.

Moreover, just as she did with the failed wrongful termination claim, Traver Stine has failed to allege facts showing that the purportedly adverse employment action was substantially motivated by discriminatory animus towards her due to her personal association with her husband's perceived autism, as opposed to her association with him generally or her poor performance in managing him in her role as an HR employee. The Court previously explained to Traver Stine that association with an individual who happens to have a disability is not

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

sufficient to state an associational discrimination claim, nor are actions taken by Implicit due to Traver Stine's failures in managing her husband's perceived autism in her professional role. The Opposition has failed to identify any factual allegations that address these problems. It cannot identify any such allegations because they are not in the Amended Counterclaim.

Because Counterclaim Two for adverse employment action in violation of FEHA fails, Counterclaim One for adverse employment action in violation of public policy also fails. The Opposition appears to concede the Counterclaim One is derivative of Counterclaim Two and therefore rises and falls with Counterclaim Two.

Accordingly, Implicit and Lavallee respectfully request that the Court strike Counterclaim Three, dismiss Traver Stine's Amended Counterclaim in its entirety, and award Lavallee his attorneys' fees and costs.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## II. ARGUMENT

### A. Counterclaim Three Violates California's Anti-SLAPP Statute And Must Be Stricken

The Motion showed that Counterclaim Three alleged that Lavallee defamed Traver Stine by making statements to law enforcement. *See* Mot. at 9:22-10:6 (citing Amended Counterclaim ¶¶ 41, 43, 45). Communications with law enforcement, like those allegedly made by Lavallee in Counterclaim Three, are unquestionably acts in furtherance of the right of petition or free speech within the meaning of Cal. Code. Civ. Proc. § 425.16(b)(1). *See Comstock v. Aber*, 212 Cal. App. 4th 931, 941-42 (2012) (collecting cases); *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1511 (2007). This is sufficient to satisfy Lavallee's burden of making a prima facie showing that Counterclaim Three arises from an act in furtherance of Lavallee's right of free speech or petition. *See Herring Networks, Inc. v. Maddow*, 8 F. 4th 1148, 1155 (9th Cir. 2021) (describing movant's burden in an anti-SLAPP motion).

The Opposition cites *Lefebvre v. Lefebvre*, 199 Cal. App. 4th 696 (2011), for the proposition that Lavallee's alleged statement to law enforcement does not come within the anti-SLAPP statute because it was purportedly a "false police report." Opp. 5:10-25, 7:3-8:4. But *Lefebvre* is both factually distinguishable and legally inapposite.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

In *Lefebvre*, the defendant wife had conspired with another person to file false police reports against her husband to have him arrested to gain an advantage in their divorce proceedings. After the husband was tried and acquitted of charges stemming from the false police reports and obtained a factual finding of innocence, he sued the wife and her accomplice for malicious prosecution and false arrest, among other things. *See Lefebvre*, 199 Cal. App. 4th at 700-701. The trial court denied the defendants' anti-SLAPP motion because "the record 'conclusively' established that [the defendants'] statements to the police were 'illegal activity' under Penal Code section 148.5, and, as such, not 'protected activity' within the meaning of the anti-SLAPP statute." *Id.* at 701. The appellate court affirmed, concluding that there was no constitutional right to file false police reports. *Id.* at 703.

Subsequent courts have explained that *Lefebvre* involved admittedly illegal conduct and have limited the *Lefebvre* exemption to cases where there is no dispute that the police report is false and that the filing of it constitutes an illegal act. *See, e.g.*, *Kenne v. Stennis*, 230 Cal. App. 4th 953, 966-67 (2014); *Lugo v. Pixior, LLC*, 101 Cal. App. 5th 511, 514 (2024). "[W]hen allegations of making false reports are controverted, [however,] they are insufficient to render that alleged conduct unlawful as a matter of law and outside the protection of section 425.16." *Kenne*, 230 Cal. App. 4th at 967; *see also Moore v. Rodriguez*, No. 20-cv-01481-BAS-BGS, 2021 WL 2222590, at *8 (S.D. Cal. June 2, 2021) (explaining that "California courts construing *Lefebvre* have clarified that if the litigant disputes the falsity of the police report, the *Lefebvre* exemption does not apply to bring the police report outside the scope of protection of the anti-SLAPP statute"); *accord Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006) (holding that a "defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action" only where the "defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law"). Because Lavallee disputes the falsity of his alleged statement to law enforcement and contends that he was genuinely concerned for Traver Stine's well-being, the statement remains within the protections of the anti-SLAPP statute. Lavallee has thus satisfied his burden under the first prong of the test. *See, e.g.*, *Kenne*, 230 Cal. App. 4th at 968; *Moore*, 2021 WL 2222590 at *9; *accord Garrick v. Garrick*,

