GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and
ROBIN LAVALLEE

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive, <br><br> Defendants. <br><br>———————————————— <br><br> JACOB STINE, an individual; JUANITA TRAVER STINE, an individual, <br><br> Counterclaimants, <br><br> vs. <br><br> IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual, <br><br> Counterdefendants. | Case No.  3:24-cv-03744-WHO <br><br> **COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S ANSWER TO AMENDED COUNTERCLAIM OF JACOB STINE** <br><br> Date Action Filed: June 21, 2024 |

*(Left margin, rotated)* GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Under Rule 8 of the Federal Rules of Civil Procedure, counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee ("Lavallee," and together with Implicit, "Counterdefendants") hereby respond to the amended counterclaim (the "Amended Counterclaim") (Dkt. No. 57) of counterclaimant Jacob Stine ("Stine") as follows:

**Parties, Jurisdiction, and Venue**

1.      As to Paragraph 1 of Stine's Amended Counterclaim, Counterdefendants admit the allegation.

2.      As to Paragraph 2 of Stine's Amended Counterclaim, Counterdefendants admit the allegation.

3.      As to Paragraph 3 of Stine's Amended Counterclaim, Counterdefendants admit the allegation.

4.      As to Paragraph 4 of Stine's Amended Counterclaim, this paragraph contains Stine's jurisdictional allegations, to which no response is required.  To the extent a response is deemed required, Counterdefendants admit that this Court has subject matter jurisdiction over Stine's Counterclaim under 28 U.S.C. § 1367.

5.      As to Paragraph 5 of Stine's Amended Counterclaim, this paragraph contains Stine's venue allegations, to which no response is required.  To the extent a response is deemed required, Counterdefendants admit that venue is proper before this Court.

**General Allegations**

6.      As to Paragraph 6 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine and Lavallee were friends before they co-founded Implicit Conversions, LLC, in which they were 50/50 members, in 2019. Counterdefendants further admit that Implicit Conversions, LLC merged into Implicit in 2023, with Implicit being the surviving entity.  Counterdefendants further admit that though Stine was not formally appointed to the Implicit Board of Directors through stockholder vote or stockholder consent, both Lavallee and Stine agreed that Stine would join Lavallee, who had been formally appointed, as the second member of Implicit's 2-person Board of Directors. Counterdefendants further admit that until Stine was removed from Implicit's Board of

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Directors in 2024, Stine acted as an Implicit director, including participating in Board meetings and executing Board resolutions. Counterdefendants deny the remainder of the allegations.

7.    As to Paragraph 7 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part the allegations. Counterdefendants admit that Traver-Stine's role was later expanded to include operating Human Resources for Implicit, but denies the role was not expanded until in or around April 2024. Codefendants admit the remaining allegations.

8.    As to Paragraph 8 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Codefendants admit that at the time of Implicit's incorporation in 2023, Stine's personal PO Box was used to receive and send official company correspondence. Counterdefendants admit that the desktop business computer owned by Implicit and used as an Implicit server was located in Stine's home office and referred to as "Reynard." To the extent that this paragraph, in describing Reynard as a "personal computer," means that it was a business computer designed for use by an individual user as opposed to a mainframe computer designed for use by multiple users, Counterdefendants admit that Reynard is a personal computer. To the extent that this paragraph uses the term "personal computer" to imply that such devices are for only "personal" or consumer use as opposed to business or enterprise use, or that Reynard was not a business computer owned by Implicit, Counterdefendants deny it. Except as admitted, Counterdefendants deny the allegations in this paragraph.

