GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 312725)
(jp@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and
ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, SAYED MAHMOUD ALAWI, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03744-WHO<br><br>**COUNTERDEFENDANTS IMPLICIT CONVERSIONS, INC. AND ROBIN LAVALLEE'S ANSWER TO AMENDED COUNTERCLAIM OF JUANITA TRAVER-STINE**<br><br>Date Action Filed: June 21, 2024 |
| JACOB STINE, an individual; JUANITA TRAVER STINE, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual,<br><br>Counterdefendants. | |

Under Rule 8 of the Federal Rules of Civil Procedure, Counterdefendants Implicit Conversions, Inc. ("Implicit") and Robin Lavallee ("Lavallee," and together with Implicit, "Counterdefendants") hereby respond to the amended counterclaim (the "Amended Counterclaim") (Dkt. No. 56) of counterclaimant Juanita Traver-Stine ("Traver-Stine") as follows:

**Parties, Jurisdiction, and Venue**

1. As to Paragraph 1 of Traver-Stine's Amended Counterclaims, Counterdefendants admit the allegations.

2. As to Paragraph 2 of Traver-Stine's Amended Counterclaims, Counterdefendants admit the allegations.

3. As to Paragraph 3 of Traver-Stine's Amended Counterclaims, Counterdefendants admit the allegations.

4. As to Paragraph 4 of Traver-Stine's Amended Counterclaims, this paragraph contains Traver-Stine's jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Counterdefendants admit that this Court has subject matter jurisdiction over Traver-Stine's Counterclaim under 28 U.S.C. § 1367.

5. As to Paragraph 5 of Traver-Stine's Amended Counterclaims, this paragraph contains Traver-Stine's venue allegations, to which no response is required. To the extent a response is deemed required, Counterdefendants admit that venue is proper before this Court.

**General Allegations**

6. As to Paragraph 6 of Traver-Stine's Amended Counterclaim, Counterdefendants admit in part and deny in part the allegations. Counterdefendants admit that Jacob Stine ("Stine") and Lavallee are cofounders of Implicit, that Traver-Stine joined Implicit in early 2022 as a Payroll Administrator, and that her role was expanded to include operating Human Resources for Implicit in or around March 2023. Counterdefendants deny the remainder of the allegations.

7. As to Paragraph 7 of Traver-Stine's Amended Counterclaim, this paragraph contains allegations that have been dismissed by the Court, to which no response is required,

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

and on that basis Counterdefendants deny the allegations.

8. As to Paragraph 8 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

9. As to Paragraph 9 of Traver-Stine's Amended Counterclaims, Codefendants admit in part and deny in part. Codefendants admit that the meeting between Stine and Traver-Stine occurred and that Stine took some time off work. Counterdefendants lack sufficient knowledge or information to form a belief as to the truthfulness of the remainder of the allegations and on that basis denies them.

10. As to Paragraph 10 of Traver-Stine's Amended Counterclaims, Counterdefendants admit the allegation.

11. As to Paragraph 11 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

12. As to Paragraph 12 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

13. As to Paragraph 13 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

14. As to Paragraph 14 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

15. As to Paragraph 15 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

16. As to Paragraph 16 of Traver-Stine's Amended Counterclaims, Codefendants admit that Lavallee informed a police officer that Stine had been dealing with mental health

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

and work-related stress and had recently been making concerning comments about harming himself and others. Codefendants further admit that Lavallee informed the officer that Stine had been fired that day and that Lavallee was concerned that the firing might be the culmination of Stine's recent threats and that Lavallee was concerned about Stine's welfare. Counterdefendants further admit that Lavallee informed the officer that Stine lived with Traver Stine and that Lavallee was also concerned about her welfare. Except as admitted, Counterdefendants deny all allegations in this paragraph.

