Jackie M. Ford, Esq. (SBN: 272641)
*jford@structurelaw.com*
Karen F. Rothschild, Esq. (SBN: 346949)
*krothschild@structurelaw.com*
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants and Counterclaimants
JACOB STINE and Juanita Traver Stine
and Defendant PROJECT CRAYON, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT CONVERSIONS, INC., a Delaware Corporation,

Plaintiff,

v.

JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, PROJECT CRAYON, a California Limited Liability Corporation, and DOES 1-10, inclusive,

Defendants.

JACOB STINE, an individual; and JUANITA TRAVER STINE, an individual,

Counterclaimants,

v.

IMPLICIT CONVERSIONS, INC., a Delaware Corporation; and ROBIN LAVALLEE, an individual,

Counterdefendants.

Case No. 3:24-cv-03744-WHO

**JACOB STINE AND PROJECT CRAYON, LLC'S MOTION TO DISMISS TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS; MEMORANDUM IN SUPPORT THEREOF**

Date: August 13, 2025
Time: 2:00 p.m.
Judge: Hon. William H. Orrick

# NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, EACH PARTY, AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE THAT on August 13, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard, Defendants Jacob Stine and Project Crayon, LLC, will and do move this Court for an order dismissing Plaintiff Implicit Conversions, Inc.'s ("Implicit") Eighth "Count" for Tortious Interference with Prospective Economic Advantage and Ninth "Count" for Violation of California Business and Professions Code §17200 (ECF Dkt. No. 93) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice and without leave to amend, on the grounds that each of these claims is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code section 3426 *et seq.* (Implicit's Fourth "Count").

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, on the papers and records on file herein, and on such oral and documentary argument and evidence as may be presented at the hearing on the motions.

Date: July 8, 2025

Respectfully submitted,

STRUCTURE LAW GROUP, LLP

By: ______________________

Jackie Ford, Esq.
Attorneys for Defendants and Counterclaimants JACOB STINE and JUANITA TRAVER STINE, and Defendant PROJECT CRAYON

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF ISSUE TO BE DECIDED

Are Implicit's claims for interference with prospective economic advantage and unfair competition preempted by the California Uniform Trade Secrets Act ("CUTSA")?

## II. FACTUAL AND PROCEDURAL BACKGROUND

Implicit filed its initial Complaint on June 21, 2024, alleging seven self-styled "Counts": violation of Computer Fraud and Abuse Act, violation of California Penal Code § 502(c), violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, breach of contract, breach of duty of loyalty, and declaratory relief. (ECF Dkt. No. 1). Implicit amended its complaint on June 16, 2025, adding Project Crayon as a defendant under its Defend Trade Secrets Act and California Uniform Trade Secrets Acts claims and adding new "Counts" for tortious interference with prospective economic advantage against Mr. Stine and Project Crayon, and violation of California Business and Professions Code § 17200 against only Project Crayon. (ECF Dkt. No. 93).

The two new claims are predicated upon the same core factual allegations set forth in the claim Implicit asserted under the CUTSA. In its CUTSA charge, Implicit contends that after the termination of his employment Mr. Stine accessed, used, and disclosed its trade secrets, that Project Crayon misappropriated the same trade secrets by acquiring and using them, that Stine took advantage of the trade secret misappropriation to impair the relationship between Implicit and its customer Sony Interactive Entertainment ("SIE"), and that Mr. Stine and Project Crayon used the subject trade secrets to induce SIE to not renew its contract with Implicit but instead enter a new contract with Project Crayon. (First Amended Complaint ¶¶ 102-105). In its Eighth "Count" for interference with prospective economic advantage, Implicit contends that by misappropriating the subject trade secrets Mr. Stine and Project Crayon impaired the relationship between Implicit and SIE (*id.* ¶142) and that they used the Implicit trade secrets to obtain a new agreement for Project Crayon with SIE. (*Id.* ¶144). In its Ninth so-called "Count" for unfair competition under California Business & Professions Code § 17200, the only charging allegation is that "Project Crayon intentionally and wrongfully interfered with Implicit's prospective

economic relationship with SIE by using the Trade Secrets in the bidding process to obtain the contract with SIE." (*Id.* ¶153).

