GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JOSEPH B. PALMIERI, ESQ. (SBN 31275)
(jp@grellas.com)
550 California Street, Suite 1040
San Francisco, CA 94104
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, PROJECT CRAYON LLC, a California Limited Liability Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03744-WHO<br><br>**IMPLICIT CONVERSIONS, INC.'S OPPOSITION TO MOTION TO DISMISS TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS**<br><br>JURY TRIAL DEMANDED<br><br>Date: August 13, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick |
| JACOB STINE, an individual; JUANITA TRAVER STINE, an individual,<br><br>Counterclaimants,<br><br>vs.<br><br>IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual,<br><br>Counterdefendants. | |

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

# TABLE OF CONTENTS

Page (s)

I. INTRODUCTION ........ 1
II. SUMMARY OF ALLEGATIONS ........ 1
III. LEGAL STANDARD ........ 2
IV. ARGUMENT ........ 2
A. The California Uniform Trade Secrets Act ........ 2
B. The Facts Of This Case Support Implicit's Claims For Tortious Interference With Prospective Economic Advantage And Violation Of Business And Professions Code §17200 ........ 3
1. Intentional Interference With Prospective Economic Advantage ........ 3
2. Violation Of Business & Professions Code §17200 ........ 5
C. Request For Leave To Amend ........ 6
V. CONCLUSION ........ 6

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

# TABLE OF AUTHORITIES

## CASES

Pages (s)

*Aavid v. Thermalloy LLC v. Cooler Master Co., Ltd.,*
2018 WL 11348438 (N.D. Cal. June 15, 2018) .......... 5

*Arthur J. Gallagher & Co. v. Tarantino,*
2022 WL 4092673 (N.D. Cal. July 27, 2022) .......... 3

*Bell Atlantic v. Twombly,*
550 U.S. 544 (2007) .......... 2

*Code Rebel, LLC v. Aqua Connect, Inc.,*
2013 WL 5405706 (C.D. Cal. Sept. 24, 2013) .......... 6

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
11 Cal.4th 376 (1995) .......... 4

*Digital Envoy, Inc. v. Google, Inc.,*
370 F.Supp.2d 1025 (N.D. Cal. 2005) .......... 2

*Farmers Ins. Exch. v. Superior Court,*
2 Cal.4th 377 (1992) .......... 5

*First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, *v. Eyes, Inc.,*
569 F.Supp.2d 929 (N.D. Cal. 2008) .......... 5

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,*
171 Cal. App. 4th 939 (2009) .......... 2

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal.4th 1134 (2003) .......... 4

*Kwikset Corp. v. Superior Court,*
51 Cal.4th 310 (2011) .......... 2

*Loop AI Labs, Inc. v. Gatti,*
2015 WL 5158461 (N.D. Cal. Sept. 2, 2015) .......... 3

*Reddy v. Litton Indus., Inc.,*
912 F.2d 291 (9th Cir. 1990) .......... 2

*Sanders v. Kennedy,*
794 F.2d 478 (9th Cir. 1986) .......... 2

*Silvaco Data Sys. V. Intel Corp.,*
184 Cal.App.4th 210 (2010) .......... 2

*Somerville v. Stryker Orthopaedics, No. C 08-02443 JSW,*
2009 WL 2901591 (N.D. Cal. Sept. 4, 2009) .......... 5

*SunPower Corp. v. SolarCity Corp.*,
2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ........ 2

*U.S. v. Nosal,*
676 F.3d 854 (9th Cir. 2012) ........ 5

*Waymo LLC v. Uber Technologies, Inc.*,
256 F.Supp.3d 1059 (N.D. Cal. 2017) ........ 3

## STATUTES

18 U.S.C.:

1030 ........ 5

Civ. Code:

§ 3426.7 ........ 2

## OTHER AUTHORITIES

Business and Professions Code:

§17200 ........ 1, 3, 5, 5

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

## I. INTRODUCTION

Implicit Conversions, Inc. ("Implicit")'s counts for Intentional Interference with Prospective Economic Advantage (Eighth Count) and for Violation of Business and Professions Code §17200 (Ninth Count) are not superseded by the California Uniform Trade Secrets Act ("CUTSA"). While CUTSA supersedes claims solely alleging the same nucleus of facts as a claim for trade secret misappropriation, it does not supersede claims based on misconduct independent of trade secret misappropriation. Here, Implicit has alleged misconduct distinct from trade secret misappropriation on the parts of Jacob Stine ("Stine") and Project Crayon, LLC ("Project Crayon") sufficient to state a claim under its Eighth and Ninth Counts.

## II. SUMMARY OF ALLEGATIONS

In 2019, Robin Lavallee ("Lavallee") and Stine co-founded Implicit Conversions, LLC, the predecessor of Implicit. First Amended Complaint ("FAC") at ¶¶ 13, 14. Due to erratic behavior and poor performance, Stine was terminated on June 14, 2024. FAC ¶¶ 23, 24.

