Jackie M. Ford, Esq. (SBN: 272641)
*jford@structurelaw.com*
Karen F. Rothschild, Esq. (SBN: 346949)
*krothschild@structurelaw.com*
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants and Counterclaimants JACOB STINE and JUANITA TRAVER STINE and Defendant PROJECT CRAYON LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMPLICIT CONVERSIONS, INC., a Delaware Corporation,

Plaintiff,

v.

JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, PROJECT CRAYON LLC, a California Limited Liability Corporation, and DOES 1-10, inclusive,

Defendants.

---

JACOB STINE, an individual; and JUANITA TRAVER STINE, an individual,

Counterclaimants,

v.

IMPLICIT CONVERSIONS, INC., a Delaware Corporation; and ROBIN LAVALLEE, an individual,

Counterdefendants.

Case No. 3:24-cv-03744-WHO

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS**

Date: August 13, 2025
Time: 2:00 p.m.
Judge: Hon. William H. Orrick

## I. INTRODUCTION

Implicit's "counts" for tortious interference and unfair competition are preempted and should be dismissed with prejudice. Nothing in the opposition overcomes this conclusion. After removing trade secret contentions, these "counts" do not allege either a wrongful act or an unlawful act.

While the CUTSA does not preempt claims based on misconduct materially different from trade secret misappropriation, Implicit has failed to allege any such thing. Implicit's proposed amendment to "provide additional detail" would be futile. At their core, the challenged claims rest upon misappropriation of trade secrets and adding reference to acts that are neither wrongful nor unlawful does not alter this reality.

## II. ARGUMENT

### A. **Implicit Fails to Allege a Wrongful Act that Would Support a Tortious Interference Claim**

"Count" eight for tortious interference should be dismissed. After removing preempted trade secret misappropriation allegations, Implicit's pleading does not identify wrongdoing sufficient to support an independent claim. Tortious interference must be based on conduct that is independently wrongful. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 393 (1995); *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1158-59 (2003). No such conduct is described in paragraphs 134 to 148 of Implicit's amended complaint.

None of the cases on which Implicit relies alters the conclusion that its tortious interference claim is preempted by the CUTSA. First, Implicit's reliance upon *U.S. v. Nosal*, 676 F.3d 854 (9th Cir. 2012), is misdirected. *Nosal* does not even involve CUTSA preemption. As a result, where Implicit cites the decision for the notion that violations of the "CFAA are not dependent on the misappropriation of trade secrets," it remains irrelevant.

Moreover, this assertion by Implicit is not a correct statement of applicable law. CUTSA preemption does not require that allegations be ***dependent*** upon misappropriation. All that is necessary is that a charge be "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,* 171

Cal.App.4th 939, 958 (2009). Here, as pled by Implicit, operative facts alleged with regard to tortious interference are the same as the nucleus for its CUTSA claim.

Next, Implicit's reliance on *Aavid v. Thermalloy LLC v. Cooler Master Co., Ltd.,* 2018 WL 11348438 (N.D. Cal. June 15, 2018), is equally misplaced. In *Aavid*, the defendant was alleged to have X-ray imaged plaintiff's products without authorization, enabling it to misappropriate trade secret information. *Id.* at *3. The defendant was also alleged to have made false statements about the plaintiff. *Id.* The court in *Aavid* determined that the allegation of unauthorized imaging amounted to trade secret misappropriation and was thus preempted. *Id.* However, it also found that alleged false statements ***unrelated*** to the imaging could support an independent claim that was not preempted. *Id.*

This decision does not help Implicit. Here, violation of the CFAA, like the false statements in *Aavid*, may give rise to an independent claim that is not preempted. But to the extent that same alleged violation is akin to unauthorized imaging in that case (e.g., describing the manner in which trade secrets supposedly were stolen), we have crossed over into dealing with the same nucleus of facts and CUTSA preemption applies. Under the teaching of *Aavid*, Mr. Stine allegedly breaching the CFAA cannot be an independent basis for allowing the tortious interference charge to survive.

