1  CATHERINE Y. LUI (SBN 239648)
   clui@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA  94105-2669
4  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
5
   *Attorney for Non-Party Sony Interactive Entertainment*
6  *LLC*

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  IMPLICIT CONVERSIONS, INC.,  | Civil Action No. 3:24-cv-03744-WHO |
| 12              Plaintiff, | **L.R. 79-5(f)(3) DECLARATION OF TIMOTHY LINDQUIST IN SUPPORT OF SEALING NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S CONFIDENTIAL INFORMATION** |
| 13         v. | |
| 14  JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, PROJECT CRAYON LLC, a California Limited Liability Corporation, and DOES 1-10, inclusive, | |
| 15  | |
| 16  | Date: September 17, 2025 |
|              Defendants. | Time: 2:00 p.m. |
| 17  | Judge: Hon. William H. Orrick |
| 18  JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, | |
| 19              Counter-claimants, | |
| 20         v. | |
| 21  IMPLICIT CONVERSIONS, INC., a Delaware Corporation; and ROBIN LAVALLEE, an individual, | |
| 22  | |
| 23              Counter-defendants. | |

24

25

26

27

28

---

L.R. 79-5(F)(3) DECLARATION OF TIMOTHY LINDQUIST
Case No. 3:24-cv-03744-WHO

4128-0095-7791

1   I, Timothy Lindquist, declare as follows:

2   1.  I am an employee of Sony Interactive Entertainment LLC ("SIE"). I have been
3   employed by SIE since 2014. My current job title is Senior Manager. In this role, I lead SIE's
4   Classics team in its project to emulate classic game titles and render them playable on newer
5   game systems offered by Sony. The Classics team is an important part of SIE's overall business.
6   As part of my role, I oversee SIE's process for hiring vendors to work on the emulation project,
7   including the decisions to hire Implicit Conversions Inc. and Project Crayon LLC. I also have
8   personal knowledge about communications I had with SIE's partners when issues arose of
9   Implicit Conversions misusing intellectual property belonging to those partners.

10  2.  I am generally aware that Implicit Conversions ("Implicit") sued Jacob Stine,
11  Juanita Traver Stine, and Project Crayon LLC ("Defendants"). I understand that SIE is not a party
12  to this litigation and Implicit subpoenaed for deposition SIE, my colleague Jenny Murphy, and
13  me. I was designated by SIE as its corporate witness to testify on its behalf in a Rule 30(b)(6)
14  deposition and I also testified in my personal capacity. I am also generally aware that in its
15  Opposition to Implicit's Motion for Sanctions, Defendants cited to materials designated as
16  confidential or attorneys' eyes only. I submit this declaration in support of SIE's request to keep
17  certain of those materials sealed and to seal additional portions of the cited materials. I have
18  personal knowledge of the content which SIE requests the Court to seal and can accurately and
19  truthfully testify to the facts concerning the matters described in this declaration.

20  3.  In support of its Opposition to the Motion for Sanctions, Defendants cited to, and
21  attached as exhibits, transcript excerpts from my deposition and the deposition of Jenny Murphy
22  both taken on August 6, 2025. Both transcripts contain confidential information. In the chart
23  below I list the pages and lines of the transcripts.

| Source | Page and Line | Explanation |
|---|---|---|
| Ford Declaration at Ex. D (Dkt. No. 113.1) Murphy Dep. Tr. | 69:8-20 | Discusses confidential communications with SIE's partners regarding misuse of our partners' intellectual property. |

| Source | Page and Line | Explanation |
|---|---|---|
| Ford Declaration at Ex. D (Dkt. No. 113.1) Murphy Dep. Tr. | 70:2-22 | Discusses internal SIE's procedures and business strategies regarding selecting and hiring vendors. |
| Ford Declaration at Ex. E (Dkt. No. 113.1) Lindquist Dep. Tr. | 42:5-43:23 | Discusses confidential communications with SIE's partners regarding misuse of our partners' intellectual property. |
| Ford Declaration at Ex. E (Dkt. No. 113.1) Lindquist Dep. Tr. | 47:3-48:14 | Discusses confidential communications with SIE's partners regarding misuse of our partners' and SIE's intellectual property. |
| Ford Declaration at Ex. E (Dkt. No. 113.1) Lindquist Dep. Tr. | 96:18-97:7 | Discusses both confidential communications with SIE partners regarding misuse of our partners' intellectual property and internal SIE's procedures, policies, and strategy regarding selecting and hiring vendors. |
| Ford Declaration at Ex. E (Dkt. No. 113.1) Lindquist Dep. Tr. | 97:13-98:25 | Discusses confidential communications with SIE's partners regarding misuse of our partners' intellectual property. |
| Opposition Brief (Dkt. No. 113) | 1:15-21, 3:5-10, 3:15-23 | References the confidential topics discussed in both deposition transcripts. |

4.  The above listed exchanges reflect (1) confidential internal SIE processes, business strategies, decision-making plans, and strategic decisions made by SIE, and (2) confidential communications regarding SIE contract terms, difficulties with Implicit on SIE intellectual property, and conversations with SIE's third party partners regarding their intellectual property.

5.  Specifically, portions of the above listed deposition transcripts contain discussions of confidential and proprietary information about SIE's process of reviewing and hiring vendors

4128-0095-7791

1  to conduct engineering work, including internal metrics and standards used to evaluate and
2  onboard the vendors which is treated as confidential within SIE. This commercially sensitive
3  information regarding SIE's internal decision-making process for hiring vendors is not publicly
4  known and is valuable both to potential vendors and competitors of SIE. If this information is
5  publicly disclosed, SIE could suffer harm as competitors could use the details of SIE's internal
6  decision-making processes and specifics of its vendor review process to potentially undercut SIE
7  in the market and gain a competitive advantage. Further, if vendors obtained this confidential
8  information, they could gain an advantage in preparing bids to work for SIE or deciding not to
9  work with SIE at all. In short, SIE keeps its process of selecting vendors—particularly for the
10 Classics team—confidential to protect the integrity of the project and maintain its competitive
11 space in the market.

12      6.     Additionally, other portions of the above listed deposition transcripts contain
13 discussions of Implicit's violations of its contracts with SIE, including misuse of SIE's property
14 including intellectual property. For the same reasons as explained above, SIE considers its
15 contracts with vendors confidential. The relevant deposition transcript passages relate to how the
16 contract was violated by Implicit, which third-party partner raised the issue to SIE, and how many
17 times the issue occurred. SIE treats all conversations had with SIE's partners as confidential for
18 several reasons. One reason is that SIE values the confidence of its partners as a critical part of an
19 ongoing relationship; if SIE divulges the content of conversations it had with its partners, those
20 partners may be less likely to do business with SIE. Further, publicizing Implicit's violations may
21 embolden other vendors to misuse third-party IP and may alienate other third parties from
22 partnering with SIE on the emulation project it they fear their IP may be misused by SIE's
23 vendors.

24      I declare under penalty of perjury under the laws of the United States of America that the
25 foregoing is true and correct.
26 Dated: August 8/29/2025 _____, 2025          *Timothy Lindquist*
27                                                  Timothy Lindquist
28