| | |
|---|---|
| 1 | GRELLAS SHAH LLP |
| 2 | DHAIVAT H. SHAH, ESQ. (SBN 196382) |
|   | (ds@grellas.com) |
| 3 | DAVID I. SIEGEL, ESQ. (SBN 264247) |
|   | (dsiegel@grellas.com) |
| 4 | JOSEPH B. PALMIERI, ESQ. (SBN 312725) |
|   | (jp@grellas.com) |
| 5 | 550 California St., Suite 1040 |
|   | San Francisco, CA 94104 |
| 6 | Telephone: (408) 255-6310 |
| 7 | Facsimile: (408) 255-6350 |
| 8 | Attorneys for Plaintiff and Counterdefendant |
|   | IMPLICIT CONVERSIONS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation, | Case No. 3:24-cv-03744-WHO |
| Plaintiff, | **REPLY DECLARATION OF JOSEPH B. PALMIERI IN SUPPORT OF MOTION FOR SANCTIONS** |
| vs. | |
| JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, and DOES 1-10, inclusive, | Hearing Date: September 17, 2025<br>Time: 2:00 p.m.<br>Judge: William H. Orrick<br>Courtroom: 2 - 17th Floor |
| Defendants. | Date Action Filed: June 21, 2024<br>Trial Date: January 5, 2026 |
| JACOB STINE, an individual; JUANITA TRAVER STINE, an individual, | JURY TRIAL DEMANDED |
| Counterclaimants, | |
| vs. | |
| IMPLICIT CONVERSIONS, INC, a Delaware Corporation; and ROBIN LAVALLEE, an individual, | |
| Counterdefendants. | |

I, Joseph B. Palmieri, hereby declare:

1. I am a member in good standing of the bar of the State of California and an associate with the law firm of Grellas Shah LLP, counsel for Plaintiff and Counterdefendant Implicit Conversions, Inc. ("Implicit"). I have personal knowledge of the matters stated herein and if called as a witness, I could and would testify thereto.

2. On May 30, 2025, defendant Juanita Traver Stine sat for oral deposition. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the transcript from the May 30, 2025 deposition of Juanita Stine.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on September 2, 2025.

/s/ *Joseph B. Palmieri*
Joseph B. Palmieri, Esq.

# Exhibit 1

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION
---oOo---

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., a Delaware Corporation, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : 3:24-cv-03744-WHO |
| | : |
| JACOB STINE, an individual, JUANITA TRAVER STINE, an individual, and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| _____ | : |

