UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT CONVERSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACOB STINE, et al., <br><br> Defendants. | Case No. 24-cv-03744-WHO <br><br> **ORDER REGARDING DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 119 |

The parties are at odds over whether plaintiff Implicit Conversions, Inc. ("Implicit" or "plaintiff") properly identified the trade secrets they claim to be relevant to this dispute. Dkt. No. 119 (Joint Letter). Defendants Jacob Stine, Juanita Traver Stine, and Project Canyon, LLC (collectively, "defendants") contend that in response to an interrogatory requesting that Implicit "identify separately and with reasonable particularity each trade secret" alleged to be misappropriated, Implicit provided "74 separate repositories" of source code containing "over 51,000 separate files." Joint Letter 1. They assert that much of this code is not owned by Implicit but is rather open-source code or code owned by third parties. *See* Joint Letter 1–2. As a result, they claim that Implicit improperly identified the entirety of the 51,000 files to be a trade secret—despite only parts of the repository being original work product—and thus failed to identify its trade secrets with reasonable particularity. *See* Joint Letter 2.

Implicit responds that it has satisfied its discovery burdens in full. Joint Letter 3. While Implicit does not dispute that the repository contained open-source code, it contends that identifying *only* its original code would be "reductive and incomplete," as the code "must be viewed in the context of the entire repository" to make sense. Joint Letter 4–5. Even so, Implicit argues that "[a]dding or modifying open-source code does not preclude trade secret protection,"

1   and that it is "defendants' burden, likely through an expert," to identify whether Implicit's

2   modification of open-source code amounts to a trade secret.  *Id.*  Such claims are not proper for a

3   discovery motion, Implicit asserts, but are more apt for summary judgment or trial.  Joint Letter 5.

4       Defendants asked Implicit to identify "separately and with reasonable particularity each

5   trade secret" alleged to be misappropriated.  Joint Letter 1.  Implicit subsequently provided

6   defendants with its repositories, the entire audit history of the source code, and an explanation for

7   why its original source code could not be produced by itself.  *See* Joint Letter 4.  While both

8   parties acknowledge that portions of the repository contain open-source or third-party code, the

9   presence of such code should not inhibit defendants from comparing the original and modified

10  versions of the code to determine Implicit's trade secrets.  Whether Implicit's source code is, in

11  fact, a trade secret, is a merits issue; a discovery motion is not the proper forum to raise these

12  claims at this stage of litigation.  Furthermore, as Implicit argues, this dispute is untimely, raised

13  for the first time after the August 11, 2025 deadline to file motions for discovery disputes.

14      Accordingly, I will not order Implicit to re-identify its trade secrets at this time.

15  **IT IS SO ORDERED.**

16  Dated: September 8, 2025

William H. Orrick
United States District Judge