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

No. 22-cv-04549-JST, 2023 WL 4109694, at *4 & n.2 (N.D. Cal. June 21, 2023) (finding that the defendant's "communications with the police clearly fall within the ambit of the anti-SLAPP statute" to satisfy the first prong, and rejecting the plaintiff's reliance on *Lefebvre* because there was no conclusive record that the defendant's statements constituted illegal activity but "merely a conclusory allegation that [the defendant] made a false statement to the police").

The Opposition also states that "the amended counterclaim alleges that separate and apart from Lavallee's false reporting to law enforcement, Lavallee gloated about the fact that he had called 911 on Stine." Opp. 5:22-6:3. But this mischaracterizes Lavallee's statements. Lavallee never stated that "he had called 911 on Stine." Lavallee only stated that he had called 911 to request a wellness check on Traver Stine. *See* Amended Counterclaim ¶ 44; Request for Judicial Notice ("RJN") (Dkt. 63), Ex. B.

If the Opposition is also arguing that Lavallee's alleged subsequent statement to certain Implicit personnel was itself unprotected defamatory speech because it was not made to law enforcement, this argument is without merit. First, the Amended Counterclaim does not allege that the defamation claim is based on the subsequent statement. *See* Amended Counterclaim ¶¶ 41-49 (alleging Lavallee's statements to law enforcement as the basis of the defamation claim). Second, Lavallee's statement that he requested a wellness check on Traver Stine cannot be defamatory because it not false, *i.e.*, Lavallee did call 911 for a wellness check on Traver Stine. *See John Doe 2 v. Sup. Ct.*, 1 Cal. App. 5th 1300, 1312 (2016) (noting that a defamation claim requires a "provably false assertion of actual fact").

The Opposition also states that "[t]he fact that Lavallee's alleged protected activity i.e. contact with law enforcement, is incidental to Traver Stine's defamation cause of action, does not justify dismissal of the claim via an anti-SLAPP motion." Opp. 6:4-6. But the Amended Counterclaim does not allege that Lavallee's contact with law enforcement is merely incidental to the defamation claim. It alleges that Lavallee's contact with law enforcement is the defamatory act. *See* Amended Counterclaim ¶ 41 (alleging that the purportedly defamatory statements are "statements to a 911 operator indicating that Traver Stine was the victim or potential victim of domestic violence at the hands of her husband"). Indeed, the rest of the

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Opposition repeatedly refers to the 911 call and the purportedly "false police report" as the basis of the defamation claim. *See, e.g.*, Opp. 9:19-22 (asserting that "the amended counterclaim establishes that Lavallee sent a publication, ***in this matter a call to law enforcement***, indicating that Traver Stine was the victim or potential victim of domestic violence at the hands of her husband" (emphasis added)). Lavallee's subsequent statement to certain Implicit employees – which the Amended Counterclaim and the Opposition grossly mischaracterize (*see* RJN, Ex. B) – is alleged to be purported "evidence" of wrongful intent, not defamatory itself. *See* Amended Counterclaim ¶ 44. As discussed above, the alleged statement – that Lavallee had called 911 to request a wellness check on Traver Stine – cannot be defamatory because it is true.

The defamation claim arises from Lavallee's act in furtherance of his constitutional right to free speech and petition. As demonstrated in the Motion and below, the Amended Counterclaim does not sufficiently plead a plausible claim for defamation, much less establish a reasonable probability that it will prevail on its claim. The alleged statement that Traver Stine may be at risk of domestic violence is not defamatory per se and thus requires that Traver Stine plead special damages, which the Opposition acknowledges the Amended Counterclaim does not do. The Opposition instead claims that Traver Stine does not need to plead special damages because she can allege a defamation claim based on statements made about ***someone else***. *See* Opp. 10:24-11:18. As discussed below, this argument is meritless. Counterclaim Three must be stricken, and the Court must order Traver Stine to reimburse Lavallee for Lavallee's attorneys' fees and costs. *See* Cal. Code Civ. Proc. § 425.16(c); *Planned Parenthood Fed'n of. Am., Inc. v. Ctr. for Med. Progress*, 890 F. 3d 828, 833 (9th Cir. 2018).