9.    As to Paragraph 9 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Lavallee and Stine agreed that Lavallee would serve as Implicit's Chief Executive Officer and that Stine would serve as its Chief Technology Officer. Counterdefendants further admit that upon the formation of Implicit, Implicit hired Lavallee as its Chief Executive Officer and Stine as its Chief Technology Officer. Counterdefendants further admit that Lavallee had more responsibility for administrative matters at Implicit than Stine did. Counterdefendants further admit that Lavallee served as the public face of the company. Counterdefendants further admit that on or about April 28, 2022, Lavallee wrote to Stine, "In practice, it doesn't change much. I am not

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

your boss.  You are not my boss.  It just gives better split of responsibility for the people that we hire.  They know who to look up to when they have questions, and that also means that you get to decide for tech questions." Counterdefendants deny that Lavallee's statement on April 28, 2022, was an "arrangement" to which Stine could "agree."  Counterdefendants further deny that Lavallee "placed little value on corporate titles."  Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

10.     As to Paragraph 10 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants deny that Implicit had few corporate formalities.  Counterdefendants admit that Implicit issued stock.  Counterdefendants further admit that Implicit issued 4,250,000 shares of Common Stock to Lavallee and 4,250,000 shares of Common Stock to Jacob Stine, both subject to vesting over a 4-year period.

11.     As to Paragraph 11 of Stine's Amended Counterclaim, Counterdefendants admit the allegations.

12.     As to Paragraph 12 of Stine's Amended Counterclaim, Counterdefendants admit the allegations.

13.     As to Paragraph 13 of Stine's Amended Counterclaim, Counterdefendants admit in part and denies in part.  Counterdefendants admit that Lavallee and Gagnon acknowledged that Stine exhibited traits similar to Lavallee's family members with autism.  Counterdefendants admit that Implicit believed that Stine exhibited traits consistent with those with autism.  Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis deny them.

14.     As to Paragraph 14 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants deny that Stine and Lavallee had an understanding that Stine could vent his personal stresses related to the workplace to Lavallee privately so that he was better able to perform his job.  Counterdefendants admit that Lavallee and Stine sent each other direct messages about concerns relating to the operation of Implicit but deny that the purpose of these messages was to vent frustrations.  Counterdefendants lack

IMPLICIT'S AND LAVALLEE'S ANSWER TO STINE'S AMENDED COUNTERCLAIM
Case No.  3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis deny them.

15.    As to Paragraph 15 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine took a leave of absence on or about May 10, 2024.  Counterdefendants deny that the incident precipitating Stine's leave stemmed from Stine and Lavallee having a communication breakdown.  Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis deny them.

16.    As to Paragraph 16 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Lavallee wrote to Traver Stine, "Jake has always been writing stuff like that on Slack (self harm, harm to others), in my private messages and I've learned to ignore it; I shouldn't have."  Counterdefendants deny the remainder of the allegations.

17.    As to Paragraph 17 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants deny that Stine's leave of absence was a medical leave.  Counterdefendants admit the remainder of the allegations.

18.    As to Paragraph 18 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine's counsel wrote to Lavallee on May 31, 2024, stating that Stine had retained counsel, that Stine remained on medical leave, and that further communication would be forthcoming.  Counterdefendants deny that on June 7, 2024, Stine's counsel reached out to Lavallee.  Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis deny them.

19.    As to Paragraph 19 of Stine's Amended Counterclaim, Counterdefendants admit the allegations.

20.    As to Paragraph 20 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Stine's counsel sent to Implicit a document purporting to be a majority stockholder consent and purporting remove Lavallee

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

from Implicit's Board of Directors and appointing Traver Stine and Alawi to the Board effective June 19, 2024. Counterdefendants deny that this document was executed by a majority of Implicit's stockholders or that it had any legal effect. Counterdefendants admit that Stine's counsel also sent to Implicit a document purporting to be a board consent and purporting to remove Lavallee from Implicit's Board of Directors effective June 20, 2024. Counterdefendants deny that this document was executed by Implicit's Board of Directors or that it had any legal effect. Except as admitted, Counterdefendants deny all allegations in this paragraph.

21. As to Paragraph 21 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that on June 17, 2024, Lavallee signed a "Resolution Adopted by Written Consent of Stockholders in Lieu of Special Meeting" removing Stine from the Implicit Board of Directors. Except as admitted, Counterdefendants deny all allegations in this paragraph.