17. As to paragraph 17 of Traver-Stine's Amended Counterclaims, Counterdefendants deny the allegation.

18. As to Paragraph 18 of Traver-Stine's Amended Counterclaims, Counterdefendants admit in part and deny in part. Counterdefendants admit that Lavallee sent an email to employees of Implicit, including an external vendor, informing them he had called 911 to perform a wellness check on Traver-Stine. Counterdefendants deny the remainder of the allegations.

19. As to Paragraph 19 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, and on that basis Counterdefendants deny the allegations.

20. As to Paragraph 20 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Counterdefendants deny the allegations.

**COUNTERCLAIM ONE**

**[Adverse Employment Action in Violation of Public Policy]**

**[Against Implicit]**

21. As to Paragraph 21 of Traver-Stine's Amended Counterclaims, Implicit incorporates its responses to each allegation contained in Traver-Stine's Amended Counterclaims herein as if separately pleaded.

22. As to Paragraph 22 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required,

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

and on that basis Implicit denies the allegations.

23. As to Paragraph 23 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

24. As to Paragraph 24 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

25. As to Paragraph 25 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

26. As to Paragraph 26 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

27. As to Paragraph 27 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

28. As to Paragraph 28 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

**COUNTERCLAIM TWO**

**[Adverse Employment Action Based On Association with Member of FEHA Protected Class]**

**[Against Implicit]**

29. As to Paragraph 29 of Traver-Stine's Amended Counterclaims, Implicit incorporates its responses to each allegation contained in Traver-Stine's Amended Counterclaims herein as if separately pleaded.

30. As to Paragraph 30 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required,

and on that basis Implicit denies the allegations.

31. As to Paragraph 31 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

32. As to Paragraph 32 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

33. As to Paragraph 33 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

34. As to Paragraph 34 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

35. As to Paragraph 35 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

36. As to Paragraph 36 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

37. As to Paragraph 37 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

38. As to Paragraph 38 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

39. As to Paragraph 39 of Traver-Stine's Amended Counterclaims, this paragraph contains allegations that have been dismissed by the Court, to which no response is required, and on that basis Implicit denies the allegations.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

**COUNTERCLAIM THREE**

**[Defamation]**

**[Against Lavallee]**

40. As to Paragraph 40 of Stine's Amended Counterclaim, Lavallee incorporates his responses to each allegation contained in Traver-Stine's Amended Counterclaim herein as if separately pleaded.

41. As to Paragraph 41 of Traver-Stine's Amended Counterclaim, Lavallee admits that he informed a police officer that Stine had been dealing with mental health and work-related stress and had recently been making concerning comments about harming himself and others. Lavallee further admits that he informed the officer that Stine had been fired that day and that Lavallee was concerned that the firing might be the culmination of Stine's recent threats and that Lavallee was concerned about Stine's welfare. Counterdefendants further admit that Lavallee informed the officer that Stine lived with Traver Stine and that Lavallee was also concerned about her welfare. Except as admitted, Counterdefendants deny all allegations in this paragraph. Lavallee denies the remainder of the allegations.

42. As to Paragraph 42 of Traver-Stine's Amended Counterclaim, Lavallee lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations and on that basis denies them.

43. As to Paragraph 43 of Traver-Stine's Amended Counterclaim, Lavallee denies the allegations.

44. As to Paragraph 44 of Traver-Stine's Amended Counterclaim, Lavallee admits in part and denies in part. Lavallee admits that he sent an email to employees of Implicit informing them that he had called 911 to perform a wellness check on Traver-Stine at the Stines' home. Lavallee denies the remainder of the allegations.

45. As to Paragraph 45 of Traver-Stine's Amended Counterclaim, Lavallee admits the allegations upon information and belief.

46. As to Paragraph 46 of Traver-Stine's Amended Counterclaim, Lavallee lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

and on that basis denies them.

47. As to Paragraph 47 of Traver-Stine's Amended Counterclaim, Lavallee admits in part and denies in part. Lavallee admits that he sent an email to employees of Implicit informing them that he had called 911 to perform a wellness check on Traver-Stine. Lavallee denies the remainder of the allegations.