## III. LEGAL STANDARD

The CUTSA preempts non-contract claims based upon the same nucleus of facts as a misappropriation of trade secrets claim. Cal. Civ. Code § 3426.7; *Waymo LLC v. Uber Technologies, Inc.*, 256 F.Supp.3d 1059, 1062 (2017) (Orrick, J.) (holding the CUTSA preempts unfair competition claims based upon the same facts as a CUTSA claim); *First Advantage Background Services Corp., v. Private Eyes, inc.*, 569 F.Supp.2d 929, 938 ("[t]o the extent Private Eyes' claim for intentional interference with prospective economic advantage is based on wrongful acts amounting to trade secret misappropriation, the claim is preempted by CUTSA and is therefore dismissed with prejudice."); (*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal.App.4th 939, 962 (2009) (a tort claim is based upon the misappropriation contention if both rest on the same nucleus of facts); *Silvaco Data Systems v. Intel Corp*. 184 Cal.App.4th 210, 232, 236, 240 (2010) (overturned on other grounds in *Kwikset Corp. v. Superior Court*, 51 Cal.App.4th 310 (2011)) (tort claim that fails to allege "alternative legal theories" and instead repeats the trade secret claim under a new name deemed subject to CUTSA preemption).

To determine whether preemption applies at the pleadings stage, after removing preempted "trade secret" facts, a court should assess whether the facts which remain can be assembled to support an independent cause of action. *Qiang Wang v. Palo Alto Networks.*, WL 415615 at *4 (N.D. Cal. Jan. 31, 2013). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be facially plausible, a claim must include sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted).

## V. ARGUMENT

The Court should dismiss Implicit's "Counts" for intentional interference and unfair competition because both are preempted by the CUTSA charge. Where a claim, such as for unfair

competition or intentional interference, is based upon the same nucleus of facts as a CUTSA claim and fails to advance an alternative legal theory, it is preempted and should be dismissed. *See Waymo* at 1062; *First Advantage* at 938; *Silvaco* at 240. If all "trade secret" facts were to be removed from a claim, remaining facts would need to be sufficient to support an independent cause of action to survive.. *Qiang Wang* at *4. Additionally, courts have noted that the preemptive sweep of CUTSA "must be respected and applied" E.g., *Total Recall Techs. v. Luckey*, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016).

In *Waymo*, the plaintiff alleged that a former employee improperly downloaded its confidential information before departing to begin working at a competitor. *Waymo* at 1061. The plaintiff brought claims against the former employee and the competitor under the Defend Trade Secrets Act and the CUTSA, as well as additional claims for patent infringement and unfair competition. *Id*. at 1061-62. The basis for the unfair competition claim was that the competitor misappropriated plaintiff's confidential information. *Id.* at 1062. This court found that preemption applied to the unfair competition claim because that charge was "either based upon misappropriation of a trade secret or … based upon no legally significant events at all," thereby making it subject to dismissal. *See Id*. at 1064 (quoting *Silvaco* at 236).

This is no different from what Implicit has alleged in this case. The gravamen of Implicit's unfair competition charge is that Mr. Stine and Project Crayon misappropriated the subject trade secrets and used them to cause SIE to end its relationship with Implicit and enter a new agreement with Project Crayon.

In *First Advantage*, a defendant brought counterclaims against a plaintiff including a charge of intentional interference with prospective economic advantage. *First Advantage* at 934-35. The plaintiff moved to dismiss the interference claim on several grounds, including that it was preempted by CUTSA. *Id.* at 935. The court found that that the facts the defendant had alleged for intentional interference amounted to a common law trade secret claim. *Id.* at 936. It dismissed the charge with prejudice as based on "wrongful acts amounting to trade secret misappropriation," and thus preempted by CUTSA. *Id.* at 938.

Implicit's interference claim, similar to that in *First Advantage*, rests on allegations

advanced under CUTSA that Mr. Stine and Project Crayon misappropriated the trade secrets and then used those to their own advantage by displacing Implicit from its relationship with SIE... The Court should correspondingly dismiss this "Count" with prejudice.

Additionally, no alternative legal theory can be gleaned from Implicit's attempts to re-label trade secret misappropriation as intentional interference and unfair competition. Indeed, upon removing the trade secret misappropriation facts from the intentional interference and unfair competition "Counts," remaining facts do not reach a level of facial plausibility needed to support an independent claim and are thus subject to dismissal under Rule 12(b)(6).

## VI. CONCLUSION

For the foregoing reasons, Mr. Stine and Project Crayon respectfully request that the Court grant their motion to dismiss Implicit's Eighth and Ninth "Counts" with prejudice.

Date: July 8, 2025

STRUCTURE LAW GROUP, LLP

By: ______________________________

Jackie Ford, Esq.
Attorneys for Defendants and Counterclaimants JACOB STINE and JUANITA TRAVER STINE and Defendant PROJECT CRAYON, LLC