Upon his termination, Stine was not authorized to access Implicit's computer systems. FAC ¶ 25. After his authorization had been revoked, however, Stine unlawfully accessed and tampered with Implicit's computer system to restore his own access and disable Lavallee's access. FAC ¶ 26. This disrupted Implicit's business operations. FAC ¶ 28.

Stine downloaded vast quantities of Implicit's trade secrets. FAC ¶ 29. Stine also deleted information from Implicit's computer system and tampered with other systems which caused them to go offline. FAC ¶ 30.

Stine's unauthorized trespass onto Implicit's computer systems created a security event which caused Sony Interactive Entertainment ("SIE"), Implicit's then-largest customer, to develop concerns about Implicit's ability to maintain the security of SIE's proprietary and confidential information. FAC ¶ 49. This seriously interfered with Implicit's commercial relationship with SIE. *Id.* FAC ¶ 49. Stine and Project Crayon subsequently solicited SIE by, in part, exploiting SIE's concerns about Implicit's computer security caused by Stine's own unlawful trespass, to persuade SIE to non-renew its contract with Implicit and transfer its

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

business to Project Crayon. FAC ¶ 51. This interference was successful and SIE did not renew its contract with Implicit, instead contracting with Project Crayon for the very same services. FAC ¶¶ 48, 53. This caused significant harm to Implicit, including a loss of revenue from the loss of the contract. FAC ¶ 155.

## III. LEGAL STANDARDS

On a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the court construes the allegations of the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *See Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations are insufficient to state a claim, leave to amend should be granted unless amendment would be futile. *See e.g., Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990).

## IV. ARGUMENT

### A. The California Uniform Trade Secrets Act

CUTSA provides the exclusive civil remedy for the misappropriation of trade secrets. Civ. Code § 3426.7; *Silvaco Data Sys. V. Intel Corp.*, 184 Cal.App.4th 210, 236 (2010) (*disapproved of on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011). CUTSA supersedes non-contract, civil claims "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (*citing Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1035 (N.D. Cal. 2005)).

CUTSA supersession does not extend to non-trade secret claims which "allege wrongdoing that is materially distinct from the wrongdoing alleged in a CUTSA claim." *SunPower Corp. v. SolarCity Corp.*, 2012 WL 6160472, at *9 (N.D. Cal. Dec. 11, 2012) (internal citations omitted). The supersession analysis asks whether "stripped of facts

supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Waymo LLC v. Uber Technologies, Inc.*, 256 F.Supp.3d 1059, 1062 (N.D. Cal. 2017); *see Arthur J. Gallagher & Co. v. Tarantino,* 2022 WL 4092673, at 10-14 (N.D. Cal. July 27, 2022) (holding CUTSA did not preempt the plaintiff's claims for breach of fiduciary duty, intentional interference, and unfair business practice claims to the extent the former employee defendant solicited customers while employed without use of the misappropriated trade secrets); *Loop AI Labs, Inc. v. Gatti*¸ 2015 WL 5158461, at *3 (N.D. Cal. Sept. 2, 2015) (holding that the plaintiff's claims for conversion, fraud, unfair competition, and unjust enrichment claims were not superseded by CUTSA where the causes of action arose from alleged misconduct besides misappropriation).

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

### B. The Facts Of This Case Support Implicit's Claims For Tortious Interference With Prospective Economic Advantage And Violation Of Business And Professions Code §17200

The First Amended Complaint alleges unlawful acts on the part of both Stine and Project Crayon separate and apart from the allegations regarding trade secret misappropriation. Specifically, the FAC alleges that Stine accessed Implicit's computer systems without authorization and that Stine and Project Crayon leveraged that unauthorized and unlawful access with Project Crayon to stoke concerns at SIE about Implicit's data security to interfere with Implicit's relationship with SIE and ultimately replace Implicit. FAC ¶¶ 26, 47, 49, 51, 53.

1. <u>Intentional Interference With Prospective Economic Advantage</u>

Implicit's claims for Intentional Interference with Prospective Economic Advantage are not superseded by CUTSA because its allegations provide an independent basis for liability even after stripping away allegations related to trade secret misappropriation. While it is true that Implicit alleged that both Stine and Project Crayon misappropriated its trade secrets and used those trade secrets to wrongfully solicit SIE, Implicit has also alleged sufficient facts to independently support the cause of action against both defendants.

//

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

In order to state a claim for Intentional Interference with Prospective Economic Advantage, the plaintiff must show "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1152 (2003).

In addition, the plaintiff must show that the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995). "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1158-59 (2003).