Finally, Implicit's reliance on *First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.,* 569 F.Supp.2d 929 (N.D. Cal. 2008) to argue that an allegation of trade libel can support a tortious interference claim is irrelevant. Implicit does not allege trade libel or anything comparable in its eighth "count" or anywhere else in its pleading. *First Advantage* holds that preemption bars a tortious interference claim to the extent it is based on wrongful acts amounting to trade secret misappropriation. *Id.* at 945. Here, Implicit alleges only a wrongful act by way of trade secret misappropriation. As in *First Advantage*, its tortious interference charges should be dismissed accordingly.

After removing allegations not materially different from those included in its misappropriation charge, Implicit's tortious interference claim encompasses no independent wrongdoing and should be dismissed accordingly.

**B. Implicit Fails to Allege an Unlawful Act that Would Support an Unfair Competition Claim**

"Count" nine for unfair competition should be dismissed because the only wrongful act alleged is misappropriation of trade secrets. As Implicit states, to support a claim for unfair competition, a plaintiff is required to allege an unlawful, unfair, or fraudulent practice. *Somerville v. Stryker Orthopaedics,* 2009 WL 2901591, at *2-3 (N.D. Cal. Sept. 4, 2009).

However, its only asserted misdeed under this "count" is this: "Project Crayon intentionally and wrongfully interfered with Implicit's prospective economic advantage from its commercial relationship with SIE by using the Trade Secrets in the bidding process to obtain the contract with SIE." Dkt. No. 93 ¶ 153. That is trade secret misappropriation and nothing more.

To try to avoid the fact that the only unlawful, unfair, or fraudulent practice it has alleged in its ninth "count" is trade secret misappropriation, Implicit argues that Project Crayon took advantage of SIE's supposed concern that Implicit would not be able to maintain the confidentiality of SIE information. Yet even if this contention is correct, it would not constitute a prohibited act under Business & Professions Code section 17200. Applicable decisions with respect to section 17200 make clear that to constitute an unlawful act challenged behavior must involve a statutory or regulatory violation. *See Microsoft Corp. v. A-Tech Corp.*, 855 F.Supp.308, 313 (1994) (unlawful business practice is anything "that can properly be called a business practice and that at the same time is forbidden by law")(quoting *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal.4th 377, 383); *Snapkeys Ltd. v. Google LLC,* 2020 WL 6381354, at *3 (N.D. Cal. Oct. 30, 2020) (unfair business practice is one that amounts to a violation of antitrust law or causes significant harm to competition in the market as a whole); *GreenCycle Paint, Inc. v. PaintCare, Inc,*. 250 F.Supp.3d 438, 452 (N.D. Cal. 2017)(fraudulent business practice either contains a false representation or is likely to deceive the public). Implicit has not included in its amended complaint facts outside the realm of trade secret misappropriation that would bring "count" nine within the bounds of these or similar authorities.

Further, Implicit's reliance on *Code Rebel, LLC v. Aqua Connect, Inc.,* 2013 WL 5405706 (C.D. Cal. Sept. 24, 2013) to try to salvage its unfair competition contention is unavailing. *Code*

*Rebel* holds that alleged intentional interference coupled with an intent to harm competition is enough to plead unfair competition. *Id.* at *9. But plaintiff's complaint in that case did not include any allegation of trade secret misappropriation or anything that could be construed as such. *See id.* The court in *Code Rebel* made no assessment, let alone application, of CUTSA preemption. As a result, its conclusion as to how unfair competition may be pled has no relevance here, where one necessary element (wrongful interference) as a matter of law cannot be maintained. Implicit still has not alleged any unlawful, unfair, or fraudulent act – separate, apart, and independent from trade secret misappropriation – that could sustain its ninth "count."

**C. <u>Leave to Amend Would be Futile Because No Additional Detail Would Save Implicit's "Counts"</u>**

Implicit's "counts" for tortious interference and unfair competition fail because the charging allegations they contain are preempted under the CUTSA. Leave to amend to "provide additional detail" would be futile because – as demonstrated by Implicit's opposition itself – detail would and could only entail acts that are neither wrongful nor unlawful.

## III. CONCLUSION

Mr. Stine and Project Crayon respectfully request that the Court grant their motion and dismiss Implicit's Eight and Ninth "counts" with prejudice.

Date: July 29, 2025

STRUCTURE LAW GROUP, LLP

By: ______________________
Karen Rothschild, Esq.
Attorneys for Defendants and
Counterclaimants JACOB STINE
and JUANITA TRAVER STINE and
Defendant PROJECT CRAYON LLC