CONFIDENTIAL VIDEO-RECORDED
DEPOSITION OF JUANITA TRAVER STINE
May 30, 2025

Job No. 1330107
Stenographically reported by:
LAURA AXELSEN, CSR NO. 6173
   RMR, CCRR, CRR, CRC, RDR



```
                                                              Page 2
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                       ---oOo---
 5   IMPLICIT CONVERSIONS, INC., a     :
     Delaware Corporation,             :
 6                                     :
                  Plaintiff,           :
 7                                     :
              vs.                      : 3:24-cv-03744-WHO
 8                                     :
     JACOB STINE, an individual ,      :
 9   JUANITA TRAVER STINE, an          :
     individual, and DOES 1-10,        :
10   inclusive,                        :
                                       :
11                                     :
                  Defendants.          :
12   _____   :
13        BE IT REMEMBERED THAT, pursuant to Notice and
14   on Friday, May 30, 2025 at 9:02 a.m. thereof at One
15   Sansome Street, Suite 3500, San Francisco,
16   California, before me, LAURA AXELSEN, a Certified
17   Shorthand Reporter, personally appeared
18                  JUANITA TRAVER STINE,
19   called as a witness by the Plaintiff.
20                       ---oOo---
21
22
23
24
25
```



```
                                                          Page 3
 1                        APPEARANCES
 2
 3   FOR THE PLAINTIFF:
 4
 5        GRELLAS SHAH LLP
 6        BY: JOSEPH B. PALMIERI, ESQ.
 7        20400 Stevens Creek Blvd, Suite 280
 8        Cupertino, California 95014
 9        jp@grellas.com
10
11   FOR THE DEFENDANTS:
12
13        STRUCTURE LAW GROUP, LLP
14        BY: JACKIE FORD, ESQ.
15        1754 Technology Drive, Suite 135
16        San Jose, California 95110
17        jford@structurelaw.com
18
19        There also being present Dhaivat Shah, Karen
20   Rothschild, and Marcus Major, videographer.
21
22                         ---oOo---
23
24
25
```



```
                                                          Page 4
 1                            INDEX
 2
 3                                                          PAGE
 4   EXAMINATION BY MR. PALMIERI                              7
 5
 6                          ---oOo---
 7
 8                      INDEX OF EXHIBITS
 9
10   EXHIBIT       DESCRIPTION                              PAGE
11
12   Exhibit 15    Email string, top email dated 14          48
13                 juin 2024 to Jake Stine from
14                 Robin Lavallee
15   Exhibit 16    Confidential and Information and         121
16                 Invention Assignment Agreement
17   Exhibit 17    Declaration of Juanita Traver            150
18                 Stine in Support of Defendants'
19                 Opposition to Plaintiff's Motion
20                 for Temporary Restraining Order
21   Exhibit 18    Unanimous Written Consent of the         175
22                 Board of Directors of Implicit
23                 Conversions, Inc., a Delaware
24                 corporation
25   Exhibit 19    Slack Messages                           209
```



```
                                                              Page 5
 1   Exhibit 20    Performance Review Letter                    211
 2                 Dispute and Formal Complaint
 3
 4
 5                        ---oOo---
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



MAGNA LEGAL SERVICES

Page 6

1            VIDEOGRAPHER:  Good morning.  We are now
2   on the record.  The time is 9:02 a.m.  Today's date
3   is May 30th, 2025.  This marks the beginning of
4   Media File No. 1 in the deposition of Juanita Traver
5   Stine in the matter of Implicit Conversions, Inc.,
6   versus Jacob Stine, et al., Case No.
7   3:24-CV-03744-WHO.  We are located at One Sansome
8   Street, Suite 3500, San Francisco, California.
9            My name is Marcus Major, the videographer,
10  with Magna Legal Services.  Will all counsel present
11  please introduce themselves, starting with the
12  noticing attorney.
13           MR. PALMIERI:  Joseph Palmieri, with the
14  law firm Grellas Shah, for Implicit Conversions,
15  Inc.  I'm joined by my colleague, Dhaivat Shah.
16           MS. FORD:  Good morning.  Jackie Ford on
17  behalf of Juanita Traver Stine and defendant Jacob
18  Stine.  Also here from my law office is Karen
19  Rothschild.  We're Structure Law Group, LLP.
20           VIDEOGRAPHER:  Thank you.  Will the court
21  reporter please introduce herself and swear in the
22  witness.
23           THE REPORTER:  I am Laura Axelsen, CSR No.
24  6173.
25                  JUANITA TRAVER STINE



Page 7

1           having been duly sworn/affirmed
2              under penalty of perjury
3                testified as follows:
4           EXAMINATION BY MR. PALMIERI
5           MR. PALMIERI:   Q.   Good morning,
6    Ms. Traver Stine.  I want to go over some ground
7    rules for today's deposition.  Is that okay?
8        A.    Yes.
9        Q.    First, have you ever been deposed before?
10       A.    No.
11       Q.    Okay.  Just so you know, this deposition
12   is being recorded by a court reporter.  So please
13   answer orally.  No head shaking or other gestures.
14       A.    Okay.
15       Q.    And when you speak, please do not speak
16   over anyone else because it makes it difficult for
17   the court reporter to get a clean transcript.
18             If you need to take a break, please let me
19   know, but you'll need to finish your answer to the
20   question before we can take a break.
21             During the course of the deposition, your
22   counsel may make objections.  If she makes an
23   objection, you must still answer my question unless
24   she directs you not to answer.
25             Do you understand?



Page 45

1  Robin a friend, why do you think he would try to
2  hurt you in any way?
3       A.   I think that he was trying to harass
4  myself and Jake.
5       Q.   Do you typically harass your friends?
6       A.   I don't harass my friends.
7       Q.   So what do you think Mr. Lavallee's
8  motivation would be to harass you?
9       A.   I think that he believed that Jake did
10 something to remove Robin's access to Implicit in
11 some way, and that Robin was trying to get back at
12 us for that.
13      Q.   So do you think Mr. Stine did remove
14 Robin's access to the Implicit computer system?
15      A.   I don't know.
16      Q.   So you said you don't know if Mr. --
17 Mr. Stine removed Mr. Lavallee's access to any
18 Implicit computer systems, correct?
19      A.   That's correct.
20      Q.   And, to your knowledge, Mr. Stine was
21 terminated on June 14th, 2024, correct?
22      A.   Correct.
23      Q.   Putting aside you not knowing whether or
24 not he removed -- Mr. Stine removed Lavallee's
25 access, do you have any knowledge about whether or



Page 46

1  not Mr. Stine accessed the Implicit computer
2  networks after -- after his access was revoked post
3  termination?
4      A.   I don't.
5      Q.   And at that time, on June 14th, 2024,
6  you were currently employed by Implicit, correct?
7      A.   Yes.
8      Q.   You were the human resources generalist?
9      A.   Yes.
10     Q.   And you were aware that there were
11 accusations that Mr. Stine had unauthorized access
12 into the Implicit computer networks?
13     A.   Objection; vague as to time.
14     Q.   On June 14th from -- from June 14th,
15 2024 -- strike that.
16          At what point did you become aware that
17 there were accusations that Mr. Stine had
18 unauthorized access to the Implicit computer
19 networks?
20     A.   I believe that there were accusations on
21 Slack from Robin.
22     Q.   You saw those Slack messages?
23     A.   I saw Slack messages.
24     Q.   And do you know, roughly, when that was --
25 those Slack messages that you saw, what they were



Page 47