### B. <u>The Court Should Dismiss The Amended Counterclaim In Its Entirety</u>

#### 1. Counterclaim Two Fails To State A Claim For Adverse Employment Action Based On Association With A Member Of A FEHA-Protected Class

Counterclaim Two for adverse employment action based on Traver Stine's association with a member of a FEHA-protected class, *i.e.*, a person perceived to have autism, must be dismissed because the Amended Counterclaim does not allege facts supporting a plausible inference that (1) Traver Stine suffered an adverse employment action; (2) Traver Stine suffered

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

any damages; or (3) Traver Stine's negative performance review was substantially motivated by discriminatory animus based on Traver Stine's personal association with her husband's autism. As explained in the Motion, Traver Stine never actually suffered any adverse employment actions or any damages because she joined her husband in committing computer crimes against Implicit and was suspended ***with full pay*** and then terminated before any actions could be taken. *See* Mot. 11:16-13:6, 16:25-17:23. And even if she had suffered an adverse employment action (which she did not), the Amended Counterclaim does not plead facts supporting a plausible inference that the negative performance review was substantially motivated by discriminatory animus based on her personal association with her husband's autism as opposed to her poor performance and enabling of her husband in an HR role for which she admittedly had no experience. *See* Mot. 13:8-16:24; Reply Request for Judicial Notice ("Reply RJN"), Ex. 1 at 1 (stating that she "lack[ed] a background or experience in HR"). The Opposition does not address these issues. Just as Traver Stine did with her Amended Counterclaim, her Opposition simply recites conclusory statements and ignores all unfavorable facts and admissions that contradict her conclusory statements.

The Amended Counterclaim and Opposition both assert that Traver Stine was "demoted" (*see* Amended Counterclaim ¶¶ 32, 35-36; Opp. 12:14-17), but Implicit only changed her role to something more suited to her abilities. Traver Stine may have disliked the changed responsibilities, but the change in an employee's duties is not of itself an adverse employment action. *See Thomas v. Dept. of Corr.*, 77 Cal. App. 4th 507, 511 (2000) (noting that an adverse employment action must be "more disruptive than . . . an alteration of job responsibilities"); *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 318 (2019) (explaining that "[a] change that is merely contrary to the employee's interests or not to the employee's liking is insufficient" (citation and internal quotation marks omitted)). Traver Stine handled payroll and eventually took over HR duties, apparently because no one else was available to do it even though she had no background or experience in HR. *See* Amended Counterclaim ¶ 6; Reply RJN, Ex. 1 at 1. These were not vaunted roles that she had worked hard to earn but rather spots that just needed filling. The Amended Counterclaim does not – because it cannot – allege that Implicit said that

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

it would not give Traver Stine other additional duties to replace those that had been removed or that it would reduce her wages or reduce her hours.

But even if the changed responsibilities were considered an adverse employment action, Implicit never actually implemented them. The Opposition asserts that the changes were implemented because they were effective "immediately." Opp. 12:21-24. This, however, is not alleged anywhere in the Amended Counterclaim.

Moreover, the Opposition ignores that Traver Stine received her performance review after the close of business on a Friday and never returned to work for Implicit in any role ***because she was suspended with full pay the next business day and ultimately terminated for committing computer crimes against Implicit***. *See* Mot. 12:23-13:5. The absence of an adverse employment action requires that Counterclaim Two be dismissed.