## COUNTERCLAIM ONE

### [Promissory Estoppel]

### [Counterdefendant Lavallee]

22. As to Paragraph 22 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

23. As to Paragraph 23 of Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis deny the allegations.

24. As to Paragraph 24 of Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis deny the allegations.

25. As to Paragraph 25 of Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis deny the allegations.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

26.     As to Paragraph 26 of Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis deny the allegations.

27.     As to Paragraph 27 of Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis deny the allegations.

## COUNTERCLAIM TWO

**[Wrongful Termination Based On Membership In Protected Class (Disparate Treatment – Cal. Gov. Code § 12940(a))]**

**[Counterdefendant Implicit]**

28.     As to Paragraph 28 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

29.     As to Paragraph 29 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine was employed by Implicit from its founding through June 14, 2024, when Implicit terminated his employment. Counterdefendants admit that Lavallee terminated Stine's employment on behalf of Implicit and in Lavallee's capacity as Implicit's Chief Executive Officer.  Counterdefendants admit that Implicit perceived Stine as having autism.  Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegation that Stine is a person perceived by others as having autism, and on that basis deny the allegation.

30.     As to Paragraph 30 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that while Stine was employed at Implicit, Lavallee and other employees discussed Stine's contention that he had autism. Counterdefendants further admit that Lavallee, on behalf of Implicit, wrote to Stine while Stine was on leave and asked Stine to resign from Implicit.  Counterdefendants further admit that Implicit asked Stine to resign and subsequently terminated Stine's employment.  Except as admitted, Counterdefendants deny all allegations in this paragraph.

31.     As to Paragraph 31 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

32.     As to Paragraph 32 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

33.     As to Paragraph 33 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

34.     As to Paragraph 34 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

35.     As to Paragraph 35 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

## COUNTERCLAIM THREE

**[Disability Discrimination - Failure to Engage in Interactive Process (Cal. Gov. Code § 12940(n))]**

**[Counterdefendant Implicit]**

36.     As to Paragraph 36 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

37.     As to Paragraph 37 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Lavallee's wife, Isabelle Gagnon, was an Implicit employee and that Lavallee and Gagnon acknowledged that Stine exhibited traits similar to Lavallee's family members who had autism. Counterdefendants deny the remainder of the allegations.

38.     As to Paragraph 38 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

39.     As to Paragraph 39 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Lavallee wrote to Stine on Implicit's behalf and asked Stine to resign from Implicit. Counterdefendants deny the

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

remainder of the allegations.

40. As to Paragraph 40 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Implicit engaged in an interactive process regarding Stine. Counterdefendants further admit that Implicit terminated Stine while Stine was on leave. Counterdefendants deny the remainder of the allegations.

41. As to Paragraph 41 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

42. As to Paragraph 42 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

43. As to Paragraph 43 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

44. As to Paragraph 44 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

45. As to Paragraph 45 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

**COUNTERCLAIM FOUR**

**[Failure to Provide Reasonable Accommodations – Cal. Gov. Code § 12940(m)]**

**[Counterdefendant Implicit]**

46. As to Paragraph 46 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

47. As to Paragraph 47 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

48. As to Paragraph 48 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Implicit terminated Stine. Counterdefendants deny the remainder of the allegations.

49. As to Paragraph 49 of Stine's Amended Counterclaim, Counterdefendants lack

IMPLICIT'S AND LAVALLEE'S ANSWER TO STINE'S AMENDED COUNTERCLAIM
Case No. 3:24-cv-03744-WHO

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

50.  As to Paragraph 50 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

51.  As to Paragraph 51 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

52.  As to Paragraph 52 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

**COUNTERCLAIM FIVE**

**[Waiting Time Penalties – Cal. Labor Code § 201, 203]**

**[Counterdefendants Implicit and Lavallee]**

53.  As to Paragraph 53 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

54.  As to Paragraph 54 of Stine's Amended Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required.  To the extent a response is deemed required, Counterdefendants admit the allegations.

55.  As to Paragraph 55 of Stine's Amended Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required.  To the extent a response is deemed required, Counterdefendants admit the allegations.

56.  As to Paragraph 56 of Stine's Amended Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required.  To the extent a response is deemed required, Counterdefendants admit the allegations.

57.  As to Paragraph 57 of Stine's Amended Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required.  To the extent a response is deemed required, Countdefendants admit that Labor Code section 558.1 states that "an owner, director, officer, or managing agent of the employer" who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

violation." Counterdefendants deny the remainder of the allegations.