48. As to Paragraph 48 of Traver-Stine's Amended Counterclaim, Lavallee denies the allegations.

49. As to Paragraph 49 of Traver-Stine's Amended Counterclaim, Lavallee denies the allegations.

**AFFIRMATIVE DEFENSES**

Counterdefendants allege the following separate affirmative defenses to the Amended Counterclaims, and as to each alleged count contained therein:

1. The Amended Counterclaims, and each count contained therein, fails to state facts sufficient to constitute a cause of action against Codefendants.

2. All of the claims in the Amended Counterclaim are barred by Traver-Stine's unclean hands.

3. The Amended Counterclaim, and each purported count therein, is barred by the doctrine of laches.

4. Traver-Stine, by her words and conduct, is estopped from alleging each count set forth in the Amended Counterclaim.

5. Traver-Stine, by her words and conduct, has waived the claims in the Amended Counterclaim, and each count stated therein.

6. The Amended Counterclaim, and each purported count therein, is barred by fraud.

7. The Amended Counterclaim, and each purported count therein, is barred by mistake.

8. Counterdefendants' compliance with the statutes, rules and regulations preclude any liability to Traver-Stine.

9. Counterdefendants' liability, if any, under the Amended Counterclaim is precluded because Counterdefendants have substantially complied with all applicable statutes and regulations, and any violation was due to mere technical imperfections of form that did not result in any damage to Traver-Stine or amount to a material violation of any applicable statute or regulation.

10. At all times mentioned in the Amended Counterclaim, Counterdefendants' actions were legal acts.

11. Counterdefendants are informed and believe, and on that basis allege, that Stine's action is barred because Counterdefendants acted reasonably, with justification and in good faith, based upon all known relevant facts and circumstances, to their own legally-protected interests.

12. Stine cannot recover from Counterdefendants because Stine did not suffer any damages from any conduct by Counterdefendants.

13. Counterdefendants are informed and believe, and on that basis allege, that Stine's request for damages must be denied because Counterdefendants' actions were and are protected by privilege.

14. Counterdefendants are informed and believe, and on that basis allege, that Counterdefendants' actions were not a substantial factor in causing any harm to Traver-Stine, and any harm to Traver-Stine was caused by others.

15. Counterdefendants are informed and believe, and on that basis allege, that Traver-Stine is seeking to recover more than he is entitled to in this case and award of the judgment sought by Traver-Stine would unjustly enrich her.

16. Should Traver-Stine recover from Counterdefendants, then Counterdefendants are entitled to a set-off of any amounts found owing against sums owed by Traver-Stine to Counterdefendants.

17. Counterdefendants are informed and believe, and on that basis allege, that Traver-Stine has no right to a demand for judgment requesting attorneys' fees.

18. Counterdefendants are informed and believe, and on that basis allege, that

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Traver-Stine has no right to a demand for judgment requesting punitive damages.

19. Traver-Stine failed to mitigate his damages, if any.

20. Counterdefendants lack sufficient knowledge or information upon which to form a belief as to whether there are additional, as yet unstated, affirmative defenses available, and Counterdefendants thus reserve the right to assert such additional affirmative defenses if they are discovered and deemed proper.

**PRAYER FOR RELIEF**

WHEREFORE, Countdefendants respectfully request that the Court enter judgment as follows:

A. That Traver-Stine take nothing by reason of the Amended Counterclaim and that judgment be rendered in favor of Counterdefendants;

B. That Counterdefendants be awarded their costs of suit incurred in defense of this action according to proof at trial; and

C. For such other and further relief as the Court may deem just and proper.

Dated: February 13, 2025

GRELLAS SHAH LLP

By: *_/s/ Dhaivat H. Shah_*
Dhaivat H. Shah, Esq.
Attorneys for Counterdefendants
IMPLICIT CONVERSIONS, INC. and ROBIN LAVALLEE

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014