Here, the FAC adequately alleges a claim for Intentional Interference with Prospective Economic Advantage. Implicit and SIE were in an economic relationship with the probability of future economic benefit for Implicit as Implicit and SIE had been doing business together for a number of years prior to the events at issue. FAC ¶¶ 48, 135. Stine and Project Crayon were both aware of the economic relationship between Implicit and SIE. FAC ¶¶ 138-40. Steine committed intentional acts designed to disrupt the relationship by unlawfully trespassing on Implicit's computer system, creating concern on the part of SIE that Implicit would not be able to maintain the security of SIE's confidential and proprietary information. FAC ¶¶ 26, 27, 49. Stine and Project Crayon then exploited this concern to degrade and disrupt the economic relationship between Implicit and SIE and to solicit SIE's business on behalf of Project Crayon. FAC ¶ 51. The economic relationship with SIE was disrupted when SIE failed to renew their contract with Implicit and instead contracted with Project Crayon. FAC ¶¶ 51, 53, 145. Implicit was economically harmed by this disruption. FAC ¶ 146.

Stine and Project Crayon's actions are independently wrongful. Stine's trespass on Implicit's computer system after his authorization had been revoked is a violation of the

Computer Fraud and Abuse Act ("CFAA"). FAC ¶¶ 55-62; 18 U.S.C. 1030 *et seq*. Stine and Project Crayon then leveraged and exploited these security concerns that Stine had created to solicit SIE's business away from Implicit. FAC ¶¶ 47, 51. Acts of trespass that violate the CFAA are not dependent on the misappropriation of trade secrets. *See U.S. v. Nosal,* 676 F.3d 854, 863 (9th Cir. 2012) ("The plain language of the CFAA supports a narrow reading. The CFAA expressly prohibits improper 'access' of computer information. It does not prohibit misuse or misappropriation."); *cf. Aavid v. Thermalloy LLC v. Cooler Master Co., Ltd.,* 17-cv-05363-JSW, 2018 WL 11348438, at *3 (N.D. Cal. June 15, 2018) (holding alleged misrepresentations by defendant about plaintiff's products infringing defendant's patent constitute an independent allegation from alleged trade secret misappropriation and could support claim for intentional interference); *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F.Supp.2d 929, 937 (N.D. Cal. 2008) (holding that allegations of trade libel could support a claim for international interference).

2. Violation Of Business & Professions Code §17200

Implicit's claim for violation of Business and Professions Code §17200 similarly is not superseded by CUTSA because it alleges an independent basis for liability even after stripping away allegations related to trade secret misappropriation.

To maintain a claim for a violation of California's Unfair Competition Law, Business and Professions Code §17200 *et seq*, the plaintiff must allege 1) an unlawful, unfair, or fraudulent business act or practice, and 2) the plaintiff suffered an injury in fact and has lost money or property. *Somerville v. Stryker Orthopaedics*, No. C 08-02443 JSW, 2009 WL 2901591, at *2-3 (N.D. Cal. Sept. 4, 2009). An unlawful business activity is "anything that can properly be called a business practice and that at the same time is forbidden by law." *Id.* (*quoting Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 383 (1992)).

Here, Implicit alleges that Project Crayon unlawfully solicited SIE by exploiting SIE's concern that Implicit would not be able to keep its confidential and proprietary information secure, caused entirely by Stine's own unlawful actions. FAC ¶¶ 47, 51. SIE then ended its economic relationship with Implicit. FAC ¶ 53. As a result, Implicit has been harmed and has

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

lost money. FAC ¶ 155. The allegations of the FAC support a cause of action for violation of Business and Professions Code §17200 entirely independent of any allegations of trade secret misappropriation. *See Code Rebel, LLC v. Aqua Connect, Inc.*, No. CV 13-4539 RSWL (MANx), 2013 WL 5405706, at *9 (C.D. Cal. Sept. 24, 2013) (holding allegations sufficient to state a claim for intentional interference with prospective economic advantage were also sufficient to state a claim for violation of Business and Professions Code § 17200 as an unlawful practice)

### C. Request For Leave To Amend

Should the court determine that any of Implicit's counts fail to state a claim, Implicit respectfully requests leave to amend so that it can provide additional detail of how defendants' engaged in conduct other than the acquisition, use or disclosure of confidential information that would be independently actionable under its Eight and Ninth Counts.

## V. CONCLUSION

The FAC alleges facts sufficient to support claims for Intentional Interference with Prospective Economic Advantage and for Violation of Business and Professions Code §17200. These counts are not superseded by CUTSA because they allege misconduct distinct from any trade secret misappropriation. As such, the motion to dismiss the Eighth and Ninth counts should be denied.

Respectfully Submitted,

Dated: July 22, 2025

GRELLAS SHAH LLP

By: */s/ Dhaivat H. Shah*
Dhaivat H. Shah, Esq.
Attorneys for Plaintiff
IMPLICIT CONVERSIONS, INC.

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104