```
 1   dated?
 2        A.   There were Slack messages that were going
 3   out on that same evening.
 4        Q.   So the evening of June 14th, 2024, you
 5   were aware of these accusations?
 6        A.   I was aware that there were messages.
 7        Q.   And do you recall what those messages
 8   said?
 9        A.   There were messages that were something to
10   the effect of wanting to address the elephant in the
11   room.
12        Q.   What's your understanding of the elephant?
13        A.   That something had occurred that Jake was
14   no longer on Slack.
15        Q.   And on the evening of June 14th, 2024,
16   were you aware that Mr. Stine was terminated by
17   Implicit?
18        A.   I believe there was an email that Robin
19   had sent out to everyone, but I don't remember what
20   date that was.
21        Q.   Another exhibit.  So to clarify, the
22   evening of June 14th, 2024, do you know, yes or
23   no, whether Mr. Stine was terminated by Implicit?
24        A.   I believe so.
25        Q.   You believe so or --
```



Page 94

```
 1        A.    I don't recall.
 2        Q.    Okay.  Do you recall in Jake's deposition
 3   when he said that he entered the Implicit computer
 4   networks using his -- using your password and that
 5   subsequently disabled Mr. Lavallee's access?
 6        A.    Not really.  I'm sorry.
 7        Q.    Okay. When were you terminated from
 8   Implicit?
 9        A.    On June 24th.
10        Q.    Okay.  And do you have any idea of why you
11   were terminated?
12        A.    Yes.
13        Q.    And why is that?
14        A.    Why do I believe I was terminated or why
15   was --
16        Q.    What's your opinion of why you were
17   terminated?
18        A.    Because I'm Jake's wife.
19        Q.    What was communicated about why you were
20   terminated?
21        A.    I don't remember exactly, actually.
22        Q.    Has Mr. Stine ever asked for your password
23   before?
24        A.    Yes.
25        Q.    Do you have any idea what he's used your
```



Page 225

CERTIFICATE

I, the undersigned, a Certified Shorthand Reporter, State of California, hereby certify that the witness in the foregoing deposition was by me first duly sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of the said witness was reported by me, a disinterested person, and was thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete, and true record of said testimony; and that the witness did not request an opportunity to read it and, if necessary, correct said deposition and to subscribe the same.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing deposition and caption named, nor in any way interested in the outcome of the cause named in said caption.

Executed this 9th day of June, 2025.

_____
LAURA AXELSEN, C.S.R. 6173.