Traver Stine also did not suffer any damages as a result of her poor performance review. The Opposition appears to concede that she never suffered a reduction in hours or pay and instead asserts she suffered "emotional distress" due to her purported anticipation of a reduction in hours and pay because she and Stine were already facing "economic turmoil" due to Stine's termination that day. *See* Opp. 13:1-11. As discussed in the Motion, however, the Amended Counterclaim does not allege that Implicit indicated that it intended to reduce her hours or pay. Thus, whatever Traver Stine purportedly "anticipated" was unfounded and not proximately caused by the performance review. *See* Mot. 17:7-14. And the Opposition fails to explain when Traver Stine purportedly suffered her "emotional distress." She joined her husband in committing computer crimes against Implicit immediately after receiving her performance review. If anything caused her "emotional distress," it would have been her husband's erratic behavior and her participation in computer crimes that she had to have known would not only result in her being fired, but also expose her to serious legal liability. If she was distressed about a reduction in pay and hours and her "financial turmoil," it was due to her own illegal actions that guaranteed her termination, not a poor performance review that did not say anything about a reduction in pay or hours. *See* Mot. 17:14-21.

Lastly, the Amended Counterclaim fails to plead facts supporting a plausible inference

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

that Traver Stine's personal association with her husband's autism substantially motivated Implicit to issue the poor performance review. Despite the Court's explanation in its order dismissing Traver Stine's original counterclaim and the detailed explanation in the Motion, the Opposition still fails to address two critical points. First, an associational discrimination claim cannot be pled simply by alleging an adverse employment action based on an association with a person with who happens to have a disability. The complaint must allege facts showing that the adverse employment action was substantially motivated by the disability itself. *See* MTD Order 8:28-9:12; Mot. 16:2-13. Second, because Traver Stine had dual roles as Stine's wife and his HR manager, the Amended Counterclaim must distinguish between actions relating to her professional role and those relating to personal role. *See* MTD Order 8:28-9:12; Mot. 15:15-28.

The Opposition simply repeats the Amended Counterclaim's conclusory and insufficient allegation that Implicit "demoted" Traver Stine due to her association with Stine, who happens to have autism and whom Implicit had allegedly developed animosity towards. *See* Opp. 13:23-14:2. The Opposition identifies no factual or even conclusory allegations indicating that Traver Stine's personal association with ***Stine's autism*** as opposed to her personal association with Stine himself was a substantial motivating factor in her negative performance review. There can be no such allegations, as none of the contexts in which associational discrimination claims typically arise is present here. *See* Mot. 13:18-14:14 (discussing the contexts identified in *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1041 (2016)).

Stine's perceived autism is discussed in the Amended Counterclaim and the Opposition only as it relates to actions allegedly taken by Traver Stine in her professional role as an HR employee. *See* Opp. 14:2-7, 14:25-15:3. But issues relating to her professional duties in managing Stine cannot support an associational discrimination claim. Any HR employee would have had the same duties as Traver Stine with respect to addressing Stine's perceived autism. Any HR employee would have received the same negative performance review as Traver Stine had the HR employee failed to manage Stine as Traver Stine did. And Traver Stine would have received the same negative performance review if the employee with autism that she failed to manage were someone other than her husband.

The Opposition acknowledges that Stine's perceived autism impacted Traver Stine's employment only in her professional role by concluding its argument with the following assertion: "Whether her termination [sic] was due to her advocacy for Stine, or for her failure to control him, or for something else, should be for a trier of fact to determine." Opp. 15:1-3. The purported "advocacy for Stine" and "failure to control him" both relate to Traver Stine's professional role as Implicit's human resources manager, not her personal role as Stine's wife. Neither purported reason can support a claim for associational employment discrimination. A plaintiff/counterclaimant is not entitled to subject a defendant to the expenses of discovery just so the trier of fact can explore if there is "something else" there when the plaintiff has failed to meet the basic pleading requirements to state a plausible claim for relief. *See Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011). Because the Amended Counterclaim does not plead sufficient facts to state a claim for associational employment discrimination, the claim must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007).

**2. Counterclaim One Fails To State A Claim For Adverse Employment Action In Violation Of Public Policy**

The Opposition appears to agree that Counterclaim One is derivative of Counterclaim Two and asserts the same claim for adverse employment action as Counterclaim Two but alleges violation of public policy instead of FEHA. *See* Opp. 15:7-19. Thus, if Counterclaim Two fails, then Counterclaim One does as well. *See Johnson v. Autozone, Inc.*, No. 2:11–003395–GEB–EFB, 2013 WL 5157187, at *14 (E.D. Cal. Sep. 12, 2013); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) (explaining that "because [plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails").