58. As to Paragraph 58 of Stine's Amended Counterclaim, Counterdefendants deny that Lavallee made the sole decision to fire Stine. Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis deny them.

59. As to Paragraph 59 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that Implicit communicated Stine's termination to Stine after Eastern Time business hours on a Friday. Except as admitted, Counterdefendants deny all allegations in this paragraph.

60. As to Paragraph 60 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

61. As to Paragraph 61 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

62. As to Paragraph 62 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

## COUNTERCLAIM SIX

### [Declaratory Relief]

### [Counterdefendant Implicit]

63. As to Paragraph 63 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

64. As to Paragraph 64 of Stine's Amended Counterclaim, this paragraph contains Stine's conclusions of law, to which no response is required. To the extent a response is deemed required, Counterdefendants admit the allegations.

65. As to Paragraph 65 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part. Counterdefendants admit that on June 17, 2024, Lavallee signed a "Resolution Adopted by Written Consent of Stockholders in Lieu of Special Meeting" removing Stine from the Implicit Board of Directors. Except as admitted, Counterdefendants

deny all allegations in this paragraph.

66.    As to Paragraph 66 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

67.    As to Paragraph 67 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine's counsel sent to Implicit a document purportedly signed by Alawi and Stine and purporting to remove Lavallee from the Implicit Board of Directors and placing Traver Stine and Alawi on the Implicit Board of Directors.  Except as admitted, Counterdefendants deny all allegations in this paragraph.

68.    As to Paragraph 68 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Stine's counsel sent to Implicit a document purporting to be a board consent signed by Alawi, Stine and Traver Stine and purporting to remove Lavallee as CEO and make Stine temporary CEO.  Except as admitted, Counterdefendants deny all allegations in this paragraph.

69.    As to Paragraph 69 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

70.    As to Paragraph 70 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

71.    As to Paragraph 71 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

72.    As to Paragraph 72 of Stine's Amended Counterclaim, this paragraph contains Stine's prayer for relief, to which no response is required.  To the extent a response is deemed required, Counterdefendants deny the allegations.

### COUNTERCLAIM SEVEN

### [Defamation]

### [Against Lavallee]

73.    As to Paragraph 73 of Stine's Amended Counterclaim, Counterdefendants incorporate their responses to each allegation contained in Stine's Amended Counterclaim herein as if separately pleaded.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

11

74.     As to Paragraph 74 of Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part.  Counterdefendants admit that Lavallee informed a police officer that Stine had been dealing with mental health and work-related stress and had recently been making concerning comments about harming himself and others.  Counterdefendants further admit that Lavallee informed the officer that Stine had been fired that day and that Lavallee was concerned that the firing might be the final culmination of Stine's recent threats and that Lavallee was concerned about Stine's welfare.  Counterdefendants further admit that Lavallee informed the officer that Stine lived with Traver Stine and that Lavallee was also concerned about her welfare.  Defendants further admit that at the time Lavallee called 911, Lavallee had not spoken to Stine directly for approximately one month.  Except as admitted, Counterdefendants deny all allegations in this paragraph.

75.     As to Paragraph 75 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

76.     As to Paragraph 76 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

77.     As to Paragraph 77 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

78.     As to Paragraph 78 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

79.     As to Paragraph 79 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

80.     As to Paragraph 80 of Stine's Amended Counterclaim, Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and on that basis deny the allegations.

81.     As to Paragraph 81 of Stine's Amended Counterclaim, Counterdefendants deny

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

IMPLICIT'S AND LAVALLEE'S ANSWER TO STINE'S AMENDED COUNTERCLAIM
Case No.  3:24-cv-03744-WHO

the allegations.

82.    As to Paragraph 82 of Stine's Amended Counterclaim, Counterdefendants deny the allegations.

## AFFIRMATIVE DEFENSES

Implicit alleges the following separate affirmative defenses to the Amended Counterclaim, and as to each alleged count contained therein:

1.    The Amended Counterclaim, and each count contained therein, fails to state facts sufficient to constitute a cause of action against Implicit.

2.    All of the claims in the Amended Counterclaim are barred by Stine's unclean hands.

3.    The Amended Counterclaim, and each purported count therein, is barred by the doctrine of laches.

4.    Stine, by his words and conduct, is estopped from alleging each count set forth in the Amended Counterclaim.

5.    Stine, by his words and conduct, has waived the claims in the Amended Counterclaim, and each count stated therein.

6.    The Amended Counterclaim, and each purported count therein, is barred by fraud.

7.    The Amended Counterclaim, and each purported count therein, is barred by mistake.

8.    Counterdefendants' compliance with the statutes, rules and regulations preclude any liability to Stine.

9.    Counterdefendants' liability, if any, under the Amended Counterclaim is precluded because Counterdefendants have substantially complied with all applicable statutes and regulations, and any violation was due to mere technical imperfections of form that did not result in any damage to Stine or amount to a material violation of any applicable statute or regulation.

10.    At all times mentioned in the Amended Counterclaim, Counterdefendants'

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

actions were legal acts.

11. The Amended Counterclaim is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit.

12. The Amended Counterclaim is barred, in whole or in part, for failure to exhaust administrative remedies to the extent the allegations contained in the Amended Counterclaim exceed the scope of the underlying charge(s) of discrimination and/or Stine failed to timely and properly file charges.

13. At all times relevant to the acts alleged in the Amended Counterclaim, Counterdefendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Stine were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.

14. All decisions made by Counterdefendants with respect to Stine and all actions taken with respect to Stine's employment were made in good faith and without malice, ill will, fraud, oppression or any other improper motive.

15. Stine cannot establish a prima facia case of wrongful termination, discrimination, or failure to provide reasonable accommodations under any of the statutes identified in the Amended Counterclaim.

16. Stine's termination was based upon a bona fide occupational qualification.

17. Counterdefendants are informed and believe, and on that basis allege, that Stine's action is barred because Counterdefendants acted reasonably, with justification and in good faith, based upon all known relevant facts and circumstances, to their own legally-protected interests.

18. Counterdefendants are informed and believe, and on that basis allege, that Stine's action is barred because Stine refused to engage in the interactive process and refused to agree to any accommodations.

19. Stine cannot recover from Counterdefendants because Stine did not suffer any damages from any conduct by Counterdefendants.

20. Counterdefendants are informed and believe, and on that basis allege, that

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Stine's request for damages must be denied because Counterdefendants' actions were and are protected by privilege.

21. Counterdefendants are informed and believe, and on that basis allege, that Counterdefendants' actions were not a substantial factor in causing any harm to Stine, and any harm to Stine was caused by others.

22. Counterdefendants are informed and believe, and on that basis allege, that Stine is seeking to recover more than he is entitled to in this case and award of the judgment sought by Stine would unjustly enrich him.

23. Should Stine recover from Counterdefendants, then Counterdefendants are entitled to a set-off of any amounts found owing against sums owed by Stine to Counterdefendants.

24. Counterdefendants are informed and believe, and on that basis allege, that Stine has no right to a demand for judgment requesting attorneys' fees.

25. Counterdefendants are informed and believe, and on that basis allege, that Stine has no right to a demand for judgment requesting punitive damages.

26. Stine failed to mitigate his damages, if any.

27. Counterdefendants lack sufficient knowledge or information upon which to form a belief as to whether there are additional, as yet unstated, affirmative defenses available, and Counterdefendants thus reserve the right to assert such additional affirmative defenses if they are discovered and deemed proper.

## PRAYER FOR RELIEF

WHEREFORE, Countdefendants respectfully request that the Court enter judgment as follows:

A. That Stine take nothing by reason of the Amended Counterclaim and that judgment be rendered in favor of Counterdefendants;

B. That Counterdefendants be awarded their costs of suit incurred in defense of this action according to proof at trial; and

C. For such other and further relief as the Court may deem just and proper.

15

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Dated: February 13, 2025

GRELLAS SHAH LLP

By: _/s/ Dhaivat H. Shah_
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

IMPLICIT'S AND LAVALLEE'S ANSWER TO STINE'S AMENDED COUNTERCLAIM
Case No. 3:24-cv-03744-WHO