As discussed in *supra* section II.B.1, the Amended Counterclaim fails to state a claim for association employment discrimination under FEHA. The Amended Counterclaim therefore also fails to state a claim for the adverse employment action in violation of public policy. *See Hanson*, 74 Cal. App. 4th at 229. Counterclaim One must be dismissed.

**3. Counterclaim Three Fails To State A Claim For Defamation**

As discussed in the Motion, the Amended Counterclaim's defamation claim must be

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

dismissed because the alleged statement about Traver Stine was not defamation per se and the Amended Counterclaim fails to plead special damages. The defamation claim also fails because the statements to law enforcement were privileged.

The Opposition acknowledges that the Amended Counterclaim fails to plead special damages but asserts special damages are not required because Traver Stine purportedly can base her defamation claim on a statement about ***another person*** and has thus pled defamation per se. *See* Opp. 10:24-11:18. This assertion is without merit.

To state a claim for defamation, a complaint must allege "'(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) ***has a natural tendency to injure or causes special damage***.'" *John Doe 2 v. Sup. Ct.*, 1 Cal. App. 5th 1300, 1312 (2016) (emphasis added and citation omitted). Moreover, "[t]he defamatory statement ***must specifically refer to, or be of and concerning, the plaintiff***." *Id.* (emphasis added and citation and internal quotation marks omitted). The first four categories of section 46 of the Civil Code are considered defamation per se and do not require the pleading and proving of special damages. *See* Cal. Civ. Code § 46; *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361, 367 (2009). The alleged defamatory statement about Traver Stine – that she was the potential victim of domestic violence (*see* Amended Counterclaim ¶ 41) – does not fall within any of the four defamation per se categories and thus requires the pleading and proving of special damages.

The Opposition asserts that "Traver Stine has a viable slander per se claim as Lavallee's false and unprivileged statement to law enforcement indicating that Traver Stine was the victim of domestic violence at the hands of her husband charges ***Stine*** with a crime of which Traver Stine is the alleged victim." Opp. 10:24-11:3 (emphasis added). The Opposition cites no case law to support its tortured reading of the statute. The California legislature exempted four categories of defamatory statements from the requirement of pleading and proving special damages because these statements have a natural tendency to injure the plaintiff and damage to the plaintiff's reputation can be presumed. *See, e.g.*, *Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858, 867 (2009) (explaining the legislature's identification of four categories of statements for which damages need not be proved); *In re Peck*, 295 B.R. 353, 361 (Bankr. 9th Cir. 2003)

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

(stating that "[d]amage to one's reputation is also presumed from a false charge of a crime"). Damage to Traver Stine's reputation cannot be presumed from a charge of crime to Stine. The statement forming the basis of a defamation claim must be about the plaintiff, not someone else, and the defamation per se categories apply to statements about the plaintiff, not someone else.

The Opposition's assertion that "Lavallee's broadcasting of the fact that he called 911 to report Traver Stine as the victim of a crime to the other Implicit female employees indicates that he intended for the statement to disqualify Traver Stine somehow with respect to her profession and amongst her colleagues" (Opp. 11:5-8)[1] is also without merit. A statement can be defamation per se if it "[t]ends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires." Cal. Civ. Code § 46. As explained in the Motion, however, a statement does not fall within that defamation per se category if it condemns the plaintiff as "an individual rather than as a person engaged in a particular occupation; relate[s] to characteristics required in all pursuits of life and not peculiarly required of [his profession]; and [is] not of that nature which would tend directly to injure him in his occupation as [a particular profession]." *See* Mot. 20:13-21:8 (quoting *Correia v. Santos*, 191 Cal. App. 2d 844, 853 (1961)). The Opposition does not even attempt to explain how a statement that Traver Stine may be the victim of domestic violence relates to characteristics peculiar to her profession as an HR employee or disqualifies her for that role, and simply claims it must "somehow" do so. *See* Opp. 11:5-8. It does not. Because the alleged defamatory statement is not defamation per se, the Amended Counterclaim must plead special damages. *See* Cal. Civ. Code § 46; *Regalia*, 172

[1] The Opposition cites Labor Code section 230(f)(7)(D) for the assertion that Lavallee had a duty to keep Traver Stine's status as a potential crime victim confidential. *See* Opp. 11:8-14. This Court has already found that Lavallee's statement to certain Implicit personnel that he had requested a wellness check on Traver Stine did not reveal information related to her personnel file and did not "intrude[] into a 'private place, conversation or matter' about which Traver Stine had a 'reasonable expectation of privacy.'" MTD Order 10:9-17. As Lavallee and Implicit explained in their reply in support of the first motion to dismiss, section 230(f)(7)(D) is inapplicable because it applies only to actual proof provided by the employee to the employer in connection with a request for a reasonable accommodation that the employee is in fact the victim of domestic violence, sexual assault, or stalking. *See* Dkt. 51 at 7:11-8:1.



GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Cal. App. 4th at 367. The Opposition concedes that it does not. Accordingly, Counterclaim Three for defamation must be dismissed.

Even if the alleged statement falls within one of the defamation per se categories (which it does not), it must still be dismissed because it is privileged. The Amended Counterclaim and Opposition both try to obscure the escalating concerns about Stine's behavior. The Opposition states that "Lavallee knew this statement was false or made with reckless disregard for the truth or falsity of the report as Lavallee and Stine had not conversed in over a month and because the Stines have no history of domestic abuse" (Opp. 9:22-24)) and that "the call to law enforcement was not about a wellness check on Traver Stine at all and was falsely made out of anger." *Id.* 10:2-3. But these assertions are inconsistent with allegations Stine made in his Amended Counterclaim and statements Traver Stine made to Implicit two days ***after*** the wellness check. Stine alleged in his Amended Counterclaim that Lavallee sent Traver Stine an email the week after Stine's purported medical crisis stating that he had previously ignored Stine's repeated threats of harm to himself and others but now realized he should not have because Stine had acted on those threats. Dkt. 57 ¶ 16. Traver Stine did not correct Lavallee's assessment of the situation in any way. Instead, on June 16, 2024, two days ***after*** the wellness check, Traver Stine accused Lavallee of "knowingly and neglectfully put[ting] [her] safety and emotional well-being at risk" by requesting that she provide performance feedback to her own husband in her role as Implicit's HR manager on May 10, 2024 – the event that precipitated Stine's purported "medical crisis" and violent actions – because Lavallee was aware that the meeting would be in person. Reply RJN, Ex. 1 at 4. She asserted that "Robin was aware of the things Jake was saying and did not let me know ahead of time of any safety concerns for Jake or myself while still requesting that I conduct the performance feedback." *Id.* She further asserted that "[a]s the employer, Robin has a duty of care to ensure a safe working environment for the employees. It was his responsibility to take any appropriate action. Robin did not take any steps to mitigate this risk and instead put me at risk." *Id.* Traver Stine thus admitted in the immediate aftermath of Stine's termination and Lavallee's request for a wellness check that she believed Stine posed a risk to her safety in light of his previous threats of harm to others and that Lavallee should have

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

anticipated that Stine's response to negative information regarding his employment could be volatile and violent. These statements and accusations are wholly inconsistent with the Opposition's assertion that Stine and Traver Stine believed Lavallee's request for a wellness check was solely to harass them and that Lavallee had acted with reckless disregard for the truth or falsity of his alleged statements to the 911 operator. Traver Stine's statements validate that Lavallee's fears for her safety that motivated the wellness check request were reasonable because they mirror her own purported fear of her husband.

Lavallee's request for a wellness check on Traver Stine was well-founded based on the information known to Lavallee and is therefore privileged. *See* Cal. Civ. Code § 47(b)(5); *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 114 (2007). The defamation claim must therefore be dismissed. Moreover, because the defamation claim arises from an act in furtherance of Lavallee's right to petition and free speech (*see supra* § II.A), the claim must be stricken under California's anti-SLAPP statute and Traver Stine must be ordered to pay Lavallee's attorneys' fees and costs. *See* Cal. Code Civ. Proc. §§ 425.16(b)-(c).

## III. CONCLUSION

Based on the foregoing, Implicit and Lavallee respectfully request that the Court strike Counterclaim Three; dismiss the Amended Counterclaim in its entirety with prejudice; and award Lavallee his attorneys' fees and costs.

Respectfully submitted,

Dated: December 24, 2024

GRELLAS SHAH LLP

By: */s/ Dhaivat H. Shah*
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE